UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN DOE,
       Plaintiff,

v.

MUTUAL OF OMAHA INSURANCE COMPANY,
       Defendant.

C.A. No. 16-11381

## NOTICE OF REMOVAL

Defendant Mutual of Omaha Insurance Company ("Mutual of Omaha") pursuant to 28 U.S.C. § 1441, *et seq.* removes this civil action commenced in the Superior Court of the Commonwealth of Massachusetts, Suffolk County, entitled *John Doe v. Mutual of Omaha Insurance Company*, C.A. No. 16-1720G, to this Court. In support of removal, Mutual of Omaha respectfully states:

1. Plaintiff commenced this action by filing the Complaint in the Massachusetts Superior Court, Middlesex County, on or about June 1, 2016. Plaintiff alleges discrimination with respect to a denied application for long-term care insurance. See Exhibit A, Complaint at ¶¶ 1, 7-8.

2. Plaintiff filed his case in Superior Court using his real name and, at the same time, also moved to proceed under a pseudonym. The Superior Court granted Plaintiff's motion and allowed him to proceed as John Doe.[1]

3. On or about June 14, 2016, Mutual of Omaha's counsel received the Complaint and

---

[1] Mutual of Omaha has moved jointly with Plaintiff for relief from requirements of the federal removal statute and local rules to allow Mutual of Omaha to file this Notice of Removal with only the state court papers containing Plaintiff's pseudonym.

Summons from Plaintiff's counsel by email. Mutual of Omaha accepted service on or about June 17, 2016.

4. Mutual of Omaha has reasonably complied with 28 U.S.C. § 1446(a), by providing a copy of all "process, pleadings, and orders" with Plaintiff's pseudonym that Mutual of Omaha received from Plaintiff. Copies are attached hereto as Exhibit A.

5. Beyond filing and serving the Complaint, Summons, and the Motion to Proceed Under a Pseudonym, there have been no other proceedings in the state court action.

6. Plaintiff is alleged to be a resident of Boston, Massachusetts. Exhibit A, Complaint at ¶ 7.

7. Mutual of Omaha's state of incorporation is Nebraska. Its principal place of business is in Omaha, Nebraska. Exhibit A, Complaint at ¶ 5.

8. In his Complaint, Plaintiff prays for, *inter alia*, declaratory relief requiring Mutual of Omaha to issue "the long-term care insurance that [Plaintiff] applied for . . . and with the same terms and rates he would have received had his original application been accepted." Exhibit A, Complaint at Requests for Relief, ¶ 2.

9. Plaintiff applied for a long-term case insurance policy providing coverage of $6,000 per month for a five-year benefit period. The total benefit and therefore the face value of the policy is $360,000 ($6,000 x 12 months x 5 years). For purposes of the amount in controversy where the matter concerns the validity of a policy, the applicable amount is the face value of the policy: "A clear majority of courts have adopted the view that where the controversy relates to the validity of [an insurance] policy and not merely to the liability for the benefits accrued, the amount involved is necessarily the face of the policy." Wilbert v. UNUM Life Ins. Co., 981 F. Supp. 61 (D.R.I. 1997) (holding in a "suit to compel reinstatement of the policies" that could provide monthly disability

payments of $5150.00 and $5750.00, respectively, up to an amount exceeding $1,000,000.00 each clearly satisfied the $75,000 amount in controversy requirement). In other words, the "decisive factor [for deciding amount in controversy] is the difference between insurance company's contractual obligation if the policies are not reinstated and its contractual obligation if they are." See Oshry v. Mutual Life Ins. Co. of N.Y., 27 F. Supp. 237 (D. Mass. 1939). Here, Mutual of Omaha may be obligated to issue coverage of up to $360,000 if Plaintiff were to prevail on his claims. See also Porter v. American Heritage Life Ins. Co., 956 F.Supp.2d 344 (D.R.I. 2013) (emphasizing that "[i]f the object of the litigation is to re-establish the operation of the policy for all purposes, the full face value of the policy is at stake for the insurance company, and is, therefore, the amount in controversy . . . . [h]owever, if something less than the full reinstatement of the policy is the plaintiff's goal, then the insurance company likely has less at stake.").

10. Also, if Plaintiff prevails, he may claim attorneys' fees. M.G.L. c. 151B § 9. As such, his attorneys' fees are properly considered as part of the amount in controversy. See Spielman v. Genzyme Corp., 251 F.3d 1, 7 (1st Cir. 2001) (holding that when a statute mandates or allows payment of attorneys' fees they may be included in the calculation).

11. Because the parties are alleged to be citizens of different states and because the amount in dispute, by a preponderance of the evidence, exceeds $75,000.00 exclusive of interest and costs, this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332(a).

12. The action may therefore be removed to this Court pursuant to 28 U.S.C. § 1441(a).

13. Pursuant to 28 U.S.C. § 1446(b), removal is timely filed within thirty days after the receipt by Mutual of Omaha through service or otherwise, of the initial pleading setting forth the claims for relief.

14. The Massachusetts Superior Court, Suffolk County, is located within the United States District Court for the District of Massachusetts. Venue is proper in this Court pursuant to 28 U.S.C. §1441(a) because this is the "district and division embracing the place where such action is pending."

15. Pursuant to 28 U.S.C. § 1446(d), Mutual of Omaha is on this day, filing a copy of this Notice of Removal with the Massachusetts Superior Court and serving notice on Plaintiff's counsel.

16. There are no other defendants in this case and therefore no further consent for removal of this action is required.

17. By filing this Notice, Mutual of Omaha does not waive its right to object to service, service of process, the sufficiency of process, venue, or jurisdiction, and specifically reserves the right to assert any defenses and/or objections to which it may be entitled.

WHEREFORE, Mutual of Omaha respectfully requests that the above-captioned action stand removed from the Massachusetts Superior Court to this Court.

Respectfully Submitted,
MUTUAL OF OMAHA INSURANCE COMPANY, by its attorneys,

Date: July 1, 2016

*/s/ Brooks R. Magratten*
Brooks R. Magratten, Esq.  BBO#650393
Mark A. Pogue, Esq.  BBO#550807
Katharine E. Kohm, Esq.  BBO#675362
PIERCE ATWOOD LLP
72 Pine Street, 5th Floor
Providence, RI  02903
(401) 490-3422
(401) 588-5166 (fax)
bmagratten@pierceatwood.com
mpogue@pierceatwood.com
kkohm@pierceatwood.com

{W5604666.2}

4

## CERTIFICATE OF SERVICE

I certify that the within document was electronically filed with the clerk of the court on July 1, 2016, and that it is available for viewing and downloading from the Court's ECF system. Service by electronic means has been effectuated on all counsel of record.

Bennett H. Klein, BBO# 550702
GLBTQ Legal Advocates & Defenders
30 Winter St. Suite 800
Boston, MA 02108
617-426-1350
bklein@glad.org

John P. Ward, BBO# 515860
Law Offices of John P. Ward
584 Castro St., No. 802
San Francisco, CA 94114
415-255-4996
johnpward@gmail.com

                                                */s/ Brooks R. Magratten*