UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE,<br>   Plaintiff,<br><br>  v.<br><br>MUTUAL OF OMAHA INSURANCE COMPANY,<br>   Defendant. | No. 1:16-cv-11381-GAO |

## ANSWER

Defendant Mutual of Omaha Insurance Company ("Mutual of Omaha") responds to the allegations of Plaintiff's Complaint as follows:

### FIRST DEFENSE

1. Answering the first sentence of paragraph 1, alleges that Plaintiff purports to bring this action under Mass. Gen. Laws ch. 272, § 98 for discrimination in access to a place of public accommodation.  Except as so alleged, denies the remaining allegations of that sentence.

2. Admits the second sentence of paragraph 1, as well as paragraphs 2, 5, 8-10, 12, 13, 18 and 19.

3. Answering the third sentence of paragraph 1, alleges that Plaintiff provided Mutual of Omaha with articles on the effectiveness of PrEP.  The terms of those articles speak for themselves and require no further comment or characterization from Mutual of Omaha.  Except as so alleged, denies the remaining allegations of that sentence.

4. Denies the fourth sentence of paragraph 1, as well as paragraphs 3, 6, 23, 25-29, 33 and 35.

5.      The allegations of paragraphs 4, 31 and 32 state conclusions of law for which no response is required.  To the extent the Court may otherwise construe those paragraphs, they are denied.

6.      Answering the allegations of paragraph 7, alleges that Plaintiff submitted an application to Mutual of Omaha jointly with another individual.  The application listed the 88 Kingston Street, Boston, Massachusetts address.  Except as so alleged, denies the remaining allegations of that paragraph.

7.      Answering the allegations of paragraph 11, alleges that Plaintiff sent Mutual of Omaha articles on the uses and effectiveness of Truvada.  The terms of those articles speak for themselves and require no further comment or characterization by Mutual of Omaha.  Except as so alleged, denies the remaining allegations of that paragraph.

8.      Answering the allegations of paragraph 14, alleges that the United States Centers for Disease Control and Prevention ("CDC") website hosts reports and articles on Truvada.  The terms of those reports and articles speak for themselves and require no further comment or characterization by Mutual of Omaha.  Except as so alleged, denies the remaining allegations of that paragraph.

9.      Answering the allegations of paragraphs 15 and 16, alleges that reports and articles have been written about Truvada in the scientific and medical communities.  The terms of those reports and articles speak for themselves and require no further comment or characterization by Mutual of Omaha.  Except as so alleged, denies the remaining allegations of those paragraph.

10.     Lacks knowledge or information sufficient to form a belief as to the truth of paragraphs 17 and 22.

{W5620595.1}

11. Answering the allegations of the first sentence of paragraph 20, alleges that Mutual of Omaha received a letter dated March 30, 2015, from Plaintiff appealing the denial of his application for LTC coverage. The terms of that letter speak for themselves and require no further comment or characterization by Mutual of Omaha. Except as so alleged, denies the remaining allegations of that sentence.

12. Answering the allegations of the second sentence of paragraph 20, alleges that Mutual of Omaha received a letter dated March 26, 2015, from Plaintiff's physician regarding Plaintiff's Truvada prescription. The terms of that letter speak for themselves and require no further comment or characterization by Mutual of Omaha. Except as so alleged, denies the remaining allegations of that paragraph.

13. Answering the allegations of paragraph 21, alleges that Mutual of Omaha sent Plaintiff a letter dated April 22, 2015, regarding the denial of his application for LTC coverage. The terms of that letter speak for themselves and require no further comment or characterization by Mutual of Omaha. Except as so alleged, denies the remaining allegations of that paragraph.

14. Answering the allegations of paragraph 24, alleges that Truvada is indicated as a means of preventing and treating HIV infection. Except as so alleged, denies the remaining allegations of that paragraph.

15. Repeats and realleges its responses to paragraphs 1-29 in response to paragraphs 30 and 34.

## SECOND DEFENSE

16. Plaintiff has failed to state a claim upon which relief may be granted.

## THIRD DEFENSE

17.     Plaintiff's claims are barred because Plaintiff was not disabled nor regarded as disabled.

## FOURTH DEFENSE

18.     Plaintiff's claims are barred because Mutual of Omaha is not a place of public accommodation.

## FIFTH DEFENSE

19.     Plaintiff's claims are barred because Mutual of Omaha's actions were based on legitimate underwriting business considerations.

## SIXTH DEFENSE

20.     This Court may not construe M.G.L. c. 151B so as to restrict Mutual of Omaha's classification of Truvada use as an uninsurable risk.

WHEREFORE, Defendant Mutual of Omaha demands judgment dismissing the Complaint with prejudice and an award of attorney's fees, costs and such further relief as the Court may deem appropriate.

*/s/ Brooks R. Magratten*
Brooks R. Magratten, Esq.  BBO#650393
Mark A. Pogue, Esq.  BBO#550807
Katharine E. Kohm, Esq.  BBO#675362
PIERCE ATWOOD LLP
72 Pine Street, 5th Floor
Providence, RI  02903
(401) 490-3422
(401) 588-5166 (fax)
bmagratten@pierceatwood.com
mpogue@pierceatwood.com
kkohm@pierceatwood.com

*Attorneys for Defendant Mutual of Omaha Insurance Company*

Date:  July 5, 2016

{W5620595.1}

4

## **CERTIFICATE OF SERVICE**

   I certify that the within document was electronically filed with the clerk of the court on July 5, 2016, and that it is available for viewing and downloading from the Court's ECF system.  Service by electronic means has been effectuated on all counsel of record.

                */s/ Brooks R. Magratten*