UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE,<br> Plaintiff<br><br>v.<br><br>MUTUAL OF OMAHA<br>INSURANCE COMPANY,<br> Defendant | No. 1:16-cv-11381-GAO |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO REMAND THE CASE TO STATE COURT**

Pursuant to 28 U.S.C. § 1447 (c), Plaintiff John Doe moves to remand this case to state court on the basis that this Court lacks subject matter jurisdiction because the $75,000 amount in controversy requirement of diversity jurisdiction in 28 U.S.C. § 1332 (a) is not satisfied here.

**INTRODUCTION AND SUMMARY OF ARGUMENT**

This case is a state law discrimination claim arising from defendant Mutual of Omaha Insurance Company's (Mutual) refusal to issue a long-term care insurance policy. The case was originally filed in Massachusetts Superior Court for Suffolk County on June 1, 2016. The plaintiff, John Doe (Doe), alleges that Mutual has a blanket policy of rejecting applicants for long-term care insurance who take Truvada, a medication that virtually eliminates the risk of HIV transmission to persons, like Doe, who are currently free from HIV disease.[1] Doe contends that this blanket exclusion violates the Massachusetts Public Accommodation Act (M.G.L. c. 272, § 98) because it constitutes impermissible discrimination based on both disability and sexual orientation. The complaint does not seek damages. Rather, Doe seeks to enjoin Mutual

---

[1] Truvada is also known as PrEP, or "Pre-exposure prophylaxis."

1

from treating him differently from any other applicant for long-term care insurance solely because he takes Truvada.

On July 1, 2016, Mutual filed a Notice of Removal in this Court, alleging that this Court has jurisdiction based on diversity of citizenship. *See* 28 U.S.C. §§ 1332, 1441. Doe does not dispute diversity of citizenship. However, as will be seen in the pages that follow, Mutual has not met its burden of establishing federal jurisdiction by demonstrating a reasonable probability that the amount in controversy in this case is $75,000 or more. *See* 28 U.S.C. § 1332 (b). Mutual asserts that the face value of the policy that Doe seeks to obtain is $360,000. Whether accurate or not, that is irrelevant because it is settled law that the jurisdictional amount requirement is met only if the amount obtained by the prevailing party will flow *directly* from a judgment in its favor. In the present case, all that Doe seeks, indeed, all he could legitimately seek, is to enjoin Mutual from denying coverage *a priori,* solely because Doe takes Truvada. If he obtains that relief, he must still meet all of the underwriting requirements that Mutual imposes on any applicant for long-term care insurance. Thus, Mutual's liability and Doe's potential benefit are contingent on an event outside the scope of this lawsuit, and this contingent liability is not sufficient to meet the amount in controversy requirement. *See* Argument, § I, A & B, *infra.* Mutual also contends that the jurisdictional amount can be satisfied by the attorney's fees that Doe might be awarded if he prevails. However, Mutual does not even attempt to demonstrate that any such fees will amount to $75,000 or more. *See* Argument, § I, C, *infra*.

In sum, Mutual's grounds supporting removal are based on an incorrect legal theory and a pure guess on the amount of attorneys' fees in the event that Doe prevails. Neither of these attempts comes close to establishing that the jurisdictional amount in controversy requirement has been met.

# ARGUMENT

I. **THIS COURT SHOULD REMAND THE CASE BECAUSE MUTUAL CANNOT DEMONSTRATE A REASONABLE PROBABILITY THAT THE VALUE OF DOE'S REQUESTED INJUNCTIVE RELIEF EXCEEDS $75,000.**

