UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN DOE,
        Plaintiff,

v.

MUTUAL OF OMAHA INSURANCE COMPANY,
        Defendant.

C.A. No. 16-11381

# DEFENDANT MUTUAL OF OMAHA INSURANCE COMPANY'S MEMORANDUM IN OPPOSITION OF PLAINTIFF'S MOTION TO REMAND

Defendant Mutual of Omaha Insurance Company ("Mutual of Omaha") objects to Plaintiff John Doe's ("Plaintiff") "Motion to Remand the Case to State Court" (Doc. #11, 12) (hereinafter the "Motion"). Mutual of Omaha submits this memorandum in support of its objection.

## PRELIMINARY STATEMENT

Mutual of Omaha is a full-service, multi-line provider of insurance and financial services products that protect families, individuals, businesses and groups. For example, and relevant here, Mutual of Omaha offers long-term care insurance to individuals. However, and as permitted by law, Mutual of Omaha only provides insurance to individuals who meet its underwriting requirements. See Life Ins. Ass'n of Massachusetts v. Commissioner of Ins., 530 N.E.2d 168, 171 (Mass. 1988) (Indeed, "the basic principle underlying statutes governing underwriting practices is that insurers have the right to classify risks and to elect not to insure risks if the discrimination is fair."). Pursuant to one such neutral underwriting standard, Mutual of Omaha will not offer long-term care insurance to any person—male, female, homosexual,

heterosexual, black, white, etc.—using the drug Truvada. Because Plaintiff uses Truvada, this was the "sole" reason his application for insurance was denied. Complaint ¶ 1, 2nd sentence & ¶ 10; Answer at First Defense at ¶¶ 2, 3 (admitting Complaint ¶1, 2nd sentence & ¶10).

As a standard practice, Mutual of Omaha has listed Truvada, along with other medications,[1] as an uninsurable medication for many years. First, as both the Truvada-maker Gilead Sciences, Inc. ("Gilead") and the Center for Disease Control ("CDC") have stated, Truvada is indicated only for persons at "significant risk," or "high risk," of contracting HIV. Exhibit A, CDC Guidelines 2014; Exhibit B, Gilead Guidelines for Truvada. In other words, Truvada is only prescribed for people who are HIV-positive, or who are at high risk of becoming HIV-positive. Moreover, Truvada is not completely effective in preventing HIV infection. Exhs. A, B. Given that Truvada is prescribed for those who are already are at significant risk of becoming infected with HIV, the fact that the drug is less than 100% effective adds yet another layer to the risk profile. Accordingly, Mutual of Omaha had every legal right to treat Plaintiff (and any other person) "in accordance with [his] risk classification" and deny long-term care insurance based "solely" on his Truvada use. See Telles v. Commission of Insurance, 574 N.E.2d 359, 361 (Mass. 1991).

## ARGUMENT

Mutual of Omaha removed this case to federal court because the parties are diverse (Massachusetts and Nebraska) and because the coverage limit of the policy ($360,000 initially,

---

[1] Mutual of Omaha's underwriting guidelines, for example, will not insure individuals taking drugs like Truvada, whether used as a preventive measure, or treatment of a disease or infection. These include Antabuse, Cerefolin, Marinol and Methadone.

increasing up to $731,806 in 25 years)[2] exceeds the $75,000 statutory threshold.  28 U.S.C. § 1332(a); 28 U.S.C. § 1441(a).  Plaintiff's Motion only takes issue with the amount in controversy and attempts to obfuscate what is really in dispute—the policy—to avoid this proper forum.

I. **The "contractual obligation" of the subject policy far exceeds the $75,000 amount in controversy threshold**

Plaintiff's attempt to skirt federal jurisdiction is based on a 180-degree flip from his prior pleadings.  He now says that prevailing in this matter would not entitle him to the policy because he must first meet "other underwriting requirements." (Doc. #12, Plaintiff's Mem. at 5.)  Plaintiff's statement contradicts his own pleadings and sworn statements.  Plaintiff previously alleged: "Mutual of Omaha denied Plaintiff John Doe long-term care insurance solely because he takes the medication Truvada" and that the "the reason for the denial of coverage [was] that [Plaintiff] was taking the medication Truvada."  Complaint ¶¶ 1, 10 (emphasis added).  Mutual of Omaha agrees.  Answer at First Defense at ¶¶ 2, 3 (admitting without reservation Complaint ¶1, 2nd sentence & ¶10).  Plaintiff also attested that "[i]f I had not been taking Truvada, my application for long-term care insurance from Mutual of Omaha would have been accepted."  Exhibit C, Aff. of Doe dated 9/16/15 at ¶ 18.  Indeed, Plaintiff's prayer is for the policy to issue.  He requests an affirmative injunction—equitable relief—that would "[o]rder Mutual of Omaha [to] provide Plaintiff John Doe with the long-term care insurance that he applied for, without excluding him or treating him differently based on his use of the medication Truvada as PrEP, and with the same terms and rates he would have received had his original application been accepted."  Complaint at "Requests" (emphasis added.).

