SUFFOLK COUNTY CIVIL
**Docket Report**



**1684CV01720**

## Doe (As Amended), John  vs.  Mutual Omaha Insurance Company

| | | | |
|---|---|---|---|
| **CASE TYPE:** | Torts | **FILE DATE:** | 06/01/2016 |
| **ACTION CODE:** | B22 | **CASE TRACK:** | F - Fast Track |
| **DESCRIPTION:** | Employment Discrimination | | |
| **CASE DISPOSITION DATE** 07/07/2016 | | **CASE STATUS :** | Closed |
| **CASE DISPOSITION:** | Transferred to another Court | **STATUS DATE :** | 07/07/2016 |
| **CASE JUDGE:** | | **CASE SESSION:** | Civil G |

### LINKED CASE

### PARTIES

**Plaintiff**                 **550702**
Doe (As Amended), John

Klein, Bennett H
GLAD
GLAD
30 Winter Street
Suite 800
Boston, MA 02108-4720
Work Phone (617) 426-1350
Added Date: 06/01/2016

**Defendant**                 **550807**
Mutual Omaha Insurance Company

Pogue, Mark
Pierce Atwood LLP
Pierce Atwood LLP
72 Pine Street
Providence, RI 02903
Work Phone (401) 490-3416
Added Date: 07/05/2016

                **650393**

Magratten, Brooks R.
Pierce Atwood LLP
Pierce Atwood LLP
72 Pine Street
5th Floor
Providence, RI 02903
Work Phone (401) 490-3422
Added Date: 07/05/2016

                **675362**

Kohm, Katharine E.
Pierce Atwood LLP
Pierce Atwood LLP
72 Pine Street
Providence, RI 02903
Work Phone (401) 490-3407
Added Date: 07/05/2016



SUFFOLK COUNTY CIVIL
Docket Report

| INFORMATIONAL DOCKET ENTRIES | | | |
|---|---|---|---|
| **Date** | **Ref** | **Description** | **Judge** |
| 06/01/2016 | | Case assigned to:<br>DCM Track F - Fast Track was added on 06/01/2016 | |
| 06/01/2016 | | Attorney appearance<br>On this date Bennett H Klein, Esq. added for Plaintiff ███████ | |
| 06/01/2016 | 1 | Original civil complaint filed. | |
| 06/01/2016 | 2 | Civil action cover sheet filed. n/a | |
| 06/02/2016 | 3 | RESTRICTED INFORMATION - Plaintiff's MOTION to proceed under a Pseudonym under John Doe and to impound materials identifying him<br><br>Applies To: ███████ (Plaintiff) filed & ALLOWED w/o opposition on 6/1/16. Notices mailed 6/2/16 | Ullmann |
| 06/24/2016 | 4 | Service Returned for<br>Defendant Mutual Omaha Insurance Company: Service accepted by counsel; | |
| 07/05/2016 | | Attorney appearance<br>On this date Brooks R. Magratten, Esq. added for Defendant Mutual Omaha Insurance Company | |
| 07/05/2016 | | Attorney appearance<br>On this date Mark Pogue, Esq. added for Defendant Mutual Omaha Insurance Company | |
| 07/05/2016 | | Attorney appearance<br>On this date Katharine E. Kohm, Esq. added for Defendant Mutual Omaha Insurance Company | |
| 07/05/2016 | 5 | Notice of Removal to the United States District Court filed by<br><br>Defendant (US Dist # 16-cv-11381)<br><br>Applies To: Mutual Omaha Insurance Company (Defendant) | |
| 07/07/2016 | | REMOVED to the U.S. District Court<br>of Massachusetts | |
| 07/07/2016 | | Case transferred to another court. | |

I HEREBY ATTEST AND CERTIFY ON

Sept. 19, 2016 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _Margaret M. Sellon_

Asst. Clerk

# IMPOUNDED

1

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPERIOR COURT
C.A. NO. _____ *16-1720G*

---

JOHN DOE,               )
      Plaintiff          )
                   )
v.                      )
                   )
MUTUAL OF OMAHA         )
INSURANCE COMPANY,      )
      Defendant.         )
                   )

---

## COMPLAINT

## INTRODUCTION

1. This is a Complaint under Massachusetts General Law Chapter 272, § 98 for discrimination in access to a place of public accommodation, specifically coverage for long-term care insurance, on the basis of disability and sexual orientation. Defendant Mutual of Omaha denied Plaintiff John Doe long-term care insurance solely because he takes the medication Truvada, which is approved by the Food and Drug Administration (FDA) to prevent transmission of HIV infection in HIV-negative individuals. This medication, known as PrEP, for pre-exposure prophylaxis, has been hailed as the medical breakthrough that can end the HIV epidemic; scientific evidence demonstrates that it is close to 100 percent effective in preventing HIV transmission. Mutual of Omaha's rejection of Mr. Doe's application for long-term care insurance constituted an unfair and discriminatory classification of risk (i.e., it failed to treat him the same as other persons of the same, or even higher, risk) based on negative attitudes and false beliefs that gay male sexuality is inherently risky and unhealthy, and based on myths, fears, and unscientific beliefs about the transmission of HIV.

