UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE, <br><br> Plaintiff, <br><br> v. <br><br> MUTUAL OF OMAHA INSURANCE COMPANY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 1:16-cv-11381-GAO <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **PROTECTIVE ORDER**

To expedite discovery, facilitate the prompt resolution of disputes over confidentiality, adequately protect confidential and/or proprietary material, and ensure that protection is afforded only to material so designated, pursuant to the Court's authority under Fed. R. Civ. P. 26(c) and by agreement of the parties, it is now ORDERED:

1.  <u>Confidential Documents</u>. This Order shall govern all documents produced or exchanged that are stamped or otherwise marked "Confidential." Pursuant to Fed. R. Civ. P. 26(c), the "Confidential" designation under this Order shall be used consistent with the legitimate and legally protectable interests of the parties to protect documents or information that constitute or contain trade secrets or other confidential research, development, or commercial information, as well as legitimate privacy interests. Other individuals or entities producing documents or information in this lawsuit may use the "Confidential" designation under this Order consistent with their legitimate interests to protect information that is confidential or proprietary. The parties may object to a third-party's confidentiality designation consistent with the provisions of paragraph 12.

2. <u>Scope of Confidential Designation</u>. The special treatment accorded the document(s) designated "Confidential" under this Order shall reach:

   (a)   All documents currently or hereafter designated "Confidential" under this Order;

   (b)   All copies, extracts, and complete or partial summaries prepared from such documents;

   (c)   Any portion of a deposition transcript or exhibit, or portion thereof, that discusses or refers to such documents, copies, extracts or summaries; and

   (d)   Any portion of any discovery answer or response, affidavit, declaration, brief, or other paper filed with the Court, or as an exhibit to such paper, that discusses or refers to such documents, copies, extracts or summaries.

3. <u>Restrictions on Disclosure of Confidential Documents</u>. Except with prior written consent of all parties asserting confidential treatment, and except as provided elsewhere in this Order, documents designated "Confidential" under this Order and all information contained in them or derived from them, may not be disclosed to any person other than:

   (a)   The parties and counsel of record for the parties;

   (b)   Secretaries, paralegal assistants, experts, and all other persons specifically employed by such counsel who are assisting in the prosecution and/or defense of this lawsuit; and

   (c)   The Court and its employees, the triers of fact, court reporters transcribing testimony and notarizing officers.

"Disclosure" is intended to be interpreted broadly, and means copying (including handwritten copies), exhibiting, showing, communicating, describing, allowing access to, or otherwise releasing to any person the documents subject to this Order or any of these documents' content, except as expressly authorized by this Order or by future Court order.

4. <u>Review of Own Confidential Documents</u>. The restrictions of this Order shall not apply to parties or nonparties, and their employees, attorneys, experts or their authorized agents, when reviewing their own confidential documents.

5. <u>Notice of Breach</u>. It shall be the obligation of counsel, upon hearing of any breach or threatened breach of this Order by any person, promptly to notify counsel for the opposing and producing parties of such breach or threatened breach.

6. <u>Use of Confidential Documents at Depositions</u>. Documents designated "Confidential" under this Order, and all information contained in them or derived from them, may be used or referred to at depositions. Any confidential documents marked as deposition exhibits shall be stamped "Confidential." When a party uses or refers to confidential documents or other information at a deposition, the portion of the deposition transcript that relates to such documents or information shall be treated as confidential under the provisions of this Order.

7. <u>Designating Portions of Deposition Transcripts Confidential</u>. Any party may, within 15 days after receiving a deposition transcript, designate portions of the transcript, or exhibits to it, as confidential. At the deposition, the parties will attempt in good faith to preliminarily identify and designate confidential testimony and exhibits without prejudice to their right to so designate other testimony or exhibits or withdraw such designation after receipt of the transcript. Confidential deposition testimony or exhibits may be so designated by stamping the exhibits "Confidential" or by underlining the portions of the pages that are confidential and stamping such pages "CONFIDENTIAL." Until expiration of the 15-day period, the entire deposition transcript, and all exhibits to it, will be treated as confidential under the provisions of this Order. If no party or nonparty timely designates testimony or exhibits from a deposition as being confidential, none of the deposition testimony or exhibits will be treated as

confidential. If a timely confidential designation is made, the confidential portions and exhibits shall be stamped confidential and be treated as confidential under the provisions of this Order.

