UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
JOHN DOE,                            )
    Plaintiff                        )
                                     )
v.                                   )
                                     )   No. 1:16-cv-11381-GAO
MUTUAL OF OMAHA                      )
INSURANCE COMPANY,                   )
    Defendant                        )
_____)

**MEMORANDUM IN SUPPORT OF
DEFENDANT MUTUAL OF OMAHA INSURANCE COMPANY'S
MOTION TO COMPEL ANSWERS TO
<u>INTERROGATORIES PROPOUNDED TO PLAINTIFF</u>**

    Pursuant to Rule 37 of the Federal Rules of Civil Procedure and Rules 7.1 and 37.1 of the Local Rules of the United States District Court for the District of Massachusetts, Defendant Mutual of Omaha Insurance Company ("Mutual of Omaha") respectfully moves for this Court to issue an order compelling Plaintiff John Doe ("Plaintiff") to withdraw certain objections and answer or further answer each of Mutual of Omaha's interrogatories. A complete copy of Plaintiff's answers to Mutual of Omaha's interrogatories is appended hereto as <u>Exhibit A</u>.

**<u>The Nature of this Case</u>**

    The crux of this case is a challenge to Mutual of Omaha's underwriting requirements for its long-term care ("LTC") insurance. As permitted by law, Mutual of Omaha only insures those individuals who meet its underwriting requirements. <u>Life Ins. Ass'n of Massachusetts v. Commissioner of Ins.</u>, 530 N.E.2d 168, 171 (Mass. 1988). Relevant to this dispute, Mutual of Omaha declines to insure anyone using the medication "Truvada" regardless of the individual's race, gender, ethnicity, sexual orientation, age, etc. Mutual of Omaha declined Plaintiff's

application for LTC coverage based on his Truvada use. Plaintiff contends that Mutual of Omaha's LTC underwriting policy unfairly discriminates against homosexual males.

Mutual of Omaha initially designated Truvada as an uninsurable medication because the drug was approved for treatment of HIV-positive individuals. The basis for that decision was the fact that HIV positive individuals are likely to have a higher LTC claim experience than HIV negative individuals. Accordingly, Mutual of Omaha assessed the risks and determined not to insure individuals with a higher risk of claims. Truvada was later approved for use as part of an HIV prophylaxis protocol for individuals at high risk of acquiring an HIV infection. Truvada use does not eliminate the risk of acquiring HIV infection even when taken in compliance with and as part of that HIV prophylaxis protocol. Importantly, the HIV prophylaxis protocol requires patients to take Truvada daily and see their physicians every three months for testing and other health services. Furthermore studies have indicated a potentially significant incidence of sub-optimal compliance (or non-compliance) with HIV prophylaxis protocol guidelines among protocol participants. Mutual of Omaha classified the risks attendant to taking Truvada indicated for HIV prophylaxis protocol and elected not to insure any individuals, including Plaintiff, who take the drug.

## The Discovery Standard & the Nature of this Discovery Dispute

Rule 33 establishes that "[a]n interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33. Rule 26(b) allows:

> "discovery of any non-privileged material relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Fed. R. Civ. P. 26(b)(1).  The information or documents "need not be admissible in evidence to be discoverable." Id.

"As the recent amendments to Rule 26 make clear, the importance of the information sought to the requesting party's case and the burden on the producing party must be assessed as part of the Court's relevance determination." United Therapeutics Corp. v. Watson Labs., Inc., 200 F. Supp. 3d 272, 277 (D. Mass. 2016).  The Federal Rules of Evidence defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.  But, of course, Rule 26(b)(1) "permits liberal discovery of relevant information. As the Supreme Court has instructed, because discovery itself is designed to help define and clarify the issues, the limits set forth in Rule 26 must be construed broadly to encompass any matter that bears on or . . . that could bear on, any issue that is or may be in the case." Amoah v. Mckinney, No. CV 4:14-40181-TSH, 2016 WL 1698267, at *1 (D. Mass. Apr. 27, 2016) (citing In re New England Compounding Pharmacy, Inc. Products Liab. Litig., No. 13 MDL 2419, 2013 WL 6058483 (D. Mass. Nov. 13, 2013)).

