# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHN DOE,<br><br>      Plaintiff,<br><br>v.<br><br>MUTUAL OF OMAHA INSURANCE COMPANY,<br><br>      Defendant. | C.A. No. 1:16-cv-11381-GAO |

## PLAINTIFF JOHN DOE'S RESPONSES TO DEFENDANT'S FIRST AND SECOND SETS OF DOCUMENT REQUESTS

Plaintiff John Doe responds as follows to Defendant's First and Second Sets of Document Requests.

### GENERAL OBJECTIONS

Plaintiff John Doe objects generally to Defendant's First and Second Sets of Document Requests on the following grounds:

1.  Plaintiff objects to the extent Defendant's document requests are overly broad, unduly burdensome, vague, disproportionate to the needs of the case and otherwise beyond the scope of permissible discovery.

2.  Plaintiff objects to the document requests to the extent the information requested is protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privilege or discovery immunity. Any inadvertent disclosure of material protected by the attorney-client privilege, the work product doctrine or any other applicable privilege or discovery immunity is not intended and shall not constitute a waiver.

{W6093280.1}

3. Plaintiff objects to Defendant's "Instructions" and "Definitions" to the extent they seek to require answers, information, identification of documents or persons or things, supplementation or to impose any obligations beyond what is permitted by the Federal Rules of Civil Procedure and any applicable Local Rules of the District of Massachusetts.

4. Plaintiff objects to any request that calls for documents protected by the physician-patient privilege, HIPAA, Massachusetts General Law Chapter 111, Section 70F or any other state or federal privilege attaching to medical records and information.

5. Plaintiff objects to Defendant's requests to the extent that they request documents "pertaining to" Doe's responses to interrogatories, as the phrase "pertaining to" is vague, undefined, and overly broad.

## REQUESTS

**REQUEST NO. 1:** All records of any medical treatment, consultation, examination, test or procedure you have undergone since December 2009.

RESPONSE: Objection. Document request number one calls for documents protected by the patient-physician privilege, HIPAA, and M.G.L. c. 111, Section 70F. In addition, document request one is not germane or relevant to any party's claim or defense, and is therefore outside the scope of discovery permitted by Fed. R. Civ. P. 26(b)(1).

Plaintiff Doe's claim in this case is that Mutual's blanket policy of denying long-term care insurance to any individual who takes the medication Truvada as prophylaxis for HIV is unlawful and violates Massachusetts anti-discrimination law. Mutual's defense is that its blanket policy of denying long-term care insurance to any individual who takes the medication Truvada as prophylaxis for HIV is based on legitimate underwriting considerations and therefore lawful.

The only relevant or germane medical information in this case is the medical information that Mutual obtained from Doe in its underwriting process and relied upon to make the decision at issue in this case. Pursuant to its standard practices of reviewing an applicant's medical history in order to determine eligibility for insurance, Mutual requested and obtained from Doe an authorization to review medical records from his primary care physician. Mutual also conducted a telephone interview on January 9, 2015 in which it asked Doe questions about his medical history. After undertaking those steps, Mutual denied Doe long-term care insurance on February 9, 2015 solely because he takes the medication Truvada, pursuant to its blanket policy of excluding such individuals. Mutual has admitted that if Doe had not been taking the medication Truvada, it would have issued him the long-term care insurance policy for which he applied. Accordingly, Doe's medical history after February 9, 2015 is entirely irrelevant by reason of defendant's clear statement that its denial was based entirely on information acquired before that date and that Doe would have been issued a policy at the time of the denial if Doe had not been taking Truvada.

For these reasons, an inquiry into the records of all medical treatment, consultation, examination, tests or procedures Doe has undergone from 2009 to present has no possible bearing on the claims or defenses of the parties, is far afield from the factual issues involving the lawfulness of Mutual's Truvada exclusion, is overly broad as to time, and is sought for purposes other than discovery in this case.

**REQUEST NO. 2:** All documents pertaining to your response to interrogatory No. 2.

RESPONSE: Objection. See objection to interrogatory number two which is incorporated herein.

**REQUEST NO. 3:** All documents pertaining to your response to interrogatory No. 4.

**RESPONSE:** Objection. See objection to interrogatory numbers 2, 3, and 4, which are incorporated herein.

**REQUEST NO. 4:** All documents pertaining to your response to interrogatory No. 5.

**RESPONSE:** Objection. See objection to interrogatory number five, referencing plaintiff's objections to interrogatories 1-4, which are incorporated herein.

Without waiving this specific or any general objection, the plaintiff will produce documents constituting pharmacy records demonstrating the dates he filled and obtained prescriptions for Truvada.

**REQUEST NO. 5:** All documents pertaining to any medication (other than Truvada) or treatment you have had for the prevention of an HIV infection since December 2009.

