UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
JOHN DOE,                              )
    Plaintiff                          )
                                       )
v.                                     )
                                       )    No. 1:16-cv-11381-GAO
MUTUAL OF OMAHA                        )
INSURANCE COMPANY,                     )
    Defendant                          )
_____)

**DEFENDANT MUTUAL OF OMAHA INSURANCE COMPANY'S OBJECTION TO PLAINTIFF'S MOTION TO QUASH SUBPOENA TO RONALD KATZ, M.D. AND FOR PROTECTIVE ORDER AS TO SCOPE OF DISCOVERY INTO DOE'S MEDICAL AND HEALTH INFORMATION**

Defendant Mutual of Omaha Insurance Company ("Mutual of Omaha") objects to Plaintiff John Doe's "Motion To Quash Subpoena to Ronald Katz, M.D. and for Protective Order as to Scope of Discovery into Doe's Medical and Health Information." (Doc. # 29, 30).

### Introduction

Plaintiff has refused to disclose his medical and health history and treatments. See also, Mutual of Omaha's motions to compel documents and interrogatory answers (Doc. #38, 39, 40, 41). This time, Plaintiff wants to quash a third-party subpoena duces tecum served on his doctor and place an entire area of relevant inquiry "off limits" at his upcoming deposition. Plaintiff claims that his health information is not relevant. His position is unfounded. This is a case where Plaintiff's health history and his own medical choices are central to the claims and defenses asserted.

Plaintiff's Complaint challenges Mutual of Omaha's underwriting guidelines regarding long-term care ("LTC") insurance. Mutual of Omaha will not insure Plaintiff or anyone else who uses the medication "Truvada" regardless of that individual's race, gender, ethnicity, sexual

{W6197706.1}                                    1

orientation, age, etc.   Truvada is a drug indicated for two purposes: (1) as a treatment for HIV-positive individuals and (2) as part of a multi-step HIV prophylaxis protocol for HIV-negative individuals who are at high risk of acquiring an HIV infection.  (See Exhibit A - CDC Truvada Information).  Mutual of Omaha determined that HIV positive individuals, and those at high risk of acquiring an HIV infection, are likely to have a higher LTC claim experience and therefore Mutual of Omaha reasonably declines to take on the risk associated with insuring these individuals.  See Life Ins. Assn. of Massachusetts v. Commissioner of Ins., 530 N.E.2d 168, 171 (Mass. 1988) ("The basic principle underlying statutes governing underwriting practices is that insurers have the right to classify risks and to elect not to insure risks if the discrimination is fair.").

With respect to HIV-negative users of Truvada, like Plaintiff, Mutual of Omaha's underwriting guidelines decline coverage because the efficacy of Truvada—for individuals who are at high risk of acquiring HIV—is dependent on the patient's dedicated compliance with this multi-part HIV prophylaxis protocol.  Moreover, studies have indicated a potentially significant incidence of sub-optimal compliance (or non-compliance) with that HIV prophylaxis protocol, which obviously undercuts the drug's effectiveness.  (See Exhibit B - NYT Article).

Plaintiff's medical and health information—both historically and to date—is important to this dispute.  Plaintiff's case rests on his assertion that "[Truvada] is close to 100% effective in preventing HIV transmission."  See Complaint, ¶ 1.  More accurately, the effectiveness of Truvada in individual cases depends on the patient's adherence to Truvada protocols, including taking the drug daily, engaging in safe sex practices, and undergoing regular examinations and screening by a treating physician.  The cornerstone of Plaintiff's case rests on the reported effectiveness of Truvada.  Yet if Plaintiff has not strictly complied with Truvada protocols, then

the cornerstone of his case erodes. Plaintiff's own compliance or non-compliance with Truvada protocols reflects on the reasonableness of Mutual of Omaha's underwriting decisions. Mutual of Omaha is entitled to determine, from a thorough review of Plaintiff's medical and health information, why he is taking Truvada and if he is using that medication correctly.

