UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE,<br>    Plaintiff<br><br>v.<br><br>MUTUAL OF OMAHA<br>INSURANCE COMPANY,<br>    Defendant | No. 1:16-cv-11381-GAO |

**[proposed]**
**DEFENDANT MUTUAL OF OMAHA INSURANCE COMPANY**
**REPLY TO PLAINTIFF'S OPPOSITION TO**
**MOTION TO COMPEL COMPLIANCE WITH SUBPOENA**

Defendant Mutual of Omaha Insurance Company ("Mutual of Omaha") replies to Plaintiff Doe's Opposition to Mutual of Omaha's Motion to Compel Compliance with a Subpoena (Doc. #34) and now respectfully requests this Court enforce the subpoena duces tecum properly served upon Plaintiff's primary care physician and non-party Dr. Ronald Katz, M.D. ("Dr. Katz") .

The root of Plaintiff's opposition to Mutual of Omaha conducting discovery of non-party Dr. Katz is his oft-repeated contention that Plaintiff's medical records are not germane or relevant to this case. (See also Doc. Nos. 29, 30, 38, 39, 40, 41, 42) (numerous discovery motions related to Plaintiff's refusals to produce this information). His position is unsubstantiated. See id. 38, 39, 40, 41, 42 (explaining that Plaintiff's medical information is relevant to Plaintiff's claims that Truvada is allegedly 100% effective and to Plaintiff's truthfulness in his original application for long term care ("LTC") coverage).

Specifically, with respect to the non-party subpoena duces tecum at issue here, "as a general rule, a party lacks standing to quash a subpoena issued to a nonparty unless the

information sought is privileged or implicates the party's privacy interests." Degrandis v. Children's Hosp. Boston, 203 F. Supp. 3d 193, 198 (D. Mass. 2016) (noting the interplay between Rules 26 and 45).  However, such privilege or privacy interests are waived, and cannot be a basis to quash, if those privacy interests are actually tied to subject matter of the dispute. See Cherkaoui v. City of Quincy, No. 14-CV-10571-LTS, 2015 WL 4504937, at *3 (D. Mass. July 23, 2015); see also Sims v. Blot, 534 F.3d 117, 132 (2d. Cir. 2008) ("In other words, a party cannot partially disclose privileged communications or affirmatively rely on privileged communications to support its claim . . . and then shield the underlying communications from scrutiny by the opposing party.").

Here, Plaintiff has brought to the fore his own medical history and choices.  He seeks to construct a case built upon his assertion that his chosen medical method for avoiding an HIV infection is nearly 100% effective.  See Complaint, ¶ 1.  At the same time Plaintiff is putting forth these assertions, he claims his privacy interests outweigh defendant's right to investigate the very basis for Plaintiff's contentions.  Plaintiff's own compliance or non-compliance with Truvada protocols reflects on the reasonableness of his assertion that this drug is 100% effective and the reasonableness Mutual of Omaha's underwriting decision rejecting the same.  The cornerstone of Plaintiff's case rests on the reported effectiveness of Truvada.  Yet if Plaintiff has not strictly complied with Truvada protocols, then the cornerstone of his case erodes.  Mutual of Omaha is entitled to determine, from a thorough review of Plaintiff's medical and health information, why he is taking Truvada and if he is using that medication correctly.

In addition, Plaintiff maintains the veracity of personal medical information on his LTC application, notwithstanding his failure to disclose Truvada.[1]  Mutual of Omaha's request to depose Dr. Katz and review his medical records concerning Plaintiff, test the truthfulness of Plaintiff's medical disclosures, and are "not merely highly relevant. They are entirely relevant, and may not be resisted if the case is to proceed."  Butler v. Burroughs Wellcome, Inc., 920 F. Supp. 90, 92 (E.D.N.C.1996) ("Elements of a claim under the ADA touch upon the most private and intimate details of a plaintiff's life [including "medical history is [which is] relevant in its entirety"].  ADA plaintiffs, like plaintiffs in an action for medical malpractice, waive all privileges and privacy interests related to their claim by virtue of filing the complaint"); see also, Cherkaoui v. City of Quincy, No. 14-CV-10571-LTS, 2015 WL 4504937, at *3 (D. Mass. July 23, 2015) (quoting with approval Butler, 920 F.Supp. at 92); Sims v. Blot, 534 F.3d 117, 132 (2d. Cir. 2008).

Moreover, here, there is a joint protective order already in place that will permit either party to designate discovery materials as "confidential."  (Doc. # 26, 28.)  Materials so designated may not be disclosed beyond the parties, the Court, and retained experts. Id.  Plaintiff's purported privacy concerns about Dr. Katz disclosing his medical information or records already have been addressed in the existing protective order.  (Doc. # 26, 28.)

Accordingly, without a viable privacy interest in the information possessed by Dr. Katz, Plaintiff cannot possibly justify quashing his subpoena.

---

[1] Plaintiff claims he did not start taking Truvada until after he applied for LTC coverage on December 28, 2014.  A note from Dr. Katz (obtained in connection with Plaintiff's application for LTC coverage), however, indicates that he started a Truvada prescription on November 10, 2014.

{W6210646.1}                                                3

WHEREFORE Mutual of Omaha respectfully requests this Court grant its motion (Doc. #32) to compel Dr. Ronald Katz M.D. to comply with the subpoena duces tecum.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | MUTUAL OF OMAHA INSURANCE COMPANY, By Its Attorneys, |
| _____ \_\_\_\_, 2017 | /s/_____ |
|  | Brooks R. Magratten, Esq. BBO#650393 |
|  | Katharine Kohm, Esq. BBO#675362 |
|  | PIERCE ATWOOD LLP |
|  | 72 Pine Street, 5th Floor |
|  | Providence, RI 02903 |
|  | (401) 490-3422 |
|  | (401) 588-5166 (fax) |
|  | bmagratten@pierceatwood.com |
|  | kkohm@pierceatwood.com |

## **CERTIFICATE OF SERVICE**

I certify that the within document was electronically filed with the clerk of the court on \_\_\_\_\_ \_\_\_\_, 2017, and that it is available for viewing and downloading from the Court's ECF system. Service by electronic means has been effectuated on all counsel of record.

Bennett H. Klein, BBO# 550702
GLBTQ Legal Advocates & Defenders
30 Winter St. Suite 800
Boston, MA 02108
617-426-1350
bklein@glad.org

John P. Ward, BBO# 515860
Law Offices of John P. Ward
584 Castro St., No. 802
San Francisco, CA 94114
415-255-4996
johnpward@gmail.com

/s/_____