# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
JOHN DOE,                           )
      Plaintiff                     )
                                    )
v.                                  )
                                    )   No. 1:16-cv-11381-GAO
MUTUAL OF OMAHA                     )
INSURANCE COMPANY,                  )
      Defendant                     )
_____)

**[proposed]**

**DEFENDANT MUTUAL OF OMAHA INSURANCE COMPANY'S
REPLY TO PLAINTIFF'S CONSOLIDATED OPPOSITION [DOC. #52]**

Defendant Mutual of Omaha Insurance Company ("Mutual of Omaha") replies to Plaintiff's Consolidated Opposition (Doc. #52)[1] and now respectfully requests this Court to order Plaintiff to withdraw his objections, produce documents, respond to requests for production, and answer interrogatories as prayed in its motions to compel discovery. (Doc. # 38, 40).

First, Plaintiff minimizes the importance of his own compliance with HIV prevention protocols. He claims that because Mutual of Omaha lists Truvada as an uninsurable medication, then the details of Plaintiff's own Truvada experience do not matter and are not discoverable. But understand what Plaintiff is seeking in this case. Based on his own Truvada therapy -- which he contends has efficacy of "99% or greater when used as directed"[2] -- he asks this Court not only to direct Mutual of Omaha to issue a long term care ("LTC") policy to him, but to change

---

[1] Plaintiff's pleading (Doc. #52) consists of Plaintiff's opposition to Mutual of Omaha's motions to compel (Doc. # 38, 40); Plaintiff's reply (without leave) to Mutual of Omaha's opposition to Plaintiff's motion to quash the subpoena to Dr. Katz and for a protective order (#42), and Plaintiff's sur-reply (without leave) to Mutual of Omaha's reply to Plaintiff's opposition to Mutual of Omaha's motion to compel Dr. Katz's compliance with a subpoena (Doc. #48).
[2] (Doc. #52 at 3).

its underwriting guidelines for <u>all</u> LTC customers. *See* Complaint, "Requests for Relief", ¶¶ 1 & 2. He insists he presents no HIV infection risk because Truvada makes him 99% bulletproof. He nevertheless denies Mutual of Omaha any information whether he actually complied with the PrEP regimen -- all while agreeing that compliance with PrEP protocols is crucial to achieving "99%" efficacy.

Because Plaintiff holds his own medical history out as the basis not only for issuing him LTC coverage, but for Mutual of Omaha to revise its entire underwriting policy, Mutual of Omaha should be granted access to the facts of Plaintiff's history including 1) why he was prescribed Truvada; 2) how often he takes Truvada; 3) whether he has followed protocols including regular testing and physician examinations and following safe sex practices.[3]

Second, Plaintiff has not presented all of the facts with respect to his omitting Truvada from his LTC application. The evidence so far shows that Plaintiff initially signed an application for LTC coverage on November 1, 2014. He did not identify Truvada in that application. Dr. Katz wrote a prescription for Plaintiff to take Truvada on or about November 10, 2014. Due to a delay in the application process, Plaintiff was asked to sign his LTC application again, which he did in December 2014. *See* Exhibit A. Again, he did not disclose his Truvada use. Directly above Plaintiff's signature on the application appears the text:

> "The undersigned applicant agrees that (a) all answers in this application are true and complete and Mutual of Omaha Insurance Company will rely on these answers to determine insurability, and (b) incorrect or misleading answers may void this application and any policy issued from its effective date."

---

[3] Plaintiff says: "Mutual had Dr. Katz's records and, following its regular process, conducted a full assessment of Doe's health conditions and insurability. (Doc #52, p.8). Plaintiff's statement is misleading. Plaintiff identified Dr. Katz as his primary physician. Despite Mutual of Omaha's request to Dr. Katz for treatment records during the application process, it only received two pages of notes (a total of six lines of text) pertaining to one office visit.

{W6235764.1}                                                2

Mutual of Omaha only later discovered Plaintiff's Truvada use from a search of pharmacy records. The limited information Mutual of Omaha received from Dr. Katz and a telephone interview with the Plaintiff confirmed his Truvada use.

