UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE,<br><br>           Plaintiff,<br><br>      v.<br><br>MUTUAL OF OMAHA INSURANCE COMPANY,<br><br>           Defendant. | C.A. No. 1:16-cv-11381-GAO |

**MEMORANDUM OF PLAINTIFF JOHN DOE, AND DOE'S SPOUSE, IN SUPPORT OF JOINT MOTION TO QUASH DEPOSITION SUBPOENA, OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER AS TO SCOPE**

**INTRODUCTION AND BACKGROUND**

Pursuant to Fed. R. Civ. P. 45(d)(3) and 26(c)(1), Plaintiff John Doe ("Doe") and Doe's spouse as third-party witness ("Doe's Spouse") request that the Court quash the deposition subpoena to Doe's Spouse, as the testimony sought is duplicative, not proportional to the needs of the case, and irrelevant, and the subpoena as a whole appears designed to harass and unnecessarily burden Doe and Doe's Spouse. In the alternative, Doe and Doe's Spouse request that the Court enter a protective order limiting the scope of the deposition to the logistics of the long-term care application process at issue in this case and, consistent with that limitation, specifically prohibit Defendant Mutual of Omaha Insurance Company ("Mutual") from questioning Doe's Spouse about any aspect of Doe's use of the medication Truvada, the couple's relationship, or Doe's health.

This case is a state law discrimination claim challenging Mutual's blanket exclusion from long-term care insurance of every applicant who is HIV-negative and takes the medication

1

Truvada as pre-exposure prophylaxis (PrEP) to prevent HIV disease. Acting pursuant to that policy, Mutual denied Doe's application for long-term care insurance on February 9, 2015. Doe and Doe's Spouse applied for the long-term care insurance policy jointly under a provision offering a discount to committed domestic partners.[1] However, Doe and Doe's Spouse each separately answered the identical questions on the application about their health and activities. Mutual's underwriting process for each applicant was separate. Doe's Spouse, and his application, had nothing to do with Mutual's consideration and rejection of Doe's application.

Mutual has issued a subpoena for the deposition of Doe's Spouse.[2] Mutual's counsel has stated Defendant's position that the testimony of Doe's Spouse is relevant to its argument that Mutual did not deny Doe access to a place of public accommodation in Massachusetts and that therefore M.G.L. c. 272, Sections 92A and 98 do not apply in this case.[3] Mutual's argument appears to be that, because Doe's insurance agents and brokers were outside of Massachusetts, Mutual did not deny Doe long-term care coverage in Massachusetts (notwithstanding that it was Mutual that made the denial decision, Doe and his Spouse are in Massachusetts, Massachusetts

---

[1] Doe and his spouse were not married at the time of the application or its underwriting by Mutual.

[2] A copy of the subpoena with the name of Doe and his spouse redacted is attached as Exhibit A. The deposition subpoena was served after the Court had scheduled a hearing on the prior discovery motions and both parties agreed that counsel for Doe would wait to file a motion to quash the subpoena or for a protective order, without any waiver of rights, until the Court issued a decision on the then-pending discovery motions in the hope that the decision would narrow or obviate the need for the instant motion. Doe's Spouse subsequently obtained separate counsel, Nicole Kinsley of Foley Hoag.

[3] Bennett Klein, counsel for Doe, Nicole Kinsley, counsel for Doe's Spouse, and Brooks Magratten, counsel for Mutual of Omaha Insurance Company, conferred by telephone on September 6, 2017 pursuant to Local Rule 37.1 and were unable to reach agreement on the issues set forth in this motion.

addresses were listed on the application, and the denial letters were sent to Massachusetts). Therefore, Mutual seems to take the position that the logistics of the application process – i.e., who communicated with whom, when, and from where – are relevant to determining whether the denial was <u>in</u> Massachusetts. (The separate question of whether an insurance policy constitutes a place of public accommodation is a legal question, to which neither Doe nor Doe's spouse could testify, and Mutual does not appear to contend otherwise.)

Mutual's counsel refused to state that he would not ask Doe's Spouse about Doe's Truvada use, Doe's health, or the relationship between Doe and Doe's Spouse, but did not take a position on whether and how testimony on these topics could be relevant.

On August 22, 2017 the Court (Boal, M.J.) issued an Order on various discovery motions and concluded that "the sole issue in this case is whether Mutual's blanket policy denying coverage to users of Truvada is discriminatory." Order, Docket No. 61, at 5. The Court further explained that "the reasonableness of that policy is likely to be determined with reference to expert testimony regarding the effectiveness of Truvada." *Id*.

The testimony of Doe's Spouse regarding the logistics of the application process, as it relates to the question of where the denial of access to a public accommodation occurred, is likely to be entirely duplicative of other discovery already taken. The subpoena therefore places an undue burden on him, for purposes of harassing him and Doe, and is not proportional to the needs of this case, as required by Fed. R. Civ. P. 26(b)(1). In light of Magistrate Judge Boal's order, seeking to take testimony from Doe's Spouse on any other topic would be entirely irrelevant, and outside the scope of discovery permitted by Fed. R. Civ. P. 26(b)(1), and would serve no purpose other than as an attempt to harass and embarrass Doe and Doe's Spouse. Accordingly, Doe and Doe's Spouse request that the Court quash the deposition subpoena, or, in

the alternative, issue a protective order limiting inquiry to the narrowly defined topic that is of arguable relevance – the who, when, and where of the application process.

