UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
JOHN DOE,                              )
    Plaintiff                          )
                                       )
v.                                     )
                                       )   No. 1:16-cv-11381-GAO
MUTUAL OF OMAHA                        )
INSURANCE COMPANY,                     )
    Defendant                          )
_____)

**DEFENDANT MUTUAL OF OMAHA INSURANCE COMPANY'S
OBJECTION TO PLAINTIFF'S AND DOE'S SPOUSE'S
MOTION TO QUASH DEPOSITION SUBPOENA, OR,
IN THE ALTERNATIVE, FOR PROTECTIVE ORDER AS TO SCOPE**

Defendant Mutual of Omaha Insurance Company ("Mutual of Omaha") objects to the "Motion To Quash Deposition Subpoena, or, in the Alternative, for Protective Order as to Scope" filed by Plaintiff John Doe and Doe's Spouse [Doc. # 63, 64].

## INTRODUCTION

Plaintiff claims that Mutual of Omaha wrongfully discriminated against him—in violation of the Massachusetts Public Accommodations statute, Mass. Gen. Laws c. 272, § 92A—when it denied a joint application for long-term care ("LTC") coverage submitted by Plaintiff and his then-domestic partner (now spouse), "Doe's Spouse." Mutual of Omaha denied the joint application and declined to issue a LTC policy to Plaintiff who is taking Truvada to reduce the risk of HIV infection. As part of its discovery related to the claims and defenses in this case, see Fed. R. Civ. Pro. Rule 26(b)(1), Mutual of Omaha is gathering information about Plaintiff's and Doe's Spouse's joint application. The details of this application and process for seeking the same are relevant to whether the Massachusetts Public Accommodations statute applies in this case. Additionally, Mutual of Omaha is entitled learn all facts underlying the

claims in this case and the reasons why Plaintiff started taking Truvada in the first place, all within the boundaries of this Court's recent discovery order.  See [Doc. #61, note 5].

The application for the LTC coverage began with Doe's Spouse contacting his financial advisor, Mr. J.D. Loden in Naples, Florida.  Exhibit A (Loden Depo. Trans. at 10, 12.  Doe's Spouse at all times remained the principal point of contact with Mr. Loden.  Id. at 12, 16-17, 18, 21, 23, 26, 28.[1]  Mr. Loden, in turn, contacted Ash Insurance Brokerage (headquartered in Indiana) to submit a joint application on behalf of Plaintiff and Doe's Spouse.  Id. at 7, 19.  Mutual of Omaha subpoenaed Ash Brokerage and has scheduled a deposition of an Ash Brokerage representative to gather further information about the application process as well.  However, to complete discovery into the chain of events leading to the submission of the application for LTC coverage and denial of the same, Doe's Spouse is a key witness.  Discovery so far indicates that Doe's spouse:

- initiated the application process;
- was the primary point of contact with Mr. Loden;
- transmitted application papers to Mr. Loden; and
- fully participated in the application process.

Mutual of Omaha is entitled to have Doe's Spouse fill in the details of a discoverable topic and also determine, before trial, whether Doe's Spouse's will testify consistently with Mr. Loden, Ash Brokerage, and others.

On July 26, 2017, Plaintiff's counsel voluntarily accepted service of the subpoena *duces tecum* on behalf Doe's Spouse.  Exhibit B (redacted).   Per this subpoena, Doe's Spouse was required to produce, by August 23, 2017, certain documents that relate to the joint application for

---

[1] References to Plaintiffs and/or Doe's Spouse's actual name have been redacted.

{W6336813.2}                                           2

LTC coverage.[2] Plaintiff's counsel requested that the documents pertaining to Mr. Loden could be restricted to LTC insurance. Mutual of Omaha agreed. Almost two months have now passed. Counsel for Doe's Spouse has agreed to produce responsive documents by September 25th.

Plaintiff and Doe's Spouse, however, categorically refuse to produce Doe's Spouse for the deposition. They claim that the deposition would be duplicative, disproportional, irrelevant, harassing, and/or burdensome and cannot go forward. As an alternative option, they demand that the deposition be limited even more stringently than this Court's prior discovery order [Doc. #61]. Mutual of Omaha disputes both positions.