A. **Principles For Assessing the Amount in Controversy in Diversity Cases.**

The framework and principles for determining the amount in controversy in diversity jurisdiction cases are well-established. First, Mutual, as the "party invoking federal jurisdiction has the burden of establishing that the court has subject matter jurisdiction over the case." *Amoche v. Guarantee Trust Life Ins. Co.,* 556 F.3d 41, 48 (1st Cir. 2009). This means that Mutual must prove that there is a "reasonable probability" that the amount in controversy meets the jurisdictional minimum of $75.000. *Issokson v. OneWest Bank,* FSB, 2013 U.S. Dist. LEXIS 2729, *4 (D. Mass. 2013).[2] In cases such as this one, where the plaintiff seeks injunctive relief and no monetary damages are sought, the amount in controversy is measured "by the judgment's pecuniary consequences to those involved in the litigation." *Richard C. Young & Co., Ltd. v. Leventhal*, 389 F.3d 1, 3 (1st Cir. 2004).

Second, in determining whether the jurisdictional amount has been satisfied, this Court must have a "necessary bias in favor of remand." *Porter v. Am. Heritage Life Ins. Co.,* 956 F. Supp. 2d 344, 348 (D. R.I. 2013). "[F]ederal courts have a particular responsibility to police the border of federal jurisdiction, because the Constitution limits the jurisdiction of federal courts …

---

[2] Although the First Circuit has yet to decide the removing party's burden when meeting the amount in controversy requirement in diversity cases, courts in this district have followed the standard the First Circuit set out for assessing the amount in controversy in class actions: that there is a "reasonable probability" that the amount in controversy will exceed the jurisdictional amount. *See, e.g., Herbert H. Landy Ins. Agency, Inc. v. Navigators Mgmt. Co.,* 2014 U.S. Dist. LEXIS 112994, *8 (D. Mass. 2014), citing *Amoche*, 556 F.3d at 48; *Youtsey v. Avibank Mfg.,* 734 F. Supp. 2d 230, 236 (D. Mass. 2010).

and Congress has further limited [their] jurisdiction by periodically increasing the amount-in-controversy minimum for diversity cases." *Youtsey,* 734 F. Supp. at 233 (internal quotations omitted). For this reason "any doubts in the evidence should be construed in favor of remand." *Issokson*, 2013 U.S. Dist. LEXIS at *5. See also Herbert *H. Landy Ins. Agency, Inc.*, 2014 U.S. Dist. LEXIS at *9. "[A]s the First Circuit has repeatedly stated, the 'removal statute should be strictly construed against removal.'" *Youtsey,* 734 F. Supp. at 233 (quoting *Rossello-Gonzalez v. Calderon-Serra*, 398 F.3d 1, 11 (1st Cir. 2004)). *See also Issokson,* 2013 U.S. Dist. LEXIS at *4 ("[T]he removal statute should be strictly construed, and any doubts about the propriety of removal should be resolved against the removal of an action.") A corollary to this principle, which flows from "the basic Constitutional premise that federal courts are courts of limited jurisdiction vested with a responsibility to 'rigorously enforce the jurisdictional limits that Congress chooses to set in diversity cases,'" is that a plaintiff in a diversity case is empowered to limit or eliminate a claim for damages in order to defeat federal jurisdiction. *Satterfield v. F.W. Webb, Inc.*, 334 F. Supp. 2d 1, 5 (D. Me. 2004) (quoting *Coventry Sewage Assocs. v. Dworkin Realty Co.*, 71 F.3d 1, 4, (1st Cir. 1995)).

Finally, "determining whether a case belongs in federal court should be done quickly, without an extensive fact-finding inquiry." *Spielman v. Genzyme Corp.,* 251 F.3d 1, 4 (1st Cir. 2001). *See also Herbert*, 2014 U.S. Dist. LEXIS at *9 (same).