---

[2] Plaintiff applied for the policy with a 3% Lifetime Inflation Protection Benefit Rider.  The Rider increases the coverage limit by 3% compounded annually.  In 25 years, the coverage limit increases to $731,806.

Plaintiff cannot have it both ways. Either taking Truvada was the "sole" reason that his application for insurance was denied or it was not. According to both Plaintiff and Mutual of Omaha, Truvada was the only reason the policy application was denied. There is no evidence otherwise. As such, were Plaintiff to prevail in his Complaint, there would be no "other underwriting requirements" to meet and he would be, as he has prayed, entitled to the benefit of the $360,000+ policy. Oshry v. Mutual Life Ins. Co. of N.Y., 27 F. Supp. 237, 237 (D. Mass. 1939) (holding that the decisive factor for deciding amount in controversy is "the difference between the [insurer's] contractual obligation if the policies are not reinstated and its contractual obligation if they are"); see also Porter v. American Heritage Life Ins. Co., 956 F. Supp. 2d 344, 348 (D.R.I. 2013) (emphasizing that where the "object of the litigation is to re-establish the operation of the policy for all purposes, the full face value of the policy is at stake for the insurance company, and is, therefore, the amount in controversy"); Wilbert v. UNUM Life Ins. Co., 981 F. Supp. 61, 64 (D.R.I. 1997) ("A clear majority of courts have adopted the view that where the controversy relates to 'the validity of [an insurance] policy and not merely to the liability for the benefits accrued, the amount involved is necessarily the face of the policy.'" (quoting Mutual Life Ins. Co. of New York v. Moyle, 116 F.2d 434, 434 (4th Cir. 1940)); Gates v. Union Central Life Ins. Co., 56 F. Supp. 149, 152 (E.D.N.Y. 1944) ("[I]n an action in equity it is the policy itself which is directly in controversy"). Indeed, the amount in dispute in this action is the coverage available to the Plaintiff. Cf. Cox v. Cox, 304 S.W.2d 175, 178 (Tex. Civ. App. 1957) (concluding that "the [life insurance] policy had a value which was an asset of the community estate of the parties" which asset's value was not limited to the cash-surrender amount of the policy, but rather was the coverage amount available from the policy). As such, here "the direct legal effect of the potential judgment" and therefore the amount in controversy

for purposes of diversity jurisdiction exceeds $360,000+.  14AA Charles Alan Wright, et al. Practice and Procedure, Jurisdiction and Related Matters § 3710 (3d ed. 2009).

Plaintiff's effort to distinguish Mutual of Omaha's supporting cases because they concerned "reinstatements" of policies "already in being" is hypertechnical and unpersuasive.  ((Doc. #12, Plaintiff's Mem. at 5-6.)  It is of no moment, in this case, whether the policy at issue was in place and cancelled, or as here, denied at the application stage.  The bottom line is that if Plaintiff prevails in his allegation of discrimination then Mutual of Omaha will be obligated to the extend coverage to Plaintiff of $360,000 or more.  Youssef v. Avibank Mfg., Inc., 734 F.Supp.2d 230, 238 (D. Mass. 2010) (explaining that fulfilling the reasonable probability burden starts with the "acknowledged best-case scenario . . . [i]f Plaintiff were to be 'fully successful' on his claims").  That is precisely the injunctive relief that Plaintiff requested: "[o]rder Mutual of Omaha [to] provide Plaintiff John Doe with the long-term care insurance he applied for[.]"  Complaint at "Requests."  Contrary to Plaintiff's contention, Mutual of Omaha issuing coverage is not "contingent on events that will occur beyond the operation of the [Plaintiff's successful] judgment in this case." ((Doc. #12, Plaintiff's Mem. at 7.)  What is at stake here is the policy with a "face value" of $360,000+. See, e.g., Wilbert, 981 F. Supp. at 61.[3]