## JURISDICTION

2. The Plaintiff, John Doe ("Doe"), filed a complaint for discrimination with the Massachusetts Commission Against Discrimination on September 16, 2015, more than ninety days prior to the filing of this action.

3. The discriminatory act set forth in this Complaint occurred in Boston, Massachusetts.

4. This Court has jurisdiction pursuant to Massachusetts General Law Chapter 151B, § 9.

## STATEMENT OF FACTS

5. Mutual of Omaha is a Nebraska corporation with a corporate headquarters located at Mutual of Omaha Plaza in Omaha, Nebraska 68175.

6. On or about November 1, 2014, Doe applied to Mutual of Omaha for long-term care insurance.

7. The application was submitted jointly with Doe's long-term partner who owns a home the couple shares at 88 Kingston St. in Boston, Massachusetts. The Boston address was listed on the application.

8. The application included a medical questionnaire which Doe filled out. A Mutual of Omaha representative also interviewed Doe over the telephone about his medical history. In addition, Doe provided Mutual of Omaha with an authorization to obtain medical records from his primary care physician.

9. By letter dated February 9, 2015, Mutual of Omaha denied Doe's application for long-term care insurance by sending a letter of denial to the Boston address.

10. The letter listed as the reason for the denial of coverage that Doe was taking the medication Truvada.

11. Truvada is a medication used to prevent HIV infection in individuals who are not infected with HIV. It is called pre-exposure prophylaxis, or PrEP.

12. Truvada was originally approved by the FDA in 2004 as an antiviral medication to treat individuals diagnosed with HIV disease.

13. On July 16, 2012 the FDA approved Truvada for the additional purpose of PrEP as a way for people who do not have HIV to prevent HIV infection by taking a pill every day.

14. According to the United States Centers for Disease Control and Prevention (CDC), when someone is exposed to HIV through sex or injection drug use, Truvada can work to keep the virus from establishing a permanent infection.

15. Current scientific and medical information, including in authoritative peer reviewed journals, indicates that PrEP reduces the risk of HIV transmission by close to 100 percent. In other words, it virtually eliminates the risk of HIV transmission.

16. The use of Truvada as PrEP has been hailed by public health and medical authorities as the scientific breakthrough that can end the HIV epidemic.

17. Doe is a gay man who is HIV-negative.

18. Mutual of Omaha was aware of Doe's sexual orientation from his application.

19. Doe was prescribed Truvada as PrEP by his primary care physician.

20. By letter to Mutual of Omaha dated March 30, 2015, Doe appealed the denial of long-term care insurance. Doe explained that he was taking Truvada as PrEP, a use approved by the FDA to reduce the risk of HIV infection. Doe also included a letter from his primary care physician dated March 26, 2015 which stated: "John Doe is taking Truvada for HIV prevention. Truvada is an extraordinarily safe and effective medication. He maintains a healthy lifestyle and remains in good health."

3

21. By letter dated April 22, 2015, mailed to Doe's Boston address, Mutual of Omaha denied Doe's appeal on the basis that: "We do not offer coverage to anyone who takes the medication Truvada, regardless of whether it is prescribed to treat HIV infection, or is used for pre-exposure prophylaxis. This is in accordance with our underwriting guidelines."

22. If Doe had not been taking Truvada, his application for long-term care insurance from Mutual of Omaha would have been accepted.

23. A person who is on Truvada has a dramatically lower risk of acquiring HIV infection than a similarly situated person who is not on Truvada.

24. The individuals who take Truvada as PrEP are predominantly gay men, and Mutual of Omaha was aware of this at the time it denied Doe's application.

25. Mutual of Omaha's decision to deny Doe long-term care insurance because he is on PrEP was not based on a sound medical basis or rational underwriting policy, but was instead based on bias against gay men, negative beliefs about gay male sexuality, stereotypes that gay male sexuality is inherently risky and unhealthy, and false and unscientific beliefs about the contagion of HIV.

26. By denying Doe long-term care insurance because he is on PrEP, Mutual of Omaha failed to treat Doe in accordance with an actual and accurate classification of his risk because of myths, stereotypes and negative attitudes about the nature and riskiness of Doe's sexuality because he is a gay man, and about gay male sexuality in general.

27. By denying Doe long-term care insurance because he is on PrEP, Mutual of Omaha engaged in unfair and discriminatory classification of risk by failing to treat Doe the same as other persons of the same risk, based on myths, fears, and stereotypes about the nature and riskiness of Doe's sexuality because he is a gay man, and about gay male sexuality in general.

4

28. By denying Doe long-term care insurance because he is on PrEP, Mutual of Omaha failed to treat Doe in accordance with an actual and accurate classification of his risk because of myths, stereotypes, and unscientific beliefs about the transmission of HIV.