8. <u>Use of Confidential Documents in Papers Filed with the Court</u>. Documents designated "Confidential" under this Order, and all information contained in them or derived from them, may be discussed or referred to in pleadings, motions, affidavits, briefs or other papers filed with the Court, or attached as exhibits to them, provided that such confidential documents and information, and any portion of any paper filed with the Court that discusses or refers to them, are separately filed under seal with the Clerk of this Court by placing them in a sealed envelope bearing the following statement:

> **FILED UNDER SEAL**
> **CONFIDENTIAL: This envelope contains information that is subject to the Protective Order of the Court in <u>Doe v. Mutual of Omaha</u>, C.A. No. 1:16-cv-11381-GAO, United States District Court, District of Massachusetts, and shall not be opened or otherwise made available in the public court file except on specific order of the court.**

If a party intends to file documents with the Court that have been designated as "Confidential" by another party, the filing party will give at least ten days' notice to all opposing parties of its intent to file such documents. The party who originally designated the documents as "Confidential" will bear the burden of requesting that the designated documents be permitted to be filed under seal.

9. <u>Use of Confidential Documents in Court</u>. Documents designated confidential under this Order, and all information contained in them or derived from them, may be used or offered into evidence at the trial of this suit, or at any court hearing in this litigation, provided that:

4

      (a)    Sufficient advance notice is given to permit the designating party or nonparty to seek additional protections or relief from the Court if desired; and

      (b)    The confidential documents and information, and any portion of any transcript or court paper where they are discussed or referred to, are separately filed under seal with the Clerk of this Court.

10.    <u>Litigation Use Only</u>. All documents produced in this suit that are confidential under this Order and all information contained in them or derived from them, shall be used solely for purposes of this lawsuit (including any appeals), and shall not be used for any other purpose, including business, governmental or commercial, or in any other administrative, arbitration or judicial proceedings or actions.

11.    <u>Non-Termination and Return of Documents</u>. The provisions of this Order shall continue to apply to all confidential documents and information after this suit has been terminated. Within 30 days after final conclusion of all aspects of this litigation, all confidential documents and all copies of the same (other than exhibits of record) shall be returned to the defendant or the person that produced such documents or, at the option of the producer (if it retains at least one copy of the same), destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than 60 days after final termination of this litigation. Alternatively, the producing party may agree in writing on appropriate methods of destruction. The provisions of this paragraph do not apply to copies of pleadings or motions filed with the Court.

12.    <u>Objections</u>. Either party may designate documents and other materials "confidential" pursuant to paragraph 1. Either party may object to any "confidential" designation in writing. The designating party (or third-party) must then move for a judicial declaration that the document or object in question shall be deemed "confidential" within 20

days of receipt of the objection or else the designation is waived. The parties shall treat all documents and other items designated as "confidential" in accordance with the requirements of this Order during the pendency of any motion or other procedure undertaken by the objecting party.

13. <u>Subpoena by Other Courts or Agencies</u>. If another court or an administrative agency subpoenas or orders production of confidential documents that a party has obtained under the terms of this Order, such party shall immediately notify, prior to any production of such documents under the subpoena, the party who designated the document as confidential of the service of such subpoena or order, and provide that party with sufficient time in which to object.

14. <u>No Admissions</u>. Nothing contained in this Order, nor any action taken in compliance with it, shall:

    (a)    Operate as an admission by any party that a particular document or information is, or is not, confidential; and

    (b)    Operate as an admission by any party that a particular document is, or is not, subject to discovery or admissible into evidence at the trial of this suit.

15. <u>Term</u>. This Order shall remain in effect until further order of this Court. The parties and the Court may revisit the terms of this Order after the close of discovery.

SO ORDERED:

_____
United States District Judge
1/31/17