Here, and as further described below, Plaintiff says he will not provide information concerning his medical history and treatment.  This refusal is overly broad and inappropriate in a case where Plaintiff has put his medical choices at the forefront of the controversy.  The medical information requested is relevant for two reasons.

First, Plaintiff contends in his Complaint that "scientific evidence demonstrates that [Truvada] is close to 100% effective in preventing HIV transmission." See Complaint, ¶ 1. While medical literature reports that Truvada can be effective in reducing the incidence of HIV infection, it is also clear that the effectiveness of Truvada in individual cases depends of the

patient's strict adherence to Truvada protocols, including taking the drug daily and regular examinations and screening by a treating physician. The cornerstone of Plaintiff's case rests on the reported effectiveness of Truvada. Yet if Plaintiff has not strictly complied with Truvada protocols, then the cornerstone erodes. Mutual of Omaha is entitled to determine, from a thorough review of Plaintiff's medical history and treatment, if he has complied with Truvada protocols.

Second, Plaintiff asks this Court to order Mutual of Omaha to issue him LTC coverage. An applicant for LTC coverage undergoes a rigorous review of their medical history and treatment as part of the underwriting process. Mutual of Omaha denied Plaintiff's application because of his Truvada use. Plaintiff also made many other representations about his health history in his application for LTC coverage and in a telephone interview. (Plaintiff did <u>not</u> disclose his Truvada prescription in his written application). Because Plaintiff is asking this Court to command Mutual of Omaha to issue him a LTC policy, Mutual of Omaha is entitled to test the veracity of the remaining representations in Plaintiff's application. If there are other medical reasons not to issue an LTC policy to Plaintiff, then those reasons should be revealed to Mutual of Omaha and the Court in discovery.

Finally, Mutual of Omaha points out that the parties have already negotiated—and the Court has already entered—a protective order that will permit either party to designate discovery materials "confidential." Materials so designated may not be disclosed beyond the parties, the Court and retained experts. Any privacy concerns Plaintiff may have already been addressed in the protective order.

**The Interrogatories, Answers, Objections and
Mutual of Omaha's Exceptions and Bases to Compel**

**INTERROGATORY NO. 1:** Identify each and every physician with whom you have treated or consulted since December 2009.

    **ANSWER:** Objection. Interrogatory number one is not germane or relevant to any party's claim or defense, and is therefore outside the scope of discovery permitted by Fed. R. Civ. P. 26(b)(l).

    Plaintiff Doe's claim in this case is that Mutual's blanket policy of denying long-term care insurance to any individual who takes the medication Truvada as prophylaxis for HIV is unlawful and violates Massachusetts anti-discrimination law. Mutual's defense is that its blanket policy of denying long-term care insurance to any individual who takes the medication Truvada as prophylaxis for HIV is based on legitimate underwriting considerations and therefore lawful.

    The only relevant or germane medical information in this case is the medical information that Mutual obtained from Doe in its underwriting process and relied upon to make the decision at issue in this case. Pursuant to its standard practices of reviewing an applicant's medical history in order to determine eligibility for insurance, Mutual requested and obtained from Doe an authorization to review medical records from his primary care physician. Mutual also conducted a telephone interview on January 9, 2015 in which it asked Doe questions about his medical history. After undertaking those steps, Mutual denied Doe long-term care insurance on February 9, 2015 solely because he takes the medication Truvada, pursuant to its blanket policy of excluding such individuals. Mutual has admitted that if Doe had not been taking the medication Truvada, it would have issued him the long-term care insurance policy for which he applied. Accordingly, Doe's medical history after February 9, 2015 is entirely irrelevant by reason of defendant's clear statement that its denial was based entirely on information acquired before that date and that Doe would have been issued a policy at the time of the denial if Doe had not been taking Truvada.