**RESPONSE:** Objection. Document request number five is vague, unclear, overly broad, and is not relevant to any claim or defense in this action and therefore is outside the scope of discovery set forth in Fed. R. Civ. P. 26(b)(1).

Without waiving this specific or any general objection, Doe states that he has no responsive records in his possession, custody or control.

**REQUEST NO. 6:** All documents pertaining to your response to interrogatory No. 7.

{W6093280.1}                                4

RESPONSE: Objection. See objection to interrogatory number seven. Without waiving this objection, Doe states that he has no responsive records in his possession, custody or control.

**REQUEST NO. 7**:  All documents pertaining to your response to Interrogatory No. 8.

RESPONSE: Objection. See objection to interrogatory number 8. Without waiving this objection, Doe states that he has no responsive documents in his possession, custody or control.

**REQUEST NO. 8**:  All documents pertaining to the risks and efficacy of Truvada.

RESPONSE: Objection. Document request eight is vague, overly broad, and unduly burdensome and not clear whether it relates to the use of Truvada as treatment for HIV disease or as HIV preexposure prophylaxis. Further, document request eight calls for information connected to an expert opinion and such documents as plaintiff's expert relies upon will be identified in connection with the appropriate expert opinions, disclosures and reports in this case pursuant to the Court's Scheduling Order.

**REQUEST NO. 9**:  All documents pertaining to your response to interrogatory No. 11.

RESPONSE: Objection. See objection to interrogatory number 11 which is incorporated herein.

**REQUEST NO. 10**:  All documents pertaining to your response to interrogatory No. 12.

RESPONSE: Objection. See objection to interrogatory number 12 which is incorporated herein.

**REQUEST NO. 11:** All documents pertaining to your response to interrogatory No. 13.

**RESPONSE:** Objection. See objection to interrogatory number 13 which is incorporated herein.

**REQUEST NO. 12:** All documents pertaining to your response to interrogatory No. 14.

**RESPONSE:** Objection. See objection to interrogatory number 14 which is incorporated herein.

**REQUEST NO. 13:** All documents pertaining to your response to interrogatory No. 15.

**RESPONSE:** Objection. See objection to interrogatory number 15 which is incorporated herein.

**REQUEST NO. 14:** All documents pertaining to your response to interrogatory No. 16.

**RESPONSE:** Objection. See objection to interrogatory number 16 which is incorporated herein.

**REQUEST NO. 15:** All documents pertaining to your response to Interrogatory No. 17.

**RESPONSE:** Objection. See objection to interrogatory number 17 which is incorporated herein.

**REQUEST NO. 16:** All documents, not otherwise produced, that you sent to or received from the defendant since December 2009.

RESPONSE: Doe will produce all such documents in his possession, custody or control other than documents provided in his initial disclosure to defendant.

**REQUEST NO. 17:** All documents you sent to or received from the Ash Brokerage since December 2009 pertaining to long term care coverage.

RESPONSE: Objection. Request 17 is overly broad and not relevant to any claim or issue in this case. Without waiving this objection and subject to it, Doe will produce any documents in his possession, custody or control not already provided in his initial disclosure to defendant.

**REQUEST NO. 18:** All documents you sent to or received from any insurance agent or broker since December 2009 pertaining to long term care coverage.

RESPONSE: Objection. Document request number 18 is overly broad and not relevant to any claim or defense of the parties in this case. Without waiving this objection, Doe will produce all such documents in his possession, custody or control not already produced in his initial disclosure to defendant.

**REQUEST NO. 19:** All documents you sent to or received from J.D. Loden or Loden Wealth Management, Inc. since December 2009 pertaining to long term care insurance.

RESPONSE: Objection. Document request number 19 is overly broad and not relevant to any claim or defense of the parties in this case. Without waiving this objection, Doe will produce all such documents in his possession, custody or control not already produced to defendant in his initial disclosure.

Respectfully submitted,

PLAINTIFF JOHN DOE,
By his attorneys,

_5\19\17_
Dated

_____
Bennett H. Klein (BBO #550702)
GLBTQ Legal Advocates & Defenders
30 Winter Street, Suite 800
Boston, MA 02108
(617) 426-1350
bklein@glad.org

_____
John P. Ward (BBO #515860)
LAW OFFICES OF JOHN P. WARD
584 Castro Street, No. 802
San Francisco, CA 94114
johnpward@gmail.com

## CERTIFICATE OF SERVICE

I, Bennett H. Klein, counsel for Plaintiff John Doe, hereby certify that on this 19th day of May, 2017, I served a copy of Plaintiff John Doe's Responses to Defendant's First and Second Sets of Document Requests upon Brooks R. Magratten, counsel for Defendant Mutual of Omaha Insurance Company, by overnight mail to his address, Pierce Atwood LLP, 72 Pine Street, Providence, RI 02902.

_____
Bennett H. Klein