Secondly, Plaintiff has asked this Court to order Mutual of Omaha to issue him LTC coverage. An applicant for LTC coverage undergoes a thorough review of his/her medical history and treatments as part of the underwriting process. Mutual of Omaha denied Plaintiff's application because of his Truvada use. Importantly, Plaintiff did not disclose his Truvada prescription in his written application.[1] Plaintiff also made other representations about his health history in his application and during a telephone interview. Because Plaintiff is asking this Court to require Mutual of Omaha to issue him a LTC policy, Mutual of Omaha is entitled to test the veracity of the remaining representations in Plaintiff's application. If there are other medical conditions that were not disclosed by Plaintiff in his application or other medical reasons not to issue an LTC policy to Plaintiff, then those reasons should be brought to light through discovery of Plaintiff's medical and health information.[2]

## Legal Standards & Arguments

### A. The Information Requested is Relevant

"When a party resists the production of evidence, it 'bears the burden of establishing lack of relevancy or undue burden.'" Autoridad de Carreteras y Transportacion v. Transcore Atl., Inc., No. 15-1924 (FAB), 2016 WL 7030972, at *2 (D.P.R. Dec. 2, 2016). Plaintiff's primary

---

[1] Plaintiff claims he did not start taking Truvada until after he applied for LTC coverage on December 28, 2014. A note from Dr. Katz, however, indicates that he started a Truvada prescription on November 10, 2014.

[2] Plaintiff's medical conditions, even if they do not disqualify him from LTC coverage outright, could affect the amount of premiums to be charged for coverage.

gripe with Defendant's discovery of his health and medical information is that it is not relevant. Plaintiff misses the mark. "Under Fed. R. Civ. P. 26, a party is entitled to discover any non-privileged matter that is relevant to any party's claim or defense." Harden v. Boston Sci. Corp., No. 15-CV-11503-MLW, 2017 WL 1396009, at *1 (D. Mass. Apr. 18, 2017). This rule "permits liberal discovery of relevant information[, and] as the Supreme Court has instructed, because discovery itself is designed to help define and clarify the issues, the limits set forth in Rule 26 must be construed broadly to encompass any matter that bears on or . . . that could bear on, any issue that is or may be in the case." Amoah v. Mckinney, No. CV 4:14-40181-TSH, 2016 WL 1698267, at *1 (D. Mass. Apr. 27, 2016) (citing In re New England Compounding Pharmacy, Inc. Products Liab. Litig., No. 13 MDL 2419, 2013 WL 6058483 (D. Mass. Nov. 13, 2013)). See, also, Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). With respect to depositions, in particular, "because of [their] nature, the deposition process provides a means to obtain more complete information and is, therefore, favored." Autoridad de Carreteras y Transportacion, at *12 (quoting Marker v. Union Fidelity Life Ins. Co., 125 F.R.D. 121, 126 (M.D.N.C. 1989)).

The relevancy and discoverability of Plaintiff's health and medical information is evident. First, the cornerstone of Plaintiff's case rests on the reported effectiveness of Truvada. If Plaintiff himself has not complied with Truvada protocols, then that fact undermines Plaintiff's key contention. Plaintiff's medical and health history and treatment, including compliance with Truvada protocols, bears on a "fact … of consequence in determining the action" – whether the efficacy of Truvada actually achieves what Plaintiff asserts and whether – as Plaintiff also asserts – there is no legitimate basis for Mutual of Omaha's underwriting practice with respect to

Truvada. Green v. Cosby, 2017 U.S. Dist. LEXIS 55229, at *8 (D. Mass. 2017). Mutual of Omaha is entitled to know, at a minimum:

-Why Plaintiff is taking Truvada?

-Why is he at high risk of an HIV infection?

-Is Plaintiff an appropriate candidate for Truvada therapy?

-Has he complied with protocols to minimize the risk of HIV transmission?