Plaintiff's application is a key component to this case. It represents Plaintiff's comprehensive statement about his health, medications, and treatments. Plaintiff omitted his Truvada use in his application. Mutual of Omaha is entitled to test the truthfulness of Plaintiff's other medical disclosures against his actual health history, especially here, where Plaintiff is asking this Court to force Mutual of Omaha to provide him with LTC coverage and change its underwriting criteria generally. If there is other medical information that was never properly disclosed, then that information in fairness should be revealed. Indeed, discovery "is a[n] investigatory tool intended to help litigants gain an understanding of the key persons, relationships, and evidence in a case and, as this case well illustrates, the veracity of those persons and purported evidence, even if the evidence discovered is later deemed not admissible." Liguria Foods, Inc. v. Griffith Labs., Inc., No. C 14-3041-MWB, 2017 WL 976626, at *7 (N.D. Iowa Mar. 13, 2017) (quoting Sentis Grp., Inc. v. Shell Oil Co., 763 F.3d 919, 925 (8th Cir. 2014)); see also Davidson Pipe Co. v. Laventhol & Horwath, 120 F.R.D. 455, 462 (S.D.N.Y. 1988) (explaining discovery for purposes of impeachment).

Plaintiff's contention based on judicial estoppel lacks merit. There has never been any dispute that Mutual of Omaha denied Plaintiff's application for LTC coverage in 2015 because he was taking Truvada. Mutual of Omaha has never argued any position to the contrary. Mutual of Omaha should now be permitted discovery into Plaintiff's medical history for three reasons. First, it should be permitted to test Plaintiff's assertion that he has been fully compliant with HIV prevention protocols. Second, Plaintiff in 2017 is now asking this Court to direct Mutual of

Omaha to issue him LTC coverage.  If the Court is to order Mutual of Omaha to issue coverage, then under what terms and at what premium?  The Court and the parties require current medical information to answer those questions.  And, third, we now know Plaintiff misrepresented his drug use in the application he signed in December 2014.  Mutual of Omaha should be allowed to test the veracity of his remaining representations in his application.

Plaintiff's argument that Mutual of Omaha's interrogatories are contention interrogatories -- not to be answered at this stage of the case -- similarly lacks merit.  Consider, for example, Mutual of Omaha's <u>Interrogatory No. 17</u>:

> State each and every fact upon which you rely in alleging, in paragraph 35 [of the Complaint], that the Defendant "discriminated against Plaintiff ... in access to a place of public recommendation based on sexual orientation in violation of M.G.L.c. 272, § 98 and identify:
> - (a) all persons having knowledge of the facts stated in response to this interrogatory; and
> - (b) all documents pertaining to the facts stated in response to this interrogatory.

This interrogatory does not ask for a contention.   It asks for the factual basis for a key allegation in Plaintiff's Complaint.  That is the core purpose of discovery for a defendant – to discover the facts, if any, that support the allegations made against it.  Interrogatories that seek facts, witnesses and documents supporting allegations in a Complaint are not contention interrogatories.  <u>See</u> <u>In re: Automotive Refinishing Paint Antitrust Litigation</u>, No. MDL 1426, 2006 WL 1479819 (E.D. Pa. May 26, 2006).

Plaintiff's labeling Mutual of Omaha's  interrogatories no. 11 – 17 as "contention interrogatories" is a ruse.  It is evident that Plaintiff is stalling for time, hoping perhaps that discovery will uncover some factual support for the public allegations he has made against Mutual of Omaha.  By signing the Complaint, Plaintiff's counsel certified that there is "good

ground to support" the allegations therein. Mass. Sup. Ct. R. Civ. P. 11. Mutual of Omaha is entitled to know, now, what that support is.

### Conclusion

The usual arguments over discovery of this nature focus on confidentiality and privacy. Those concerns have already been addressed in the Protective Order entered in this case (Doc # 28). It permits either party to designate sensitive information "confidential." Information so designated cannot be distributed beyond the parties, their experts and the Court. There remains no valid objection to the discovery Mutual of Omaha seeks.

WHEREFORE Mutual of Omaha respectfully requests this Court grant its motions (Doc. #38, 40) to compel Plaintiff's complete responses to discovery requests.