Doe has standing to bring this motion because the information sought implicates his privacy interests and because a party may move to limit discovery as outside the scope of Fed. R. Civ. P. 26(b)(1). *Green v. Cosby*, 2017 U.S. Dist. LEXIS 55229, at *7-8 (D. Mass. 2017). Doe's Spouse has standing to bring this motion as the person subject to the subpoena. *See* Fed. R. Civ. P. 45(d)(3)(B).

## ARGUMENT

### I. THIS COURT SHOULD QUASH THE DEPOSITION SUBPOENA TO DOE'S SPOUSE.

Discovery sought under Rule 26(b)(1) must be relevant and proportional to the needs of the case, and Rule 45(d)(3)(B) allows the court to quash any subpoena that places an undue burden on the recipient. When asked to explain the alleged relevance of testimony from Doe's Spouse, Mutual's counsel identified only the question whether there had been a denial of access to a place of public accommodations in Massachusetts. Mutual has already obtained documents and testimony from Doe, the insurance agent, and the insurance broker regarding the application process, and the essential facts related to the locations and actions of each in connection with the applications – i.e., all that is relevant to Mutual's argument that any denial was not in Massachusetts – do not appear to be in dispute. Specifically, Doe and Doe's Spouse contacted JD Loden, an insurance agent in Florida with whom Doe's Spouse had a prior relationship, to act as their broker in obtaining long-term care insurance. Mr. Loden, in turn, enlisted the assistance of Ash Brokerage, an independent marketing organization based in Indiana that provided him with quotes from long-term care insurance carriers and acted as a liaison between Loden and Mutual. Doe, Loden, and a witness for Ash brokerage all testified that the communications occurred by

telephone and email and that neither Loden nor Ash has an office in Massachusetts or physically entered Massachusetts in connection with the long-term care application. Documents and testimony from Doe's Spouse are therefore likely to be entirely duplicative. Nonetheless, after conferencing a separate motion to compel contemplated by Mutual, and in an effort to avoid burdening the court with additional motion practice, Doe's Spouse has agreed to produce documents in response to the *subpoena ducus tecum*.

The deposition subpoena appears to serve no real purpose beyond harassing Doe and Doe's Spouse. There is no need for testimony from Doe's Spouse on the single arguably relevant issue, so the subpoena places an undue burden on Doe's Spouse and is not proportional to the needs of the case. Where the basic facts related to the narrow question of the location of the insurance agents have already been disclosed through extensive discovery, the burden and expense of an additional deposition on that topic clearly outweigh its likely benefit. Fed. R. Civ. P. 26(b)(1).

Accordingly, Doe and Doe's Spouse request that the Court quash the deposition subpoena.

## II. THIS COURT SHOULD LIMIT THE SCOPE OF THE DEPOSITION OF DOE'S SPOUSE TO THE FACTS OF THE LONG-TERM CARE APPLICATION PROCESS.

Discovery sought under Rule 26(b)(1) must be relevant to a "party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevance is assessed by reference to the Federal Rules of Evidence. As this Court has noted, "[e]vidence is relevant if 'it has any tendency to make a fact more or less probable than it would be without the evidence' and 'the fact is of consequence in determining the action.'" *Green*, 2017 U.S. Dist. LEXIS 55229, at *8 (quoting Fed. R. Evid. 401). *See also Carver v. Bank of N.Y. Mellon*, 2016 U.S. Dist. LEXIS 44742, at *47 (D. Mass. 2016)

("discovery sought is not germane to any of the issues presented because it would not affect the consideration of any of the claims on the merits").

Aside from the narrow issue relating to the locations of the agent, broker, and applicants involved in the long-term care insurance application process, the testimony of Doe's Spouse has no bearing on any issue in this case, including the primary question of the reasonableness of Mutual's blanket exclusion of Truvada users. In the prior discovery motions, Mutual pointed to the application process and Doe's omission of his use of Truvada as a basis to seek access to Doe's medical records after the date of the denial of his application for long-term care insurance.[4] The Court rejected Mutual's argument and pointed to Mutual's repeated admission that "Truvada was the only reason that Doe's application was denied and that, but for his use of Truvada, Mutual would have issued the LTC policy." Order, Docket No. 61, at 2-3 (quoting Mutual's representations). Further, Mutual has not asserted a counterclaim related to Doe's answers nor raised fraud or misrepresentation as an affirmative defense.