## ARGUMENT

### 1. There Is an Insufficient Basis To Quash

Mutual of Omaha is entitled to subpoena and depose witnesses with knowledge of facts related to the claims and defenses in this action. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 45; Harden v. Boston Sci. Corp., No. 15-CV-11503-MLW, 2017 WL 1396009, at *1 (D. Mass. Apr. 18, 2017); Cherkaoui v. City of Quincy, No. 14 Civ. 10571, 2015 WL 4504937, at *1 (D. Mass. July 23, 2015) ("As a general matter, relevancy must be broadly construed at the discovery stage such that information is discoverable if there is any possibility it might be relevant to the subject matter of the action."). Doe's Spouse, who was a party to the joint application and, in fact, is the most knowledgeable person about that process, meets that threshold. In addition, Doe's Spouse, as Plaintiff's partner, necessarily has knowledge about the facts underlying the claims in this case and the reasons why Plaintiff started taking Truvada in the first place.

---

[2] Doe's Spouse was required to provide documents pertaining to: (1) any application for long term care insurance coverage from 01/01/2014 to the present, (2) Mutual of Omaha, (3) J.D. Loden or Loden Wealth Management, and (4) Ash Insurance Brokerage. Exhibit B.

Here, the primary argument raised to quash Doe's Spouse's deposition is that it would be duplicative and disproportional. However, "[p]rohibiting the taking of depositions is an extraordinary measure. The moving party has a heavy burden of showing 'extraordinary circumstances' based on 'specific facts' that would justify such an order." Prozina Shipping Co. v. Thirty-Four Automobiles, 179 F.R.D. 41, 48 (D. Mass. 1998).   As their circumstances, Plaintiff and Doe's Spouse point to the other witnesses that have already testified on the topic and the documents already produced.  However, "if [Plaintiff and Doe's Spouse] were correct [on this legal basis], the testimony of the first deponent offered up on any issue could never be tested against the evidence of any other witness."  Royal Park Investments SA/NV v. U.S. Bank Nat'l Ass'n, No. 14CIV2590VMJCF, 2017 WL 2266983, at *1 (S.D.N.Y. Apr. 26, 2017) (permitting several witness depositions over the objection of the plaintiff).  That result cannot be sanctioned by this Court here.  See Prozina Shipping Co. v. Thirty-Four Automobiles, 179 F.R.D. 41, 48 (D. Mass. 1998) (citing with approval Wright v. Patrolmen's Benev. Ass'n, 72 F.R.D. 161, 164 (S.D.N.Y.1976), which held an order barring deposition will not be granted on the grounds that information might be available from other sources)).

Moreover, any argument about duplication and disproportionality assumes that Doe's Spouse will testify consistently with Mr. Loden and Ash and the documents produced in this case, which very well may not be true.  See Joseph v. Gnutti Carlo S.p.A., No. 15-CV-8910 (AJN), 2016 WL 4083433, at *2 (S.D.N.Y. July 25, 2016) (holding the "possibility that depositions of [the] employees would cover much of the same information contained in documents produced by [the company] does not make this discovery unreasonably cumulative"). In fact, Doe's Spouse likely will offer more detailed testimony about the course of the application process that Plaintiff, Mr. Loden, and Ash Brokerage would not know.  Autoridad de

Carreteras y Transportacion v. Transcore Atl., Inc., No. 15-1924 (FAB), 2016 WL 7030972, at *12 (D.P.R. Dec. 2, 2016) (holding with respect to depositions, in particular, "because of [their] nature, the deposition process provides a means to obtain more complete information and is, therefore, favored." quoting Marker v. Union Fidelity Life Ins. Co., 125 F.R.D. 121, 126 (M.D.N.C. 1989)); see also Green v. Cosby, 160 F. Supp. 3d 431 (D. Mass. 2016) (holding that spouse of civil litigant failed to establish a basis to quash her subpoena in light of her knowledge of the matter over a period of time showing that she "could possess a good deal of relevant, non-protected information that could be uncovered in a deposition"). Accordingly, there is no basis to quash the deposition of Doe's Spouse.