> B. **Properly Construed, Doe's Complaint Does Not Meet the Jurisdictional Amount in Controversy.**

The standard for assessing the amount in controversy in injunctive relief cases is also well established. The amount-in-controversy requirement is "measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977). "Such value is determined based on the judgment's 'pecuniary consequences to those involved in

the litigation.'" *Issokson*, 2013 U.S. Dist. LEXIS at *6 (quoting *Richard C. Young & Co.*, 389 F.3d at 3). Mutual contends that the jurisdictional amount is easily met in this case, pointing to the assessed $360,000.00 face amount of the policy that Doe seeks. However, Mutual loses sight of the fact that the relief that Doe seeks, if he obtains it, will not, in and of itself, put a long-term care policy in his hands. It will simply enjoin Mutual from treating him differently from any other applicant because Doe takes Truvada. He must still meet all the other underwriting requirements that Mutual may legitimately impose. It is settled that when "jurisdiction depends upon the amount in controversy, it is determined by the amount involved in the particular case, and not by any contingent loss either one of the parties may sustain by the probative effect of the judgment, however certain it may be that such loss will occur." *New England Mortg. Sec. Co. v. Gay*, 145 U.S. 123, 130 (1892). *See also* 14AA Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Practice and Procedure, Jurisdiction and Related Matters* § 3710 (3d ed. 2009) ("The proper rule is that the amount in controversy is the amount involved as a direct *legal* effect of the potential judgment") (emphasis added). In the present case, the direct legal effect of the requested relief will be that Mutual must consider Doe's application without regard to its discriminatory policy. Although Doe may or may not obtain a long-term care insurance policy once Mutual evaluates his application on that basis, what matters for the amount in controversy is the direct effect of the judgment and not its possible, or even probable, future consequences. This principle dictates that this case must be remanded to state court.

      The cases Mutual cites in support of a contrary conclusion are simply not on point. They all involves situations in which there is an insurance policy already in being, and the issue is the validity of that policy. In each of these cases, a policy has been issued and then has lapsed or been cancelled. The insured sues for reinstatement or for declaratory judgment as to the validity

of the policy.[3] Such cases, including the three cited in the Notice of Removal, state the rule that: "If the object of the litigation is to re-establish the operation of the policy for all purposes, the face value of the policy is at stake for the insurance company, and is, therefore, the amount in controversy." *Porter*, 956 F. Supp. 2d at 348. This rule makes sense when there has been a policy in effect and the claim is to bring the policy back to life. However, it has no applicability in this case, where there has never been a policy and no legal guarantee that one will issue. *See, e.g., Francis v. Madison Nat'l Life Ins. Co.*, 2009 U.S. Dist. LEXIS 66121, *7 (S.D. Mich. 2009) ("'[F]uture potential benefits' under a disability policy may be included in an amount-in controversy determination only if the validity of the underlying policy is in dispute.") (quoting *Massachusetts Casualty Insurance Co. v. Harmon,* 88 F.3d 415, 416 (6th Cir. 1996)).

The present case does not involve a claim for breach of insurance contract, reinstatement, or for a declaratory judgment of rights under an existing insurance policy. It is a discrimination case, pure and simple. The relief that Doe seeks is to enjoin Mutual from discriminating against him because he takes Truvada. The relief sought is that the Court:

> Enter a permanent injunction enjoining Mutual of Omaha from categorically excluding from its long-term care insurance individuals, including Doe, who take the medication Truvada as prevention for HIV.

Complaint, Request for Relief Number 1. This request is mirrored in Doe's second request for relief:

> Order that Mutual of Omaha provide Plaintiff John doe with the long-term care insurance that he applied for, *without excluding him or treating him differently based on his use of the medication Truvada*, and with the same terms and rates he would have received had his original application been accepted.

---

[3] Mutual incorrectly states that Doe has made a claim for declaratory relief. *See* Notice of Removal at ¶ 9. There is no such claim in this case.

Complaint, Request for Relief Number 2. The italicized language was omitted by Mutual (*See* Notice of Removal at ¶ 8) and it makes clear that the second request for relief is derivative of Doe's first request and seeks only the non-discriminatory treatment of his application.