---

[3] The object of Plaintiff's lawsuit -- coverage under a long-term care policy -- is by itself a thing of value, even if Plaintiff never receives a pecuniary benefit under the policy.  Cf. In re Maxwell Newspapers, Inc., 192 B.R. 633, 635 (Bkrtcy. S.D.N.Y. 1996) (holding under the bankruptcy code that an insurance payment made after the bankruptcy petition date would not be disgorged because the coverage afforded was deemed "new value," which had a benefit to the estate and its creditors to offset the premium payment); see also In re Furr's Supermarkets, 485 B.R. 672, 725, 736 (Bkrtcy. D.N.M. 2012) (establishing that insurance coverage provided in exchange for the premium paid is treated as "new value" to the extent that the coverage provided "replenishes the [bankruptcy] estate" to "return some or all of the preference" paid to the insurer and holding that "the services to be provided as equal to the amount of the premiums to be paid").  The premium for this long-term care policy is $3027.05 annually.  The value of coverage alone – if assumed to be equal to the premium paid – will exceed $30,000 in the first ten years.

**II.     Statutory attorneys' fees are properly considered part of the amount in controversy.**

Plaintiff concedes, as he must, that attorneys' fees are properly considered as part of the amount in controversy because fees are allowed by the state statute M.G.L. c. 151 § 9.  Spielman v. Genzyme Corp., 251 F.3d 1, 7 (1st Cir. 2001) (including attorneys' fees toward the amount in controversy when fees are based on a state statute).  However, Plaintiff says that Mutual of Omaha "does not even attempt to demonstrate that any such fees will amount to $75,000 or more."  (Doc. #12, Plaintiff's Mem. at 2).  Plaintiff, surely, is not saying that his Boston- and San Francisco-based attorneys can navigate this case through pleadings, discovery, dispositive motions, and trial for less than $75,000.  If he is making that promise then Mutual of Omaha will hold him to it.

Even limiting the attorneys' fees to the amount incurred to date,[4] Plaintiff's two attorneys already have investigated the allegations underlying this case and drafted the various pleadings before the Massachusetts Commission Against Discrimination, the Massachusetts Superior Court, and this Federal Court.[5]  To that end, the Plaintiffs' fees must be a significant factor, at the very least, that this Court considers when determining the amount in controversy and the propriety of federal jurisdiction.

---

[4] See Barbuto v. Advantage Sales and Marketing, LLC, 148 F.Supp.3d 145, 148 (D. Mass. 2015) ("The First Circuit has not directly addressed whether the court should include in the calculation only attorneys' fees incurred to date or should predict the reasonable fees that may be incurred over the course of the entire matter.").

[5] Moreover, to the extent that Plaintiff's attorneys are serving in a pro bono capacity, they too can recover attorneys' fees.  See Alexander S. By and Through Bowers v. Boyd, 929 F. Supp. 925, 933 (D.S.C. 1995) (holding that the plaintiff's law firm was entitled by statute to be compensated for its reasonable attorney fees even though it participated in the case on a pro bono basis).

## **CONCLUSION**

Mutual of Omaha has satisfied all of the requirements for removal. Accordingly, Plaintiff's Motion to Remand the Case to State Court should be denied.

                                                              Respectfully Submitted,
                                                              MUTUAL OF OMAHA INSURANCE
                                                              COMPANY, by its attorneys,

Date:  August 23, 2016                 */s/ Brooks R. Magratten*_____
                                                              Brooks R. Magratten, Esq.  BBO#650393
                                                              Mark A. Pogue, Esq.  BBO#550807
                                                              Katharine E. Kohm, Esq.  BBO#675362
                                                              PIERCE ATWOOD LLP
                                                              72 Pine Street, 5th Floor
                                                              Providence, RI  02903
                                                              (401) 490-3422
                                                              (401) 588-5166 (fax)
                                                              bmagratten@pierceatwood.com
                                                              mpogue@pierceatwood.com
                                                              kkohm@pierceatwood.com

## **CERTIFICATE OF SERVICE**

I certify that the within document was electronically filed with the clerk of the court on August 23, 2016, and that it is available for viewing and downloading from the Court's ECF system. Service by electronic means has been effectuated on all counsel of record.

Bennett H. Klein, BBO# 550702
GLBTQ Legal Advocates & Defenders
30 Winter St. Suite 800
Boston, MA 02108
617-426-1350
bklein@glad.org

John P. Ward, BBO# 515860
Law Offices of John P. Ward
584 Castro St., No. 802
San Francisco, CA 94114
415-255-4996
johnpward@gmail.com

　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Brooks R. Magratten*____