29. By denying Doe long-term care insurance because he is on PrEP, Mutual of Omaha engaged in unfair and discriminatory classification of risk by failing to treat Doe the same as other persons of the same risk, based on myths, stereotypes, and unscientific beliefs about the transmission of HIV.

**COUNT I: DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF M.G.L. C. 272, § 98.**

30. Plaintiff John Doe repeats and realleges each and every fact set forth in paragraphs 1-29 of this Complaint and incorporates them by reference herein.

31. Defendant Mutual of Omaha is a place of public accommodation within the meaning of M.G.L. c. 272, § 92A and the contents and provisions of the long-term care insurance that Doe applied for are subject to the nondiscrimination mandate of M.G.L. c. 272, § 98.

32. Plaintiff Doe is within the protected class of the prohibition on disability discrimination in M.G.L. c. 272, § 98 because defendant Mutual of Omaha regarded him as disabled within the meaning of M.G.L. c. 151B, §1 (17).

33. Plaintiff ███ was otherwise qualified for the long-term care insurance he applied for, but Defendant Mutual of Omaha discriminated against Plaintiff Doe in access to a place of public accommodation based on disability in violation of M.G.L. c. 272, § 98.

**COUNT II: DISCRIMINATION ON THE BASIS OF SEXUAL ORIENTATION IN VIOLATION OF M.G.L. C. 272, § 98.**

34. Plaintiff John Doe repeats and realleges each and every fact set forth in paragraphs 1-29 of this Complaint and incorporates them by reference herein.

5

35. Plaintiff ███ was otherwise qualified for the long-term care insurance he applied for, but Defendant Mutual of Omaha discriminated against Plaintiff Doe in access to a place of public accommodation based on sexual orientation in violation of M.G. L. c. 272, § 98.

## REQUESTS FOR RELIEF

WHEREFORE, Plaintiff John Doe requests that the Court:

(1) Enter a permanent injunction enjoining Mutual of Omaha from categorically excluding from its long-term care insurance individuals, including Doe, who take the medication Truvada as prevention for HIV;

(2) Order that Mutual of Omaha provide Plaintiff John Doe with the long-term care insurance that he applied for, without excluding him or treating him differently based on his use of the medication Truvada as PrEP, and with the same terms and rates he would have received had his original application been accepted; and

(3) Provide all other relief that is just and proper.

Respectfully submitted,

JOHN DOE
By his at attorneys,

Bennett H. Klein
BBO # 550702
GLBTQ Legal Advocates & Defenders
30 Winter St. Suite 800
Boston, MA 02108
617-426-1350
bklein@glad.org

_____

John P. Ward
BBO # 515860
Law Offices of John P. Ward
584 Castro St., No. 802
San Francisco, CA 94114
415-255-4996
johnpward@gmail.com

I HEREBY ATTEST AND CERTIFY ON

Sept. 19, 2016 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
Asst. Clerk

7

IMPOUNDED

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 16 - 1720 G | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

PLAINTIFF(S): ████████ JOHN DOE

ADDRESS: ████████

DEFENDANT(S): MUTUAL of OMAHA insurance Company

COUNTY: Suffolk

ATTORNEY: Bennett H Klein

ADDRESS: GLBTQ Legal Advocates & Defenders
30 Winter St. Suite 800
Boston MA 02108

BBO: 550702

Attorney MARK A. Pogue
ADDRESS: 72 Pine St.
Providence, RI 02903

**TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| | Discrimination in place | F | ☐ YES  ☑ NO |

Discrimination in place

"If "Other" please describe: of Public Accommodation
M.G.L. c. 272, 53 92A & 98

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................. $ _____
2. Total doctor expenses ................................................. $ _____
3. Total chiropractic expenses ........................................... $ _____
4. Total physical therapy expenses ...................................... $ _____
5. Total other expenses (describe below) ............................... $ _____
Subtotal (A): $ _____

B. Documented lost wages and compensation to date ...................... $ _____
C. Documented property damages to dated ............................... $ _____
D. Reasonably anticipated future medical and hospital expenses .......... $ _____
E. Reasonably anticipated lost wages ................................... $ _____
F. Other documented items of damages (describe below) .................. $ _____

G. Briefly describe plaintiff's injury, including the nature and extent of injury.

TOTAL (A-F):$ _____

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

N/A   Injunctive Relief only.