    For these reasons, an inquiry into the names of all of Doe's physicians from 2009 to present has no possible bearing on the claims or defenses of the parties, is far afield from the factual issues involving the lawfulness of Mutual's Truvada exclusion, and is sought for purposes other than discovery in this case.

    **MUTUAL OF OMAHA ARGUMENT:** As discussed above, Plaintiff's medical history, treatments, and compliance with healthcare directives, including but not limited his compliance with the HIV prophylaxis protocol, are relevant to Mutual of Omaha's defenses. If Plaintiff's records show sub-optimal compliance or non-compliance with such directives, then

his contentions regarding the effectiveness of Truvada erode. Moreover, because Plaintiff is seeking an order directing Mutual of Omaha to issue LTC coverage, Mutual of Omaha is entitled to test the veracity of Plaintiff's representations regarding his medical history in his application, and also review whether there are other medical reasons not to issue an LTC policy to Plaintiff. In this interrogatory, Mutual of Omaha is requesting identification of individuals, Plaintiff's physicians, who likely possess information regarding Plaintiff's medical history, which is relevant to Mutual of Omaha's defenses. There is no basis for Plaintiff to refuse to answer to this interrogatory.

**INTERROGATORY NO. 2:** Identify each and every health insurance coverage you have had since December 2009 and, for each, state:

(a) the name and address of the health insurer;

(b) the policy or group number under which you were covered; and

(c) dates of coverage.

**ANSWER:** Objection. For the reasons stated in the objection to interrogatory number one, information about Doe's health insurance is overly broad and not relevant to the claims or defenses of the parties and is therefore beyond the scope of discovery permitted by Fed R. Civ. P. 26(b)(l).

**MUTUAL OF OMAHA ARGUMENT:** Plaintiff's health insurance coverage is relevant to Plaintiff's history of claims for medical treatments and medications. As stated above, because Plaintiff is seeking an order directing Mutual of Omaha to issue LTC coverage, Mutual of Omaha is entitled to test the veracity of Plaintiff's representations regarding the medical history stated in his application and also review whether there are other medical reasons not to issue an LTC policy to Plaintiff. There is no basis for Plaintiff to refuse to answer to this interrogatory.

**INTERROGATORY NO. 3:** State why you began taking Truvada and identify:

    (a)    all persons having knowledge of the facts stated in response to this interrogatory;

    (b)    all documents pertaining to the facts stated in response to this interrogatory; and

    (c)    the date on which you began taking Truvada.

    **ANSWER:** Objection. Interrogatory number three, and paragraphs (a) and (b), are not germane or relevant to any party's claim or defense, and is therefore outside the scope of discovery permitted by Fed. R. Civ. P. 26(b)(l). Mutual's defense in this case is that it categorically excludes from long-term care insurance every individual who takes the medication Truvada regardless of the reason. That was the basis for its decision to deny long-term care insurance to Doe. Mutual does not inquire about the reasons a person takes Truvada or make underwriting decisions utilizing such information. As such, inquiry into the reasons that Doe began taking Truvada is beyond the scope of discovery permitted by Fed. R. Civ. P. 26(b)(1), unduly intrusive, and calculated to obtain information for purposes other than discovery. Interrogatory number three also seeks information protected by the physician-patient privilege.

    Without waiving this specific or any general objection, Doe answers paragraph (c) as follows: I obtained a prescription for Truvada on November 10, 2014. I began taking Truvada towards the end of November 2014 or the beginning of December 2014.

    **MUTUAL OF OMAHA ARGUMENT:** The relevance of this interrogatory is evident as it goes to the core of this case – Plaintiff contends that "[Truvada] is close to 100% effective in preventing HIV transmission" in, apparently, all cases. See Complaint, ¶ 1. Mutual of Omaha is entitled discover why in this particular case, Plaintiff's case, Truvada was prescribed to him and the circumstances of how that prescription came about. There is no basis for Plaintiff to refuse to answer to this interrogatory.