Second, Plaintiff made many representations about his health history in his application for LTC coverage and in a telephone interview. Importantly, Plaintiff did not disclose his Truvada prescription in his written application. Because Plaintiff is demanding an LTC policy, Mutual of Omaha is entitled to test the veracity of the remaining representations in Plaintiff's application. If there are other medical reasons that were not disclosed by Plaintiff and other medical reasons not to issue an LTC policy, then those reasons should be revealed. Indeed, discovery is not "limited to material that might be deemed relevant and admissible at trial," rather it "is a[n] investigatory tool intended to help litigants gain an understanding of the key persons, relationships, and evidence in a case and, as this case well illustrates, the veracity of those persons and purported evidence, even if the evidence discovered is later deemed not admissible." Liguria Foods, Inc. v. Griffith Labs., Inc., No. C 14-3041-MWB, 2017 WL 976626, at *7 (N.D. Iowa Mar. 13, 2017) (quoting Sentis Grp., Inc. v. Shell Oil Co., 763 F.3d 919, 925 (8th Cir. 2014)); see also Davidson Pipe Co. v. Laventhol & Horwath, 120 F.R.D. 455, 462 (S.D.N.Y. 1988) (explaining that the prime considerations regarding discovery for purposes of impeachment are the "relationship between the subject matter of the prior deceptive act and that of the instant litigation" and "the extent to which the prior act, even if deceptive, occurred in a context where there is a premium on veracity [noting that] employment applications, and even

applications for credit carry an obligation for truthfulness, so that falsehoods in such situations may be probative of a lack of credibility").

Here, whether Plaintiff has truthfully disclosed all information in his LTC application, which was made in a "context where there is a premium on veracity" is a key concern and a legitimate area of inquiry. Moreover, to the extent Plaintiff's health circumstances have changed since he first applied for LTC coverage in December 2014, that too is relevant and discoverable given Plaintiff's demand that the Court force Mutual of Omaha to issue him LTC coverage.

### B. There is no Basis for Another Protective Order

While a liberal standard for discovery is the benchmark, Mutual of Omaha acknowledges that a court may issue protective orders per Rule 26(c) to limit the extent and manner of discovery primarily to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Such orders are only permitted "for good cause," id., and the party seeking the protective order "bears the burden of establishing good cause and a specific need for protection." Autoridad de Carreteras y Transportacion v. Transcore Atl., Inc., No. 15-1924 (FAB), 2016 WL 7030972, at *12 (D.P.R. Dec. 2, 2016) (citing Pub. Citizen v. Liggett Grp., Inc., 858 F.2d 775, 779 (1st Cir. 1988)). "A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements." Id. (quoting Anderson v. Cryovac, Inc., 805 F.2d 1, 7 (1st Cir. 1986)); see also Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3rd Cir. 1994) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing.").

However, here, the parties already negotiated—and this Court has already entered—a joint protective order that will permit either party to designate discovery materials "confidential." (Doc. # 26, 28.) Materials so designated may not be disclosed beyond the parties, the Court, and

retained experts. Id.  Plaintiff's potential privacy concerns have already been addressed in the existing protective order.  Plaintiff's request for a second and therefore redundant protective order is baseless.  Indeed Plaintiff's Motion does not even mention this prior order nor does he try to explain the "particular factual demonstration of potential harm" that could ensue were his medical and health records disclosed pursuant to this joint protective order.  See, e.g. Waite, Schneider, Bayless & Chesley Co. L.P.A. v. Davis, No. 1:11-CV-0851, 2013 WL 146362, at *6 (S.D. Ohio Jan. 14, 2013) (recounting that "documents are confidential 'is not in itself grounds for quashing a subpoena," "observing that the [party opposing the subpoena] does not argue that the non-parties' disclosure of the requested documents could not be accomplished under the terms of the current protective order" and "[c]onsequently, the motion to quash the subpoenas directed to [the non-parties]" was denied) (quoting Hackmann, 2009 WL 330314, at *2) (emphasis added).

**C. There is no Basis to Quash a Non-Party Subpoena to Dr. Katz**

With respect to subpoenas, "as a general rule, a party lacks standing to quash a subpoena issued to a nonparty unless the information sought is privileged or implicates the party's privacy interests." Degrandis v. Children's Hosp. Boston, 203 F. Supp. 3d 193, 198 (D. Mass. 2016) (noting the interplay between Rules 26 and 45).  That said, such privilege or privacy interests are waived, and cannot be a basis to quash, if those interests are actually tied to subject matter of the dispute.  See Cherkaoui v. City of Quincy, No. 14-CV-10571-LTS, 2015 WL 4504937, at *3 (D. Mass. July 23, 2015); see also Sims v. Blot, 534 F.3d 117, 132 (2d. Cir. 2008) ("In other words, a party cannot partially disclose privileged communications or affirmatively rely on privileged communications to support its claim . . . and then shield the underlying communications from scrutiny by the opposing party.").