                                                  Respectfully submitted,

                                                  MUTUAL OF OMAHA
                                                  INSURANCE COMPANY,
                                                  By Its Attorneys,

July ____, 2017                                  */s/Brooks Magratten*
                                                  Brooks R. Magratten, Esq. BBO#650393
                                                  Katharine Kohm, Esq. BBO#675362
                                                  PIERCE ATWOOD LLP
                                                  72 Pine Street, 5th Floor
                                                  Providence, RI 02903
                                                  (401) 490-3422
                                                  (401) 588-5166 (fax)
                                                  bmagratten@pierceatwood.com
                                                  kkohm@pierceatwood.com

**CERTIFICATE OF SERVICE**

I certify that the within document was electronically filed with the clerk of the court on July ____, 2017, and that it is available for viewing and downloading from the Court's ECF system. Service by electronic means has been effectuated on all counsel of record.

Bennett H. Klein, BBO# 550702
GLBTQ Legal Advocates & Defenders
30 Winter St. Suite 800
Boston, MA 02108
617-426-1350
bklein@glad.org

John P. Ward, BBO# 515860
Law Offices of John P. Ward
584 Castro St., No. 802
San Francisco, CA 94114
415-255-4996
johnpward@gmail.com

                                                                                          /s/_____

### Section M — AGREEMENTS AND ACKNOWLEDGEMENTS

1. The undersigned applicant agrees that (a) all answers in this application are true and complete and Mutual of Omaha Insurance Company will rely on these answers to determine insurability, and (b) incorrect or misleading answers may void this application and any policy issued from its effective date.
2. Applicant acknowledges that Mutual of Omaha Insurance Company may require: an Attending Physician's Statement, medical records, an underwriting assessment, a medical examination, or other information for underwriting purposes.
3. Applicant agrees that Mutual of Omaha Insurance Company will not issue a policy as a result of this application unless (a) the insurance applicant completes all medical examinations and tests required by Mutual of Omaha Insurance Company, (b) Mutual of Omaha Insurance Company receives additional information requested for underwriting (such as Personal Worksheet, Personal Health Interview, or Attending Physician's Statement); and (c) the insurance applicant is, as of the policy application date, determined to be eligible for the exact insurance coverage applied for, or the insurance applicant has subsequently accepted an offer by Mutual of Omaha Insurance Company for coverage other than as applied for, according to the underwriting standards of Mutual of Omaha Insurance Company then in force.
4. Applicant agrees that this application does not provide temporary or interim insurance prior to policy issuance. If the applicant has made an advance premium payment, applicant agrees to the terms and conditions under any temporary insurance agreement or conditional receipt. Applicant agrees that completing this application or making an advance premium payment is not a guarantee that this application will be approved. If approved, the issued policy will indicate its effective date. Applicant acknowledges that if his or her application is declined, the long-term care coverage applied for will not become effective and any advance premium payment submitted with the application will be refunded to applicant, without interest. No insurance coverage will be in effect until Mutual of Omaha Insurance Company (a) issues a policy and (b) receives payment of the full initial premium according to the mode of payment specified in the application.
5. A completed and signed application will become part of each applicant's policy.
6. Applicant acknowledges that no Producer can (a) waive or change any receipt or policy provision, or (b) agree to issue a policy.
7. Applicant acknowledges receipt of an Outline of Coverage, *Your Options for Financing Long-Term Care: A Massachusetts Guide*, Long-Term Care Insurance Personal Worksheet, *Things You Should Know Before You Buy Long-Term Care Insurance*, Potential Rate Increase Disclosure Form and, if applicable, *Guide to Health Insurance for People with Medicare*.

**Fraud Warning:** Any person who knowingly presents a false statement in an application for insurance may be guilty of a criminal offense and subject to penalties under state law.

**Caution:** If your answers on this application are incorrect or untrue, Mutual of Omaha Insurance Company has the right to deny benefits or rescind your policy.

I have read and understand this Agreements and Acknowledgements Section, including the Fraud Warning and I approve all my answers as recorded in this application.

Signed at Boston, MA — Signature of Applicant A — Date 12/20/14
Signed at Boston, MA — Signature of Applicant B — Date 12/20/14

I/We, the Producer(s) certify that each question was asked exactly as written and I/we have recorded the answers provided by the Applicant(s) completely and accurately. I/We also agree that my/our answers in this application are true and complete.
☑ Yes ☐ No (If "No," please explain) _____

X _____ Signature of Licensed Producer
X _____ Signature of Other Licensed Producer, if applicable