In discussions among counsel attempting to resolve this discovery dispute, Mutual refused to disclaim any intention to ask Doe's Spouse about Doe's Truvada use, Doe's health, or the couple's relationship. In light of the Court's order refusing to allow Mutual access to any health information about Doe that it did not already have in the completed underwriting process (Order, Docket No. 61 at 6), because such information would not be relevant, inquiry of Doe's Spouse regarding topics other than the plain facts of how and where the applications were prepared and processed would be similarly irrelevant. In particular, seeking the testimony of

---

[4] As was explained in the prior discovery filings, Doe was not taking Truvada when he filled out the application and he freely disclosed his Truvada use in subsequent steps in the underwriting process. *See* Docket No. 52, at 12-14. Mutual testified that such omissions are "not uncommon" and that it anticipates them in its underwriting process. Docket No. 57-1, at 10.

Doe's Spouse regarding Doe's health or Truvada use, or the couple's relationship can have no purpose other than to harass and intrude into the privacy of Doe and his spouse.

The Court's Order does allow "some inquiry into the reasons why Doe started taking Truvada." Order, Docket No. 61, at 6-7 n.5. The Order, however, twice noted Mutual's consistent positon that it denies long-term care insurance to anyone who takes Truvada regardless of the reason. *See* Order, Docket No. 61, at 3, 4; *see also* Docket No. 57-1, at 7 (testimony of Mutual's Chief Underwriter, Lisa Ging, answering "correct" to the question: "So the reasons that [an applicant] took [Truvada] would be irrelevant to the underwriting process; is that correct?"). Taking into consideration the acknowledged irrelevance of the reasons an applicant takes Truvada, Doe and Doe's Spouse understand the Court's limited allowance of "some inquiry" to mean that Mutual can elicit from Doe some basic background on that subject as context for the allegation of discrimination at issue in this case. Doe, after all, is the plaintiff who is challenging Mutual's policy. But permitting questioning of Doe's Spouse on that subject goes beyond "some inquiry." It is hard to see what information Mutual aims to obtain from such questioning that it needs for its defense in this case. Since any information about Doe beyond the fact of his taking Truvada is not, by Mutual's own admission, pertinent to its Truvada policy, the only conceivable motivation for such questioning is to intrude into private aspects of the relationship between Doe and his spouse in order to cause discomfort, annoyance, and embarrassment.

## **CONCLUSION**

For the foregoing reasons, Plaintiff John Doe and Doe's Spouse respectfully request that the Court grant their motion to quash the discovery subpoena, or, in the alternative, enter a protective order and limit the deposition of Doe's Spouse to the logistics of the long-term care

insurance application process and specifically prohibit Mutual from inquiring about Doe's health, any aspect of Doe's use of Truvada, and the relationship between Doe and Doe' Spouse.

Respectfully submitted,

| DOE'S SPOUSE | JOHN DOE |
|---|---|
| By his attorney, | By his attorneys, |
| /s/ Nicole Kinsley | /s/ Bennett H. Klein |
| Nicole Kinsley | Bennett H. Klein |
| BBO # 682528 | BBO # 550702 |
| Foley Hoag LLP | GLBTQ Legal Advocates & Defenders |
| Seaport World Trade Center West | 30 Winter St. Suite 800 |
| 155 Seaport Boulevard | Boston, MA 02108 |
| Boston, Massachusetts 02210 | 617-426-1350 |
| 617-832-1185 | bklein@glad.org |
| nkinsley@foleyhoag.com | |
| | /s/ John P. Ward |
| | John P. Ward |
| | BBO # 515860 |
| | Law Offices of John P. Ward |
| | 584 Castro St., No. 802 |
| | San Francisco, CA 94114 |
| | johnpward@gmail.com |

## CERTIFICATION OF COMPLIANCE WITH RULE 7.1 AND 37.1

I, Bennett Klein, certify that I have conferred pursuant to Local Rule 7.1 with Brooks Magratten, counsel for defendant Mutual of Omaha Insurance Company, in a good faith effort to resolve or narrow the issues that are the subject of this motion and further that I have complied with the provisions of Local Rule 37.1.

/s/ Bennett H. Klein
Bennett H. Klein

## CERTIFICATE OF SERVICE

I certify that the within document was electronically filed with the clerk of the court on September 8, 2017, and that it is available for viewing and downloading from the Court's ECF system. Service by electronic means has been effectuated on all counsel of record.

Brooks R. Magratten, BBO# 650393
Pierce Atwood LLP
72 Pine Street, 5th Floor
Providence, RI 02903
(401) 490-3422
bmagratten@pierceatwood.com

Mark A. Pogue, BBO# 550807
Pierce Atwood LLP
72 Pine Street, 5th Floor
Providence, RI 02903
(401) 490-3422
mpogue@pierceatwood.com

Katharine E. Kohn, BBO# 675362
Pierce Atwood LLP
72 Pine Street, 5th Floor
Providence, RI 02903
(401) 490-3422
kkohm@pierceatwood.com

/s/ Bennett H. Klein
Bennett H. Klein
BBO # 550702
GLBTQ Legal Advocates & Defenders
30 Winter St. Suite 800
Boston, MA 02108
617-426-1350
bklein@glad.org