### 2. The Further Protective Order Demanded Plaintiff and Doe (as an Alternative to Quashing the Subpoena) Is Too Broad

Protective orders are only permitted "for good cause," id., and the party seeking the protective order "bears the burden of establishing good cause and a specific need for protection." Autoridad de Carreteras y Transportacion v. Transcore Atl., Inc., No. 15-1924 (FAB), 2016 WL 7030972, at *12 (D.P.R. Dec. 2, 2016) (citing Pub. Citizen v. Liggett Grp., Inc., 858 F.2d 775, 779 (1st Cir. 1988)); Fed. R. Civ. P. 26(c)(1) (protective orders are intended to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense"). "A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements." Id. (quoting Anderson v. Cryovac, Inc., 805 F.2d 1, 7 (1st Cir. 1986)); see also Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3rd Cir. 1994) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing.").

Plaintiff and Doe's Spouse ignore the legitimate reasons for taking the deposition of Doe's Spouse and suggest that harassment must be Mutual of Omaha's only aim with this

subpoena.  They insist that the deposition of Doe's Spouse must be limited to the "locations of the agent, broker, and applicants." [Doc. #64]  As explained, Doe's Spouse, was a party to the joint application and, in fact, is the most knowledgeable person about that entire process including the motivations for seeking the LTC insurance.  In addition, as Plaintiff's former partner and now spouse, Doe's Spouse has knowledge about the facts underlying the claims in this case and the reasons why Plaintiff started taking Truvada in the first place.  Those topics are well within the bounds of this Court's discovery order [Doc. #61] <u>and</u> are subject to the parties' <u>joint</u> protective order permitting either party to designate any discovery materials as "confidential."  [Doc. # 26, 28.] Where the information is clearly discoverable from Doe's Spouse, Plaintiff and Doe's Spouse have failed to articulate the particularized harm or harassment that could justify any further protective order here.  <u>Autoridad de Carreteras y Transportacion</u>, 2016 WL 7030972, at *12 ("A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements.").

**[intentionally blank; continues on following page]**

**WHEREFORE**, Defendant Mutual of Omaha Insurance Company respectfully requests this Court:

1. deny Plaintiff's and Doe's Spouse's "Joint Motion To Quash Deposition Subpoena, Or, In the Alternative, For Protective Order as to Scope" [Doc. #63], and

2. order Doe's Spouse to comply with the subpoena *duces tecum* to the full extent of this Court's Discovery Order [Doc. #61] within twenty days (20) days of this Court's ruling on this motion.

                                                Respectfully submitted,
                                                MUTUAL OF OMAHA
                                                INSURANCE COMPANY,
                                                By Its Attorneys,

September 21, 2017                         */s/* Brooks Magratten
                                                Brooks R. Magratten, Esq. BBO#650393
                                                Katharine E. Kohm, Esq. BBO#675362
                                                PIERCE ATWOOD LLP
                                                72 Pine Street, 5th Floor
                                                Providence, RI 02903
                                                (401) 490-3422
                                                (401) 588-5166 (fax)
                                                bmagratten@pierceatwood.com

## CERTIFICATE OF SERVICE

I certify that the within document was electronically filed with the clerk of the court on September 21, 2017, and that it is available for viewing and downloading from the Court's ECF system. Service by electronic means has been effectuated on all counsel of record.

| | |
|---|---|
| *Counsel for Plaintiff* | *Counsel for Doe's Spouse* |
| Bennett H. Klein, BBO# 550702 | Nicole Kinsley |
| GLBTQ Legal Advocates & Defenders | Foley Hoag LLP |
| 30 Winter St. Suite 800 | 155 Seaport Blvd. |
| Boston, MA 02108 | Boston, MA 02210-2600 |
| 617-426-1350 | 617-832-1185 |
| bklein@glad.org | nkinsley@foleyhoag.com |

John P. Ward, BBO# 515860
Law Offices of John P. Ward
584 Castro St., No. 802
San Francisco, CA 94114
415-255-4996
johnpward@gmail.com

                                                 */s/ Brooks Magratten*