It is, of course, true that Doe applied for a long-term care insurance policy. But that is not sufficient to satisfy the amount in controversy requirement. The direct legal effect of a judgment in his favor is to end the differential treatment he was subjected to. A judgment in Doe's favor will not bring any long-term care insurance policy into effect. The existence, let alone the value, of any policy is contingent on events that will occur beyond the operation of the judgment in this case. That is not enough to bring this case into the ambit of the cases applying the "face value" rule when the judgment itself affirms the validity of an existing policy. Mutual has made no argument why the court should make such a leap in this case.

Because Mutual has not demonstrated a reasonable probability that the amount in controversy in this case is $75,000 or more, this Court should remand this case to state court.

      **C.**    **This Court Should Disregard Mutual's Bare, Unsupported Assertion That Plaintiff's Attorneys' Fees Satisfy the Amount- In-Controversy Requirement.**

Mutual asserts that plaintiff's "attorneys' fees are properly considered as part of the amount in controversy." Notice of Removal at ¶ 10. It offers nothing more. While attorneys' fees may be included in the amount in controversy when provided for by state statute, *Raymond v. Lane Constr. Corp.*, 527 F. Supp. 2d 156, 159 (D. Maine 2007), Mutual's bare assertion is wholly inadequate. A court cannot give weight to defendant's "musings about potential fees." *Youtsey*, 734 F. Supp. 2d at 238. Because the defendant has the burden of demonstrating the amount in controversy, defendant's "*own* naked speculation that Plaintiff's fees could possibly be high enough to raise his recovery to over $75,000 … is simply insufficient." *Id*. (emphasis in original). Defendant's

statement in its Notice of Removal does not even rise to the level of speculation and should be disregarded.[4]

## CONCLUSION

For the foregoing reasons, this Court should grant Plaintiff's Motion to Remand the Case to State Court.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1 (d), Plaintiff John Doe requests oral argument on this motion.

Respectfully submitted,

JOHN DOE
By his attorneys,

/s/ Bennett H. Klein
Bennett H. Klein
BBO # 550702
GLBTQ Legal Advocates & Defenders
30 Winter St. Suite 800
Boston, MA 02108
617-426-1350
bklein@glad.org

/s/ John P. Ward
John P. Ward
BBO # 515860
Law Offices of John P. Ward
584 Castro St., No. 802
San Francisco, CA 94114
johnpward@gmail.com

---

[4] There is a split in the federal circuits, and the First Circuit has not yet decided whether for purposes of the amount in controversy the court can consider future attorneys' fees or is limited to the fees as of the date of removal. *Raymond*, 527 F. Supp. 2d at 162. In light of the insufficiency of defendant's showing with respect to fees, this court need not resolve that issue here.

## CERTIFICATION OF COMPLIANCE WITH RULE 7.1

I, Bennett Klein, counsel for Plaintiff John Doe, certify that counsel have conferred and attempted in good faith to resolve or narrow the issue in the instant motion.

/s/ Bennett H. Klein
Bennett H. Klein

## CERTIFICATE OF SERVICE

I certify that the within document was electronically filed with the clerk of the court on August 10, 2016, and that it is available for viewing and downloading from the Court's ECF system. Service by electronic means has been effectuated on all counsel of record.

Brooks R. Magratten, BBO# 650393
Pierce Atwood LLP
72 Pine Street, 5th Floor
Providence, RI 02903
(401) 490-3422
bmagratten@pierceatwood.com

Mark A. Pogue, BBO# 550807
Pierce Atwood LLP
72 Pine Street, 5th Floor
Providence, RI 02903
(401) 490-3422
mpogue@pierceatwood.com

Katharine E. Kohn, BBO# 675362
Pierce Atwood LLP
72 Pine Street, 5th Floor
Providence, RI 02903
(401) 490-3422
kkohm@pierceatwood.com

<u>/s/ Bennett H. Klein</u>
Bennett H. Klein
BBO # 550702
GLBTQ Legal Advocates & Defenders
30 Winter St. Suite 800
Boston, MA 02108
617-426-1350
bklein@glad.org