TOTAL: $ _____

Signature of Attorney/Pro Se Plaintiff: X _Bennett H Klein_   Date: 5/31/16

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _Bennett H Klein_   Date: 5/31/16

---

I HEREBY ATTEST AND CERTIFY ON

Sept. 19, 2016 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____

Asst. Clerk

3

# IMPOUNDED

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPERIOR COURT
C.A. NO. _16-1720G_

---

|  |  |
|---|---|
| JOHN DOE,<br>        Plaintiff | ) <br> ) <br> ) |
| v. | ) <br> ) |
| MUTUAL OF OMAHA<br>INSURANCE COMPANY,<br>        Defendant. | ) <br> ) <br> ) <br> ) |

---

### PLAINTIFF JOHN DOE'S UNOPPOSED MOTION TO PROCEED UNDER A JOHN DOE PSEUDONYM AND TO IMPOUND MATERIALS IDENTIFYING HIM

Pursuant to Rule 2 of the Uniform Rules of Impoundment Procedure, plaintiff John Doe moves that this Court enter a permanent Order: (1) permitting him to proceed in this action under the pseudonym John Doe; (2) impounding the original complaint in this action as well as the instant motion and supporting affidavit that contain his name, and substituting in the public record identical documents using the John Doe pseudonym; and (3) requiring that all subsequent court filings identify the plaintiff as John Doe and redact any information that can identify him. The Affidavit of John Doe has been filed in support of this motion.

**Counsel for the defendant, Mark A. Pogue, of Pierce Atwood, 72 Pine St., Providence, Rhode Island, 02903 stated to plaintiff's counsel, Bennett Klein, in a telephone call on April 20, 2016 that the defendant does not oppose Plaintiff's Motion to Proceed Under A Pseudonym and does not wish to be heard on it.**

As grounds for this motion, Doe states that this case arises from Defendant Mutual of Omaha Insurance Company's ("Mutual of Omaha") denial of long-term care insurance to him

solely because he takes the medication Truvada which has been approved by the Food and Drug Administration (FDA) to prevent HIV infection in HIV-negative individuals. This protocol is called pre-exposure prophylaxis, or PrEP, and has been hailed as the medical breakthrough that can end the HIV epidemic because it reduces the risk of HIV transmission to uninfected individuals by numbers approaching 100%. *See, eg.,* Centers for Disease Control and Prevention, *PrEP,* http://www.cdc.gov/hiv/basics/prep.html (last modified April 12, 2016). ("Studies have shown that PrEP reduces the risk of getting HIV from sex by more than 90% when used consistently.") The Complaint in this case alleges that Mutual of Omaha discriminated against Plaintiff Doe in access to a place of public accommodation, specifically coverage for long-term care insurance on the basis of sexual orientation and disability, in violation of M.G.L. c. 272, § 98.

The Complaint alleges that Mutual of Omaha's denial of long-term care insurance constituted an unfair and discriminatory classification of Doe's risk because it failed to treat him the same as other persons of the same, or even higher, risk, in violation of M.G.L. c. 272, § 98.

This Court should find good cause for the requested order here because this case involves a medical treatment, Truvada, associated with HIV transmission and negative stereotypes about gay male sexual activity. As explained *infra*, and in the accompanying Affidavit of John Doe, association with any *one* of these subjects, let alone all three, have given rise to significant social stigma and discrimination. Moreover, the requested Order here is limited. It does not deprive the public of access to any of the pleadings or documents in this case, but rather only protects the plaintiff's identity.

## I. APPLICABLE RULES AND STANDARD.

This motion is governed by the Uniform Rules on Impoundment Procedure (the "Rules")
adopted by Massachusetts in 1986. Rule 2 provides that a motion for impoundment shall state the
"grounds" and "reasons" for impoundment, be accompanied by an affidavit in support thereof,
and "describe with particularity the material sought to be impounded and the period of time for
which impoundment is sought." Under Rule 7, the Court may enter an order of impoundment
"after hearing, for good cause shown." Rule 7 also provides that "[i]n determining good cause,
the court shall consider all relevant factors, including, but not limited to, the nature of the parties
and the controversy, the type of information and the privacy interests involved, the extent of
community interest, and the reason(s) for the request." In addition, an order of impoundment
"may be made only upon written findings" and must state "what material is to be impounded,
and, where appropriate, how impoundment is to be implemented." *See,* M.G.L. c. 209A, § 8.

## II. REASONS TO GRANT THE REQUESTED IMPOUNDMENT ORDER.

There is good cause for the limited order requested here because this case focuses on a
medical treatment undertaken by the plaintiff, and in particular a medical treatment that is
subject to significant social stigma and discrimination. Plaintiff Doe has a privacy interest in his
utilization of PrEP as a medical protocol prescribed by his physician. *See, e.g., Bratt v. Int'l Bus.
Machs. Corp.*, 392 Mass. 508, 522 (1984) (recognizing "a patient's valid interest in preserving
the confidentiality of medical facts relayed to a physician"). Moreover, the legislature has
announced a strong policy in favor of protecting HIV-related information from disclosure. *See*
M.G.L. c. 111, § 70F (prohibiting, without specific written consent, disclosure of both HIV test
results and any information that a person was even the subject of an HIV test). *See also, Doe v.*

3

*Town of Plymouth*, 825 F. Supp. 1102 (D. Mass. 1993) (finding right of privacy in HIV status

under M.G.L. c. 214, § 1B, state's general privacy law, and federal constitution).