**INTERROGATORY NO. 4:** State who prescribed Truvada for you and why.

    **ANSWER:** Objection. The reasons that Doe was prescribed Truvada are not germane or relevant to the claims or defenses in this case for the reasons and objections set forth in the objection to interrogatory number 3.

    Without waiving this specific or any general objection, and subject to them, Doe answers as follows: I was prescribed Truvada by Ronald Katz, M.D. It is a medication used as preexposure prophylaxis for HIV.

**MUTUAL OF OMAHA ARGUMENT:** The relevance of the question is evident as it goes to the core of this case – Plaintiff contends that "[Truvada] is close to 100% effective in preventing HIV transmission" in, apparently, all cases. See Complaint, ¶ 1. Mutual of Omaha is entitled discover why in this particular case, Plaintiff's case, Truvada was prescribed and the circumstances of how that came about. There is no basis for Plaintiff to refuse to answer to this interrogatory.

**INTERROGATORY NO. 11:** State each and every fact upon which you rely in alleging, in paragraph 25 of the Complaint, that the Defendant's denial of Plaintiff's application was based on:

(a) bias against gay men;

(b) negative beliefs about gay male sexuality;

(c) stereotypes that gay male sexuality is inherently risky and unhealthy; and

(d) false and unscientific beliefs about the contagion of HIV and identify all witnesses with knowledge of the facts stated in response to this interrogatory and all documents pertaining to the facts stated in response to this interrogatory.

**ANSWER:** Objection. Interrogatory number 11 calls for information that is in the possession of the defendant and is the subject of discovery in this case. In addition, interrogatory number is a premature contention interrogatory that relates to fact or the application of law to fact that should properly be deferred to a later stage in the litigation pursuant to Fed. R. Civ. P. 33(a)(2).

**MUTUAL OF OMAHA ARGUMENT:** Plaintiff's objection lacks merit. In interrogatory no. 11 Mutual of Omaha asks Plaintiff to provide facts to support the central allegation in his Complaint – Mutual of Omaha's alleged discrimination. See Complaint ¶ 25

(reproduced above).  If Plaintiff has any information pertaining to his allegations in this regard, Mutual of Omaha is entitled to discover it.

**INTERROGATORY NO. 12:**  State each and every fact upon which you rely in alleging, in paragraph 26 of the Complaint, that Defendant in denying Plaintiff's application, "failed to treat [Plaintiff] in accordance with an actual and accurate classification of his risk because of myths, stereotypes and negative attitudes about the nature and riskiness of [Plaintiff's] sexuality because he is a gay man, and about gay male sexuality in general" and identify:

    (a)    all persons having knowledge of the facts stated in response to this interrogatory;

    (b)    all documents pertaining to the facts stated in response to this interrogatory.

    **ANSWER:**  Objection. Interrogatory number 12 calls for information that is in the possession of the defendant and is the subject of discovery in this case. In addition, interrogatory number 12 is a premature contention interrogatory that relates to fact or the application of law to fact that should properly be deferred to a later stage in the litigation pursuant to Fed. R. Civ. P. 33(a)(2).

    **MUTUAL OF OMAHA ARGUMENT:**  Plaintiff's objection lacks merit.  In interrogatory no. 12 Mutual of Omaha asks Plaintiff to provide facts to support the central allegation in his Complaint – Mutual of Omaha's alleged discrimination. See Complaint ¶ 26 (reproduced above).  If Plaintiff has any information pertaining to his allegations in this regard, Mutual of Omaha is entitled to discover it.

**INTERROGATORY NO. 13:**  State each and every fact upon which you rely in alleging, in paragraph 27 of the Complaint, that by denying Plaintiff's application Defendant "engaged in unfair and discriminatory classification of risk by failing to treat [Plaintiff] the same as other persons of the same risk, based on myths, fears and stereotypes about the nature and riskiness of

[Plaintiff's] sexuality because he is a gay man, and about gay male sexuality in general" and identify:

    (a)    all persons having knowledge of the facts stated in response to this interrogatory; and

    (b)    all documents pertaining to the facts stated in response to this interrogatory.