Here, Plaintiff brings to the fore his own medical history and choices. He seeks to construct a case built upon his assertion that his chosen medical method for avoiding an HIV infection is nearly 100% effective. Now he claims his privacy interests outweigh defendant's right to investigate the very basis for Plaintiff's contentions. In addition, Plaintiff maintains the veracity of personal medical information on his LTC application, notwithstanding his failure to disclose Truvada. Mutual of Omaha's discovery requests, which test the truthfulness of Plaintiff's medical disclosures, are "not merely highly relevant. They are entirely relevant, and may not be resisted if the case is to proceed." Butler v. Burroughs Wellcome, Inc., 920 F. Supp. 90, 92 (E.D.N.C.1996) ("Elements of a claim under the ADA touch upon the most private and intimate details of a plaintiff's life [including "medical history is [which is] relevant in its entirety"]. ADA plaintiffs, like plaintiffs in an action for medical malpractice, waive all privileges and privacy interests related to their claim by virtue of filing the complaint"); see also, Cherkaoui v. City of Quincy, No. 14-CV-10571-LTS, 2015 WL 4504937, at *3 (D. Mass. July 23, 2015) (quoting with approval Butler, 920 F.Supp. at 92); Sims v. Blot, 534 F.3d 117, 132 (2d. Cir.2008). Without a viable privacy interest in the information possessed by Dr. Katz, Plaintiff cannot possibly justify quashing his subpoena.

## Conclusion

Plaintiff's medical and health information is relevant to this dispute. Plaintiff has no privacy interest in materials that form the basis of his assertions about the efficacy of Truvada and the veracity of medical information on his LTC application. Even if Plaintiff could raise legitimate privacy concerns, the current joint protective order (Doc. #26, 28) addresses those concerns sufficiently.

WHEREFORE, Defendant Mutual of Omaha Insurance Company respectfully requests this Court to deny Plaintiff John Doe's Motion to Quash and for a Protective Order.

|  |  |
|---|---|
|  | Respectfully submitted,<br>MUTUAL OF OMAHA<br>INSURANCE COMPANY,<br>By Its Attorneys,<br><br>*/s/  Brooks Magratten*<br>Brooks Magratten, Esq. BBO#650393<br>Katharine E. Kohm, Esq. BBO#675362<br>PIERCE ATWOOD LLP<br>72 Pine Street, 5th Floor<br>Providence, RI 02903<br>(401) 490-3422<br>bmagratten@pierceatwood.com |
| June 9, 2017 | kkohm@pierceatwood.com |

## CERTIFICATION OF ATTORNEY

I, Brooks Magratten (BBO #650393), hereby certify that pursuant to Rules 7.1 and 37.1 of the Local Rules of the United States District Court for the District of Massachusetts, I made a good faith effort to confer with Bennett H. Klein, Plaintiff's counsel, to resolve or narrow the discovery impasse at issue in this motion.

*/s/ Brooks Magratten*

Brooks R. Magratten, Esq. BBO#650393

## **CERTIFICATE OF SERVICE**

I certify that the within document was electronically filed with the clerk of the court on June 9, 2017, and that it is available for viewing and downloading from the Court's ECF system. Service by electronic means has been effectuated on all counsel of record.

Bennett H. Klein, BBO# 550702
GLBTQ Legal Advocates & Defenders
30 Winter St. Suite 800
Boston, MA 02108
617-426-1350
bklein@glad.org

John P. Ward, BBO# 515860
Law Offices of John P. Ward
584 Castro St., No. 802
San Francisco, CA 94114
415-255-4996
johnpward@gmail.com

                                              /s/ *Katharine Kohm*