This case involves both an HIV-related treatment and a treatment associated with gay

male sexuality, both areas historically associated with negative attitudes and discrimination. *See,*

*e.g., Kerrigan v. Comm'r of Pub. Health,* 289 Conn. 135, 199 (2008) ("gay persons face virulent

homophobia that rests on nothing more than feelings of revulsion toward gay persons and the

intimate sexual conduct with which they are associated"); *Henderson v. Thomas,* 913 F.Supp.2d

1267, 1278 (M.D. Ala. 2012) ("a relentless stigma adheres to HIV ... HIV is most frequently

found among historically marginalized populations: particularly gay men. Prejudice against

homosexuals intensifies prejudice against HIV, and prejudice against HIV becomes a proxy for

prejudice against members of the gay community ... HIV deeply implicates ... homophobia.")

*See also, e.g.,* Gregory M. Herek et al., *When Sex Equals AIDS: Symbolic Stigma and*

*Heterosexual Adults' Inaccurate Beliefs about Sexual Transmission of AIDS,* 52 Soc. Probs. 15,

17 (2005) ("This association between misinformation about HIV transmission and sexual

prejudice suggests symbolic stigma is operating. Beliefs about HIV appear to serve as a vehicle

for expressing antigay attitudes").

More specifically, the PrEP medical protocol that is the subject of this case has itself been

subject to some degree of scorn and hostility based on stereotypes and negative attitudes about

gay male sexuality among the general public, including, unfortunately, some in the gay male

community. *See, e.g.,* Sarah K. Calabrese et al., *How Stigma Surrounding the Use of HIV*

*Preexposure Prophylaxis Undermines Prevention and Pleasure: A Call to Destigmatize*

*"Truvada Whores,"* 105 Am J Public Health 1960 (2015) (describing studies that demonstrate

there is no evidence of additional risk taking by PrEP users, but noting that "potential PrEP users

4

may recognize that providers, peers, and others associate PrEP with sexual risk taking, as communicated through labels such as 'Truvada whore'" .... which "may reduce their motivation to seek PrEP or sustain PrEP use for fear of stigmatization"); David Tuller, *A Resisted Pill to Prevent H.I.V.*, N.Y. Times, December 31, 2013, at D1 ("In some quarters, the idea that healthy gay men should take medication to prevent infection – an approach called pre-exposure prophylaxis, or PrEP – has met with hostility or indifference"; "Some men have reported receiving negative reactions from their health care providers when they brought it up. Use of the drug as a preventive can be stigmatizing among gay men as well: the term 'Truvada whore' has been bandied about on some social networks").

The Affidavit of John Doe substantiates these concerns in his case. He has heard negative comments and ridicule about those taking Truvada as PrEP. Doe Aff. ¶ 2. He is concerned about being the subject of stereotypes and generalizations and losing customers in his law practice and business due to stigma and bias. Doe Aff. ¶¶ 3-5.

The stigma and potential discrimination attached to the use of PrEP as a medication that involves both HIV and gay male sexuality provide good cause for the limited impoundment order requested here.

### III. REQUESTED FINDINGS AND ORDER

#### A. Findings.

Based on the reasons set forth in this motion and the Affidavit of John Doe, this Court should make written findings pursuant to Rule 8 of the Uniform Rules of Impoundment Procedure as follows:

(1) Plaintiff has a well-founded privacy interest in his use of Truvada in connection with the PrEP protocol and in the non-disclosure of his HIV status.

(2) Individuals who undertake the PrEP medical protocol for prevention of HIV disease have a reasonable and well-founded fear of social stigma and discrimination.

(3) The plaintiff John Doe has demonstrated that he has a reasonable and well-founded fear that he will experience stigma, ridicule, hostility, or discrimination if there is a public disclosure that he is undertaking the PrEP medical protocol for prevention of HIV disease.

B. **Order.**

Based on the reasons set forth above, this Court should order that:

(1) The plaintiff shall be permitted to proceed in this case under the pseudonym John Doe.

(2) All pleadings and filings in this action shall refer to the plaintiff using the pseudonym John Doe.

(3) Any information in any filing in this case that identifies or can reasonably lead to the identification of the plaintiff shall be redacted.

(4) The original of the Complaint in this action, civil action cover sheet, Motion to Proceed Under a John Doe Pseudonym and To Impound Materials Identifying Him, and the Affidavit of Barry Doe shall be impounded.

(5) The clerk shall substitute in the public court file versions of the documents identified in paragraph four that identify the plaintiff as John Doe.

Respectfully submitted,

JOHN DOE
By his attorneys,

Bennett H. Klein
BBO # 550702
GLBTQ Legal Advocates & Defenders
30 Winter St. Suite 800
Boston, MA 02108
617-426-1350
bklein@glad.org

John P. Ward
BBO # 515860
Law Offices of John P. Ward
584 Castro St., No. 802
San Francisco, CA 94114
415-255-4996
johnpward@gmail.com

I HEREBY ATTEST AND CERTIFY ON

Sept. 19, 2016 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY:

Asst. Clerk

7

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. _16 - 1720 G_

_John Doe_ , Plaintiff(s)

v.