**ANSWER:** Objection. Interrogatory number 13 calls for information that is in the possession of the defendant and is the subject of discovery in this case. In addition, interrogatory number is a premature contention interrogatory that relates to fact or the application of law to fact that should properly be deferred to a later stage of discovery in this case pursuant to Fed. R. Civ. P. 33(a)(2).

**MUTUAL OF OMAHA ARGUMENT:** Plaintiff's objection lacks merit. In interrogatory no. 13 Mutual of Omaha asks Plaintiff to provide facts to support the central allegation in his Complaint – Mutual of Omaha's alleged discrimination. See Complaint ¶ 27 (reproduced above). If Plaintiff has any information pertaining to his allegations in this regard, Mutual of Omaha is entitled to discover it.

**INTERROGATORY NO. 14:** State each and every fact upon which you rely in alleging, in paragraph 28 of the Complaint, that Defendant "failed to treat [Plaintiff] in accordance with the actual and accurate classification of his risk because of myths, stereotypes, and unscientific beliefs about the transmission of HIV" and identify:

    (a)    all persons having knowledge of the facts stated in response to this interrogatory; and

    (b)    all documents pertaining to the facts stated in response to this interrogatory.

**ANSWER:** Objection. Objection. Interrogatory number 14 calls for information that is in the possession of the defendant and is the subject of discovery in this case. In addition, interrogatory number is a premature contention interrogatory that relates to fact or the

application of law to fact that should properly be deferred to a later stage in this litigation pursuant to Fed. R. Civ. P. 33(a)(2).

**MUTUAL OF OMAHA ARGUMENT**:  Plaintiff's objection lacks merit.  In interrogatory no. 14 Mutual of Omaha asks Plaintiff to provide facts to support the central allegation in his Complaint – Mutual of Omaha's alleged discrimination. See Complaint ¶ 28 (reproduced above).  If Plaintiff has any information pertaining to his allegations in this regard, Mutual of Omaha is entitled to discover it.

**INTERROGATORY NO. 15**:  State each and every fact upon which you rely in alleging, in paragraph 29 of the Complaint, that Defendant "engaged in unfair and discriminatory classification of risk by failing to treat [Plaintiff] the same as other persons of the same risk, based on myths, stereotypes, and unscientific beliefs about the transmission of HIV" and identify:

    (a)    all persons having knowledge of the facts stated in response to this interrogatory; and

    (b)    all documents pertaining to the facts stated in response to this interrogatory.

**ANSWER**:  Objection. Interrogatory number 15 calls for information that is in the possession of the defendant and is the subject of discovery in this case. In addition, interrogatory number is a premature contention interrogatory that relates to fact or the application of law to fact that should properly be deferred to a later stage in this litigation pursuant to Fed. R. Civ. P. 33(a)(2).

**MUTUAL OF OMAHA ARGUMENT**:  Plaintiff's objection lacks merit.  In interrogatory no. 15 Mutual of Omaha asks Plaintiff to provide facts to support the central allegation in his Complaint – Mutual of Omaha's alleged discrimination. See Complaint ¶ 29 (reproduced above).  If Plaintiff has any information pertaining to his allegations in this regard, Mutual of Omaha is entitled to discover it.

**INTERROGATORY NO. 16:** State each and every facts upon which you rely in alleging, in paragraph 32, that "Plaintiff . . . is within the protected class of the prohibition on disability discrimination in M.G.L.c. 272, § 98 because defendant . . . regarded him as disabled within the meaning of M.G.L.c. 151B, § 1 (17)" and identify:

 (a) all persons having knowledge of the facts stated in response to this interrogatory; and

 (b) all documents pertaining to the facts stated in response to this interrogatory.