_Mutual of Omaha Ins. Co._ , Defendant(s)

## SUMMONS

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

To the above-named Defendant:

You are hereby summoned and required to serve upon _Bennett Klein, GLBTQ Legal Advocates and Defenders_ plaintiff's attorney, whose address is _30 Winter St. Suite 800 Boston MA 02108_ an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Judith Fabricant, Esquire, at Boston, the ____2nd____ day of ____June____, in the year of our Lord two thousand _2016_.

_Michael Joseph Donovan_

Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV. P. 1  12M – 1/15

I HEREBY ATTEST AND CERTIFY ON

Sept. 19, 2016 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _Margaret M. Sellon_

Asst. Clerk

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. _____

_____, Plff(s),

v.

_____, Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

```
'201 .
```

**N.B.   TO PROCESS SERVER:—**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN**
**THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

---

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 201___ I served a copy of the within summons,
together with a copy of the complaint in this action, upon the within-named defendant, in the following
manner (See Mass. R. Civ. P. 4 (d) (1-5):

Service Accepted by agreement of
Defendant's Counsel per Affidavit of Service
dated June 17, 2016 and attached hereto.

Dated: _____, 201___

# COMMONWEALTH OF MASSACHUSETTS

**SUFFOLK  SS**

**SUPERIOR COURT**
**C.A. NO. 16-1720G**

JOHN DOE,
    **Plaintiff**

v.

MUTUAL OF OMAHA
 INSURANCE COMPANY,
    **Defendant**

)
)
)
)
)
)
)
)

## ACCEPTANCE OF SERVICE OF COMPLAINT

1.  My name is Mark A. Pogue and I am an attorney admitted to practice in Massachusetts.

2.  I have been engaged to represent Defendant Mutual of Omaha Insurance Company in the above-captioned civil action.

3.  Pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure, I have been authorized to accept service of the Complaint for Defendant Mutual of Omaha Insurance Company.

4.  I have received a copy of the Complaint and hereby accept service of the same on behalf of Defendant Mutual of Omaha Insurance Company.

5.  By this Acceptance of Service, as attorney for Defendant Mutual of Omaha Insurance Company, I agree to waive the affirmative defenses of insufficiency of process and insufficiency of service of process.

DATED: 6/17/16

Mark A. Pogue
Pierce Atwood LLP
72 Pine Street
Providence, RI 02902
Attorney for Defendant

# IMPOUNDED

5

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                                          SUPERIOR COURT

JOHN DOE,
                    Plaintiff,

        v.

MUTUAL OF OMAHA INSURANCE
COMPANY,
                    Defendant.

US Dist # 16-cv-11381

C.A. No. 16-1720G

SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE
F I L E D

JUL 0 5 2016

MICHAEL JOSEPH DONOVAN
CLERK OF COURT

## NOTICE OF FILING NOTICE OF REMOVAL

Please note that on this 1st day of July, 2016, Defendant Mutual of Omaha filed the

attached Notice of Removal in the United States District Court for the District of Massachusetts.

Respectfully Submitted,

Date:  July 1, 2016

Brooks R. Magratten, Esq.  BBO#650393
Mark A. Pogue, Esq.  BBO#550807
Katharine E. Kohm, Esq.  BBO#675362
PIERCE ATWOOD LLP
72 Pine Street, 5th Floor
Providence, RI  02903
(401) 490-3422
(401) 588-5166 (fax)
bmagratten@pierceatwood.com
mpogue@pierceatwood.com
kkohm@pierceatwood.com

*Attorneys for Defendant Mutual of Omaha
Insurance Company*

I HEREBY ATTEST AND CERTIFY ON
Sept. 19, 2016, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY

Ass't. Clerk

{W5605701.1}

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of July, 2016 I served by email and first-class mail a true copy of the within document to:

Bennett H. Klein, BBO# 550702
GLBTQ Legal Advocates & Defenders
30 Winter St. Suite 800
Boston, MA 02108
617-426-1350
bklein@glad.org

John P. Ward, BBO# 515860
Law Offices of John P. Ward
584 Castro St., No. 802
San Francisco, CA 94114
415-255-4996
johnpward@gmail.com

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHN DOE,<br><br>        Plaintiff,<br><br>    v.<br><br>MUTUAL OF OMAHA INSURANCE<br>COMPANY,<br>        Defendant. | C.A. No. 16-11381 |

## NOTICE OF REMOVAL

Defendant Mutual of Omaha Insurance Company ("Mutual of Omaha") pursuant to 28 U.S.C. § 1441, *et seq.* removes this civil action commenced in the Superior Court of the Commonwealth of Massachusetts, Suffolk County, entitled *John Doe v. Mutual of Omaha Insurance Company*, C.A. No. 16-1720G, to this Court. In support of removal, Mutual of Omaha respectfully states:

1. Plaintiff commenced this action by filing the Complaint in the Massachusetts Superior Court, Middlesex County, on or about June 1, 2016. Plaintiff alleges discrimination with respect to a denied application for long-term care insurance. See Exhibit A, Complaint at ¶¶ 1, 7-8.