 **ANSWER:** Objection. Objection. Interrogatory number 16 calls for information that is in the possession of the defendant and is the subject of discovery in this case. In addition, interrogatory number 16 is a premature contention interrogatory that relates to fact or the application of law to fact that should properly be deferred to a later stage in this litigation pursuant to Fed. R. Civ. P. 33(a)(2).

 **MUTUAL OF OMAHA ARGUMENT:** Plaintiff's objection lacks merit. In interrogatory no. 16 Mutual of Omaha asks Plaintiff to provide facts to support the central allegation in his Complaint – Mutual of Omaha's alleged discrimination. See Complaint ¶ 32 (reproduced above). If Plaintiff has any information pertaining to his allegations in this regard, Mutual of Omaha is entitled to discover it.

**INTERROGATORY NO. 17:** State each and every fact upon which you rely in alleging, in paragraph 35, that the Defendant "discriminated against Plaintiff ... in access to a place of public recommendation based on sexual orientation in violation of M.G.L.c. 272, § 98 and identify:

 (a) all persons having knowledge of the facts stated in response to this interrogatory; and

 (b) all documents pertaining to the facts stated in response to this interrogatory.

 **ANSWER:** Objection. Interrogatory number 17 is overly broad and calls for expert testimony. Interrogatory number 17 also calls for information that is in the possession of the

defendant and is the subject of discovery in this case. Further, interrogatory number 17 is a premature contention interrogatory that relates to fact or the application of law to fact that should properly be deferred to a later stage in this litigation pursuant to Fed. R. Civ. P. 33(a)(2).

**MUTUAL OF OMAHA ARGUMENT:** Plaintiff's objection lacks merit. In interrogatory no. 17 Mutual of Omaha asks Plaintiff to provide facts to support the central allegation in his Complaint – Mutual of Omaha's alleged discrimination. See Complaint ¶ 35 (reproduced above). If Plaintiff has any information pertaining to his allegations in this regard, Mutual of Omaha is entitled to discover it.

### Conclusion

WHEREFORE, Defendant Mutual of Omaha Insurance Company respectfully requests this Court to order Plaintiff John Doe to, within twenty days (20) days of this Court's ruling:

1. withdraw all objections to the Interrogatories as addressed above, and
2. answer or further answer the Interrogatories as addressed above, and

Respectfully submitted,
MUTUAL OF OMAHA
INSURANCE COMPANY,
By Its Attorneys,

June 9, 2017

*/s/ Brooks R. Magratten*
Brooks R. Magratten, Esq. BBO#650393
Katharine Kohm, Esq. BBO#675362
PIERCE ATWOOD LLP
72 Pine Street, 5th Floor
Providence, RI 02903
(401) 490-3422
(401) 588-5166 (fax)
bmagratten@pierceatwood.com
kkohm@pierceatwood.com

## **CERTIFICATION OF ATTORNEY**

I, Brooks Magratten (BBO #650393), hereby certify that pursuant to Rules 7.1 and 37.1 of the Local Rules of the United States District Court for the District of Massachusetts, I made a good faith effort to confer with Bennett H. Klein, Plaintiff's counsel, to resolve or narrow the discovery impasse at issue in this motion.

                                                */s/ Brooks R. Magratten*

                                                Brooks R. Magratten, Esq. BBO#650393

## **CERTIFICATE OF SERVICE**

I certify that the within document was electronically filed with the clerk of the court on June 9, 2017, and that it is available for viewing and downloading from the Court's ECF system. Service by electronic means has been effectuated on all counsel of record.

Bennett H. Klein, BBO# 550702
GLBTQ Legal Advocates & Defenders
30 Winter St. Suite 800
Boston, MA 02108
617-426-1350
bklein@glad.org

John P. Ward, BBO# 515860
Law Offices of John P. Ward
584 Castro St., No. 802
San Francisco, CA 94114
415-255-4996
johnpward@gmail.com

                                            /s/     *Brooks R. Magratten*