2. Plaintiff filed his case in Superior Court using his real name and, at the same time, also moved to proceed under a pseudonym. The Superior Court granted Plaintiff's motion and allowed him to proceed as John Doe.[1]

3. On or about June 14, 2016, Mutual of Omaha's counsel received the Complaint and

---

[1] Mutual of Omaha has moved jointly with Plaintiff for relief from requirements of the federal removal statute and local rules to allow Mutual of Omaha to file this Notice of Removal with only the state court papers containing Plaintiff's pseudonym.

{W5604666.2}

Summons from Plaintiff's counsel by email. Mutual of Omaha accepted service on or about June 17, 2016.

4.  Mutual of Omaha has reasonably complied with 28 U.S.C. § 1446(a), by providing a copy of all "process, pleadings, and orders" with Plaintiff's pseudonym that Mutual of Omaha received from Plaintiff. Copies are attached hereto as Exhibit A.

5.  Beyond filing and serving the Complaint, Summons, and the Motion to Proceed Under a Pseudonym, there have been no other proceedings in the state court action.

6.  Plaintiff is alleged to be a resident of Boston, Massachusetts. Exhibit A, Complaint at ¶ 7.

7.  Mutual of Omaha's state of incorporation is Nebraska. Its principal place of business is in Omaha, Nebraska. Exhibit A, Complaint at ¶ 5.

8.  In his Complaint, Plaintiff prays for, *inter alia*, declaratory relief requiring Mutual of Omaha to issue "the long-term care insurance that [Plaintiff] applied for . . . and with the same terms and rates he would have received had his original application been accepted." Exhibit A, Complaint at Requests for Relief, ¶ 2.

9.  Plaintiff applied for a long-term case insurance policy providing coverage of $6,000 per month for a five-year benefit period. The total benefit and therefore the face value of the policy is $360,000 ($6,000 x 12 months x 5 years). For purposes of the amount in controversy where the matter concerns the validity of a policy, the applicable amount is the face value of the policy: "A clear majority of courts have adopted the view that where the controversy relates to the validity of [an insurance] policy and not merely to the liability for the benefits accrued, the amount involved is necessarily the face of the policy." Wilbert v. UNUM Life Ins. Co., 981 F. Supp. 61 (D.R.I. 1997) (holding in a "suit to compel reinstatement of the policies" that could provide monthly disability

{W5604666.2}

2

payments of $5150.00 and $5750.00, respectively, up to an amount exceeding $1,000,000.00 each clearly satisfied the $75,000 amount in controversy requirement).  In other words, the "decisive factor [for deciding amount in controversy] is the difference between insurance company's contractual obligation if the policies are not reinstated and its contractual obligation if they are." See Oshry v. Mutual Life Ins. Co. of N.Y., 27 F. Supp. 237 (D. Mass. 1939).  Here, Mutual of Omaha may be obligated to issue coverage of up to $360,000 if Plaintiff were to prevail on his claims.  See also Porter v. American Heritage Life Ins. Co., 956 F.Supp.2d 344 (D.R.I. 2013) (emphasizing that "[i]f the object of the litigation is to re-establish the operation of the policy for all purposes, the full face value of the policy is at stake for the insurance company, and is, therefore, the amount in controversy . . . . [h]owever, if something less than the full reinstatement of the policy is the plaintiff's goal, then the insurance company likely has less at stake.").

10.    Also, if Plaintiff prevails, he may claim attorneys' fees. M.G.L. c. 151B § 9.  As such, his attorneys' fees are properly considered as part of the amount in controversy.  See Spielman v. Genzyme Corp., 251 F.3d 1, 7 (1st Cir. 2001) (holding that when a statute mandates or allows payment of attorneys' fees they may be included in the calculation).

11.    Because the parties are alleged to be citizens of different states and because the amount in dispute, by a preponderance of the evidence, exceeds $75,000.00 exclusive of interest and costs, this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332(a).

12.    The action may therefore be removed to this Court pursuant to 28 U.S.C. § 1441(a).

13.    Pursuant to 28 U.S.C. § 1446(b), removal is timely filed within thirty days after the receipt by Mutual of Omaha through service or otherwise, of the initial pleading setting forth the claims for relief.

14.   The Massachusetts Superior Court, Suffolk County, is located within the United States
      District Court for the District of Massachusetts.  Venue is proper in this Court pursuant to
      28 U.S.C. §1441(a) because this is the "district and division embracing the place where
      such action is pending."

15.   Pursuant to 28 U.S.C. § 1446(d), Mutual of Omaha is on this day, filing a copy of this
      Notice of Removal with the Massachusetts Superior Court and serving notice on
      Plaintiff's counsel.

16.   There are no other defendants in this case and therefore no further consent for removal of
      this action is required.

17.   By filing this Notice, Mutual of Omaha does not waive its right to object to service,
      service of process, the sufficiency of process, venue, or jurisdiction, and specifically
      reserves the right to assert any defenses and/or objections to which it may be entitled.

WHEREFORE, Mutual of Omaha respectfully requests that the above-captioned action stand
removed from the Massachusetts Superior Court to this Court.

                                    Respectfully Submitted,
                                    MUTUAL OF OMAHA INSURANCE
                                    COMPANY, by its attorneys,

Date:  July 1, 2016                 /s/ Brooks R. Magratten
                                    Brooks R. Magratten, Esq.  BBO#650393
                                    Mark A. Pogue, Esq.  BBO#550807
                                    Katharine E. Kohm, Esq.  BBO#675362
                                    PIERCE ATWOOD LLP
                                    72 Pine Street, 5th Floor
                                    Providence, RI  02903
                                    (401) 490-3422
                                    (401) 588-5166 (fax)
                                    bmagratten@pierceatwood.com
                                    mpogue@pierceatwood.com
                                    kkohm@pierceatwood.com

{W5604666.2}

## CERTIFICATE OF SERVICE

I certify that the within document was electronically filed with the clerk of the court on July 1, 2016, and that it is available for viewing and downloading from the Court's ECF system. Service by electronic means has been effectuated on all counsel of record.

Bennett H. Klein, BBO# 550702
GLBTQ Legal Advocates & Defenders
30 Winter St. Suite 800
Boston, MA 02108
617-426-1350
bklein@glad.org

John P. Ward, BBO# 515860
Law Offices of John P. Ward
584 Castro St., No. 802
San Francisco, CA 94114
415-255-4996
johnpward@gmail.com

/s/ Brooks R. Magratten

{W5604666.2}

JS 44 (Rev. 11/15)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

John Doe

**(b)** County of Residence of First Listed Plaintiff   Suffolk
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Bennett H. Klein, GLBTQ Legal Advocates & Defenders
30 Winter Street, Suite 800, Boston, MA  02108 (617) 426-1350
John Ward, 584 Castro St, San Francisco, CA 94114 (415) 255-4996

## DEFENDANTS

Mutual of Omaha Insurance Company

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
        THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Brooks R. Magratten, Esq.
Pierce Atwood LLP
72 Pine Street, Providence, RI  02903  (401) 490-3422

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
      Plaintiff

☐ 2  U.S. Government
      Defendant

☐ 3  Federal Question
      *(U.S. Government Not a Party)*

☒ 4  Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                              *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| | | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1  Original
      Proceeding

☒ 2  Removed from
      State Court

☐ 3  Remanded from
      Appellate Court

☐ 4  Reinstated or
      Reopened

☐ 5  Transferred from
      Another District
      *(specify)*

☐ 6  Multidistrict
      Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1441
Brief description of cause:
Long Term Care Insurance coverage dispute

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
N/A

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
07/01/2016

SIGNATURE OF ATTORNEY OF RECORD
/s/ Brooks R. Magratten

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only) John Doe v. Mutual of Omaha Insurance Company

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.   (See local rule 40.1(a)(1)).

   [ ]   I.     410, 441, 470, 535, 830*, 891, 893, 895, R.23, REGARDLESS OF NATURE OF SUIT.

   [✓]   II.    110, 130, 140, 160, 190, 196, 230, 240, 290,320,362, 370, 371, 380, 430, 440, 442, 443, 445, 446, 448, 710, 720, 740, 790, 820*, 840*, 850, 870,  871.

   [ ]   III.   120, 150, 151, 152, 153, 195, 210, 220, 245, 310, 315,  330, 340, 345, 350, 355, 360, 365, 367, 368, 375, 376, 385, 400, 422, 423, 450, 460, 462, 463, 465, 480, 490, 510, 530, 540, 550, 555,  625, 690, 751, 791, 861-865,  890, 896, 899, 950.

   *Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3. Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES [ ]    NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

   YES [ ]    NO [✓]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES [ ]    NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES [ ]    NO [✓]

7. Do all of the parties  in this action, excluding governmental agencies of the United States and the Commonwealth of Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES [ ]    NO [✓]

   A.   If yes, in which division do all of the non-governmental parties reside?

        Eastern Division [ ]        Central Division [ ]        Western Division [ ]

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division [✓]        Central Division [ ]        Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES [ ]    NO [✓]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME Brooks R. Magratten

ADDRESS Pierce Atwood LLP, 72 Pine Street, Providence, RI  02903

TELEPHONE NO. (401) 490-3422

(CategoryForm3-2016.wpd )