UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                        )
JOHN DOE,                               )
                                        )
            Plaintiff,                   )
                                        )
      v.                                 )        C.A. No. 1:16-cv-11381-GAO
                                        )
MUTUAL OF OMAHA INSURANCE               )
COMPANY,                                )
                                        )
            Defendant.                   )
_____)

**PLAINTIFF JOHN DOE'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
DEPOSITION OF DEFENDANT'S MEDICDAL DIRECTOR, BRUCE HENRICKS,
M.D., WITHOUT BEING PRECLUDED FROM FUTURE EXPERT DEPOSITION[1]**

This case is a state law discrimination claim challenging Defendant Mutual of Omaha

Insurance Company's ("Mutual") exclusion from long-term care insurance of every applicant

who is HIV-negative and takes the medication Truvada as pre-exposure prophylaxis ("PrEP") for

HIV disease.

On September 6, 2017 Plaintiff John Doe noticed the deposition of Bruce Henricks, M.D.

for September 28, 2017. *See* Exhibit A. Dr. Henricks is a Vice-President and Medical Director at

Mutual and has been identified by Mutual as a witness who participated in and/or approved

Mutual's decision to designate PrEP as a basis for the denial of long-term care insurance. *See*

Exhibit B, Mutual's interrogatory answer number 7. In response to the notice of deposition,

Mutual disclosed that it will in the future designate Dr. Henricks as a testifying expert as well. It

_____

[1] Bennett Klein, counsel for John Doe, and Brooks Magratten, counsel for Mutual of Omaha
Insurance Company, conferred pursuant to Local Rule 37.1 by telephone on September 19, 2017,
and did not reach agreement on the issues contested in the instant motion.

did not disclose the subject matter of the future expert opinion. Mutual acknowledged that Doe is entitled to take Dr. Henricks's deposition as a fact witness, but stated that it will make him available for a deposition only once—either as a fact witness during the period for fact discovery, or as an expert witness at which time Doe can ask his fact-based questions.[2] *See* Exhibit C, email communication from Mutual's counsel dated September 15, 2017. Pursuant to the Court's Scheduling Order, fact discovery closes on November 30, 2017, but defendant's expert report is not due until January 31, 2018 and depositions of defendant's expert must be completed by March 9, 2018. *See* Docket No. 66.

Doe moves that the Court order that Doe is entitled to take Dr. Henricks's deposition now as a fact witness and subsequently after he serves his expert report to explore the basis for his expert opinions. Dr. Henricks is a key fact witness. Although Mutual designated Michael Wilkins, M.D., also a Vice-President and Medical Director, as a witness in the 30(b)(6) deposition of Mutual, Doe is entitled to explore the key issue in the case with other witnesses designated as having relevant information. At the same time, Doe should not be precluded from the opportunity to explore the basis for an expert opinion in a case that will substantially turn on expert testimony. *See Mahavisno v. Compendia Bioscience, Inc*., 2015 U.S. Dist. LEXIS 131148, at *6 (E.D. Mich. Sept. 29, 2015) ("An expert deposition is very different from a fact deposition of an individual or a corporate entity.").

In particular, Dr. Wilkins's testimony about the basis for Mutual's exclusion of PrEP users contradicted the responses given in Mutual's interrogatory answers and the testimony of

---

[2] Mutual referenced Fed. R. Civ. P. 30(a)(2)(A)(ii) which provides that a party must obtain leave of court to take a deposition when "the deponent has already been deposed in the case."

another of its Rule 30(b)(6) witnesses, a key indicia of discrimination.[3] Doe is entitled to know

what Dr. Henricks, as a fact witness, also has to say on the dispositive issue in the case. Further,

to the extent Dr. Wilkins for the first time indicated that one of the reasons for the exclusion was

the unknown potential side-effects of PrEP, Doe is entitled to discovery about how Mutual treats

the same issue with respect to other new medications or therapies for health conditions that

Mutual does cover. Doe's counsel could not be prepared with information to make these inquires

of Dr. Wilkins because Mutual had not indicated this basis for the exclusion in its interrogatory

answers, or any other pleadings.

　　　　With fact discovery ending on November 30, 2017 and Doe's expert report due on that

same date, Doe should not have to wait until, potentially, March 2018 to discover key facts,

especially when the deadline for summary judgment motions is April 13, 2018. Further, Doe has

hardly conducted burdensome depositions. He has conducted one 30(b)(6) deposition consisting

of three witnesses over one and one-half days. Dr. Wilkins's deposition began at 9:24am and was

completed at 1:14pm.

　　　　Finally, Mutual did not disclose its position on Dr. Henricks's deposition when the

parties were negotiating the case deadlines. Doe noticed Dr. Henricks's deposition on September

6, 2017. On September 11, the parties submitted a Joint Status Report to the Court (Docket No.

65). Mutual did not object to Dr. Henricks's fact deposition until September 15, the date that the

Court approved the parties' negotiated deadlines (Docket No. 66). If Doe had known that Mutual

---

[3] Dr. Wilkins testified that one of the reasons that Mutual excludes PrEP users is that it is
unknown if there will be long-term health complications from the medication itself. Mutual did
not identify this reason in an interrogatory asking about the basis for the PrEP exclusion.
Similarly, Lisa Ging testified that the only reason for the PrEP exclusion was that it indicated
that a person was at high risk of acquiring HIV and disclaimed any other reason. *See* Exhibit D,
containing Dr. Wilkins's testimony, Mutual's interrogatory answer, and Ms. Ging's testimony.

was refusing to produce Dr. Henricks as both a fact witness and an expert, he would have raised

this with the Court and, in any event, would not have agreed to a deadline for Dr. Henricks'

expert report and deposition that was so close to the summary judgment deadline. Doe should not

have to wait until the eve of the summary judgment deadline to complete fact discovery.

## **CONCLUSION**

For the foregoing reasons, Plaintiff John Doe moves that the Court order that Defendant

make Bruce Henricks, M.D. available within twenty days of the Court's order for a deposition as

a fact witness, and also order that Doe not be precluded from taking Dr. Henricks's deposition as

as an expert after he serves his expert report in accordance with the Court's Scheduling Order.

Respectfully submitted,

JOHN DOE
By his attorneys,


/s/ Bennett H. Klein
Bennett H. Klein
BBO # 550702
GLBTQ Legal Advocates & Defenders
30 Winter St. Suite 800
Boston, MA 02108
617-426-1350
bklein@glad.org

/s/ John P. Ward
John P. Ward
BBO # 515860
Law Offices of John P. Ward
584 Castro St., No. 802
San Francisco, CA 94114
johnpward@gmail.com

4

## CERTIFICATION OF COMPLIANCE WITH RULE 7.1 AND 37.1

I, Bennett Klein, certify that I have conferred pursuant to Local Rule 7.1 with Brooks Magratten, counsel for defendant Mutual of Omaha Insurance Company, in a good faith effort to resolve or narrow the issues that are the subject of this motion and further that I have complied with the provisions of Local Rule 37.1.

/s/ Bennett H. Klein
Bennett H. Klein

## CERTIFICATE OF SERVICE

I certify that the within document was electronically filed with the clerk of the court on September 26, 2017, and that it is available for viewing and downloading from the Court's ECF system. Service by electronic means has been effectuated on all counsel of record.

Brooks R. Magratten, BBO# 650393
Pierce Atwood LLP
72 Pine Street, 5th Floor
Providence, RI 02903
(401) 490-3422
bmagratten@pierceatwood.com

Mark A. Pogue, BBO# 550807
Pierce Atwood LLP
72 Pine Street, 5th Floor
Providence, RI 02903
(401) 490-3422
mpogue@pierceatwood.com

Katharine E. Kohn, BBO# 675362
Pierce Atwood LLP
72 Pine Street, 5th Floor
Providence, RI 02903
(401) 490-3422
kkohm@pierceatwood.com

/s/ Bennett H. Klein
Bennett H. Klein
BBO # 550702
GLBTQ Legal Advocates & Defenders
30 Winter St. Suite 800
Boston, MA 02108
617-426-1350
bklein@glad.org

# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
JOHN DOE,                           )
                                    )
              Plaintiff,            )
                                    )
      v.                            )     C.A. No. 1:16-cv-11381-GAO
                                    )
MUTUAL OF OMAHA INSURANCE           )
COMPANY,                            )
                                    )
              Defendant.            )
_____)

TO:    Brooks R. Magratten
       Mark A. Pogue
       Katharine E. Kohn
       Pierce Atwood LLP
       72 Pine Street, 5th Floor
       Providence, RI 02903

## NOTICE OF DEPOSITION OF BRUCE HENRICKS, M.D.

Please take notice that on September 28, 2017 at 1:00p.m., counsel for the Plaintiff,

pursuant to Rule 30 of the Federal Rules of Civil Procedure, will take the deposition of Bruce

Henricks, M.D. at the office of Thomas & Thomas, 1321 Jones St., Omaha, Nebraska, before a

court reporter or another officer authorized by law to administer oaths. This oral discovery will

continue from day to day until completed. You are invited to attend and cross examine.

1

Dated: September 6, 2017                    Respectfully submitted,
                                           JOHN DOE
                                           By his attorneys,


                                           /s/ Bennett H. Klein
                                           Bennett H. Klein
                                           BBO # 550702
                                           GLBTQ Legal Advocates & Defenders
                                           30 Winter St. Suite 800
                                           Boston, MA 02108
                                           617-426-1350
                                           bklein@glad.org

                                           /s/ John P. Ward
                                           John P. Ward
                                           BBO # 515860
                                           Law Offices of John P. Ward
                                           584 Castro St., No. 802
                                           San Francisco, CA 94114
                                           johnpward@gmail.com

# Exhibit B

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

JOHN DOE,            )
      Plaintiff     )
                )
v.                  )
                )    No. 1:16-cv-11381-GAO
MUTUAL OF OMAHA    )
INSURANCE COMPANY,  )
      Defendant   )
                )

## DEFENDANT MUTUAL OF OMAHA INSURANCE COMPANY'S RESPONSES TO PLAINTIFF JOHN DOE'S FIRST SET OF INTERROGATORIES

Defendant Mutual of Omaha Insurance Company responds to Plaintiff's First Set of Interrogatories as follows:

### GENERAL OBJECTIONS

Defendant Mutual of Omaha Insurance Company objects generally to Plaintiff's First Set of Interrogatories on the following grounds:

A. Defendant objects to each interrogatory to the extent that it seeks to have Defendant answer on behalf of entities other than itself, or on behalf of agents or employees of other entities. Accordingly, Defendant construes these interrogatories to only refer to the Defendant, and Defendant gives the answers below solely on its behalf.

B. Defendant objects to the extent Plaintiff's interrogatories are overly broad, unduly burdensome, vague, ambiguous, disproportionate to the needs of the case and otherwise beyond the scope of permissible discovery.

C. Defendant objects to the interrogatories to the extent the information requested is protected from disclosure by the attorney-client privilege, the work product doctrine or any other

5. Please describe any standards, criteria or guidelines that Mutual has used to evaluate and determine what medications are designated as grounds for the denial of or exclusion from long-term care insurance during the period January 1, 2010 to present.

Answer: See response to interrogatory no. 4.

6. Please state the date that Mutual designated Truvada when taken for prevention of HIV disease by HIV-negative individuals as grounds for the denial of long-term care insurance.

Answer: Objection. Plaintiff's interrogatory is vague and ambiguous. Subject to the general and specific objections asserted, Mutual of Omaha adopted a policy of denying LTC applications for Truvada users in 2008 after Truvada was approved as a treatment for HIV positive individuals. Mutual of Omaha has not since changed its underwriting policy with respect to Truvada.

7. Identify the names, job titles, credentials, and addresses, of all individuals, whether employed by Mutual or who are its agents or contractors, who participated in, contributed to, or approved, directly or indirectly, the decision to designate Truvada when taken as prevention of HIV by HIV-negative individuals as grounds for the denial of long-term care insurance.

Answer: Objection. Plaintiff's interrogatory is overly broad, vague and not relevant or proportional to the case. Without waiving the general or specific objections asserted, Mutual of Omaha identifies the following individuals who are familiar with the company's long term care underwriting policies regarding Truvada: Lisa Ging, R.N. (Chief Underwriter New Business Long Term Care), Ms. Corey Aldy (no longer employed by Mutual of Omaha); Dr. Michael Wilkins (VP & Medical Director); and Dr. Bruce Henricks (VP & Medical Director).

8. Identify the name, job titles, credentials, and addresses of all individuals, whether employed by Mutual or who are its agents or contractors, who had knowledge as of February 9,

# Exhibit C

## Bennett Klein

| | |
|---|---|
| **From:** | Brooks R. Magratten <bmagratten@PierceAtwood.com> |
| **Sent:** | Friday, September 15, 2017 10:35 AM |
| **To:** | Bennett Klein |
| **Subject:** | Field v. Mutual of Omaha |

Hi Ben:   With respect to the deposition of Allen Gregoire, Mutual of Omaha will be moving for a protective order.

Mutual will be designating Dr. Bruce Henricks as a testifying expert.  Per Rule 30(a)(2)(A)(ii), Mutual will produce Dr. Henricks only once.   If you want to wait to the point when we are taking expert depositions, and ask fact questions then as well, Mutual will have no objection.  Let me know how you want to proceed.



### Brooks R. Magratten

PIERCE ATWOOD LLP          PH 401.490.3422

**From:** Bennett Klein [mailto:bklein@glad.org]
**Sent:** Wednesday, September 13, 2017 1:21 PM
**To:** Brooks R. Magratten
**Subject:** PDF of signed interrogatory response

Hi Brooks: Attached are the supplemental interrogatory answers.

Also, can you let me know the status of the 8/28 depositions, whether definitely yes, no, or don't know yet. I have not yet booked the court reporter so want to make sure that happens before too long and can't book flights until I know whether we are on or you will want another date.

Thanks,
Ben



GLBTQ Legal Advocates & Defenders
30 Winter Street, STE 800
Boston, MA 02108
t 617.426.1350
f 617.426.3594

# Exhibit D

```
 1              UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MASSACHUSETTS
 2
    JOHN DOE,                ) C.A. NO. 1:16-CV-11381-GAO
 3                           )
            PLAINTIFF,       ) DEPOSITION OF
 4                           ) MICHAEL WILKINS, M.D.
        VS.                  )
 5                           )
    MUTUAL OF OMAHA          )
 6  INSURANCE COMPANY,       )
                             )
 7          DEFENDANT.       )

 8  - - - - - - - - - - - - -

 9              DEPOSITION OF MICHAEL WILKINS, M.D., taken

10  before Morgan M. Catania, RPR, CSR(IA), General

11  Notary Public within and for the State of Nebraska,

12  beginning at 9:24 a.m., on July 20, 2017, at

13  Thomas & Thomas Court Reporters & Certified Legal

14  Video, LLC, 1321 Jones Street, Omaha, Nebraska.

15

16

17

18

19

20

21

22

23

24

25
```

Page 64

1  please?
2          (Whereupon, the pending question
3          was read back by the court
        reporter.)
4          THE WITNESS:  That's one factor.
5  BY MR. KLEIN:
6      Q.  Okay.  What are the other factors?
7      A.  The guidelines that we have and -- that
8  are reviewed by our reinsurer.  We are -- you know,
9  still do not support insuring -- offering long-term
10 care insurance.
11     Q.  And when you say the guidelines, do you
12 mean the underwriting guidelines that we're looking
13 at?
14     A.  Yes.
15     Q.  All right.  And who is -- who is your
16 reinsurer?
17     A.  RGA.
18     Q.  And what is RGA?
19     A.  I'm not sure.  I don't know what it stands
20 for.  It's -- I think it's a European company.
21     Q.  They are the reinsurer that is used by
22 Mutual of Omaha long-term care insurance?
23     A.  Yes.
24     Q.  And was that the case in 2015?
25     A.  Yes.

Page 65

1      Q.  All right.  And are they required to
2  approve changes to your underwriting guidelines?
3      A.  Yes.
4          MR. MAGRATTEN:  Objection to form.
5  BY MR. KLEIN:
6      Q.  Has there been any communication between
7  Mutual of Omaha and RGA regarding the exclusion of
8  people with HIV from -- from long -- the long-term
9  care insurance products?
10     A.  Not that I'm aware of.
11     Q.  All right.  Has -- is there -- has -- does
12 RGA independently provide Mutual of Omaha with
13 certain requirements that it has for the
14 underwriting guidelines and practices?
15     A.  I can't answer that.  I don't know.
16     Q.  You don't know.  Okay.
17         Who is responsible for overseeing the
18 relationship with RGA?
19     A.  I assume the underwriting manager for
20 long-term care.
21     Q.  And who is that?
22     A.  Allen.  I forget his last name.
23     Q.  Gregoire?
24     A.  Yeah.
25     Q.  All right.  As the medical director for

Page 66

1  Mutual of Omaha long-term care insurance, does
2  someone who is HIV negative and on Truvada have
3  higher health risks than a person who is HIV
4  negative and not on PrEP?
5          MR. MAGRATTEN:  Objection:  Seeks
6  expert conclusion.  Hypothetical question.  Object
7  to form.
8          THE WITNESS:  Would you repeat the
9  question, please?
10         (Whereupon, the pending question
11         was read back by the court
        reporter.)
12         MR. MAGRATTEN:  Same objections.
13         THE WITNESS:  Well, I think the
14 answer is unknown.
15 BY MR. KLEIN:
16     Q.  Why do you conclude that?
17     A.  Because there haven't been long-term
18 studies on people on PrEP for long-term.  And if
19 they are going to have complications from the
20 medications; so we -- we don't know.
21     Q.  Okay.  I would like to call your attention
22 to page 27 of the underwriting guide that is
23 attached as Exhibit E.
24     A.  Okay.
25     Q.  And to call your attention to the entries

Page 67

1  on carotid artery disease/stenosis?
2      A.  Okay.
3      Q.  What is carotid artery disease/stenosis?
4      A.  Arteries are in your neck, and they can
5  become occluded.  Like -- similar to, like, a heart
6  attack, the arteries on the outside of your heart,
7  they can develop plaque and blockage and untreated
8  could lead to stroke, blindness.
9      Q.  And do you know -- underneath the
10 provision for carotid artery disease --
11     A.  Uh-huh.
12     Q.  -- there are various criteria.  Is that
13 the correct use for these various things like
14 unoperated, less than 70 percent stenosis, no
15 symptoms, tobacco free 12 months.  Would those be
16 called underwriting criteria?
17     A.  Uh-huh.
18         MR. MAGRATTEN:  Objection to form.
19 BY MR. KLEIN:
20     Q.  Is that -- is that correct?
21     A.  Yes.
22         MR. MAGRATTEN:  Objection to form.
23 BY MR. KLEIN:
24     Q.  Okay.  Just so I'm clear how -- at Mutual
25 of Omaha long-term care -- care insurance how are

Michael Wilkins, MD
7/20/2017

24 (84 - 87)

Page 84

1 BY MR. KLEIN:
2    Q.  I'm sorry.  Go ahead.
3    A.  I don't recall a specific conversation
4 with her about it.
5    Q.  All right.  Did you have any role in the
6 review of John Doe's application for long-term care
7 insurance, the plaintiff in this case?
8    A.  I don't recall.  The -- if -- I may have
9 seen the appeal after the initial denial.  Or not
10 seen it but someone had discussed it with me.  It
11 might have been Lisa.  I'm not sure.
12    Q.  All right.  So do you have any
13 recollection of having any role at all in the -- in
14 the evaluation or review of an applicant on Truvada
15 as PrEP in 2015 at all?
16        MR. MAGRATTEN:  Objection to form.
17        THE WITNESS:  Again, I think there
18 may have been an informal discussion about that, but
19 I don't recall.
20 BY MR. KLEIN:
21    Q.  Okay.  What information sources,
22 publications, or other materials about PrEP and/or
23 HIV did Mutual rely upon in 2015 to deny Doe
24 long-term care insurance?
25    A.  Well, we used our underwriting guideline

Page 85

1 and the pharm check.
2    Q.  Meaning the Milliman database that listed
3 Truvada as uninsurable?
4    A.  Uh-huh.
5    Q.  Yes?
6    A.  Yes.
7    Q.  All right.  When -- do you know if
8 whether -- do you whether Mutual undertook any
9 further review of the efficacy of PrEP in 2015 when
10 it evaluated Doe's application?
11        MR. MAGRATTEN:  Objection to form.
12        THE WITNESS:  It was a -- I think --
13 could you repeat that, please?
14        (Whereupon, the pending question
15        was read back by the court
        reporter.)
16        MR. MAGRATTEN:  Objection to form.
17        THE WITNESS:  I think at the time it
18 was a new indication for Truvada and there was very
19 little information on the drug in the clinical -- in
20 the post research setting in the community setting.
21 And at that point in time I think it was felt that
22 it was premature to, you know, change or -- any --
23 any kind of guideline.
24 BY MR. KLEIN:
25    Q.  Who was involved in that discussion?

Page 86

1    A.  Probably the medical records.
2    Q.  So you discussed that with Dr. Henricks?
3    A.  Probably, yeah.
4    Q.  All right.  Did you discuss that with
5 any -- anybody else at Mutual of Omaha?
6    A.  Maybe the underwriting manager.
7    Q.  Was that -- do you know who that was at
8 the time?
9    A.  Corey Aldy.
10    Q.  All right.  Did you discuss it with Marty
11 Johnson?
12    A.  He wasn't the manager at that time.
13    Q.  Who was your -- who did you report to at
14 that time?
15    A.  Bill Viggliotte.
16    Q.  Okay.  And did -- did you discuss PrEP
17 with him at that time?
18    A.  I don't believe so.
19    Q.  Okay.  Can you give me a -- can you give
20 me a -- your answer to the question of what are the
21 reasons that Mutual of Omaha excludes from long-term
22 care insurance any person who takes Truvada as PrEP?
23        MR. MAGRATTEN:  Objection:  Asked and
24 answered.
25        THE WITNESS:  The long-term

Page 87

1 consequences of PrEP therapy are unknown.
2 BY MR. KLEIN:
3    Q.  Okay.  Is that your complete answer?
4    A.  Well, we've -- the -- it seemed premature
5 based on incomplete information to change it.
6    Q.  Now, do you agree that not all persons at
7 high risk for HIV use PrEP?
8        MR. MAGRATTEN:  Objection:  Seeks
9 expert opinion.  Hypothetical.
10        THE WITNESS:  Can you repeat that,
11 please?
12        (Whereupon, the pending question
13        was read back by the court
        reporter.)
14        THE WITNESS:  I assume, yes.  I mean,
15 some -- some don't.
16 BY MR. KLEIN:
17    Q.  All right.  And Mutual doesn't require
18 that people refrain from sexual activity as a
19 condition of long-term care insurance, does it?
20        MR. MAGRATTEN:  Objection.
21        THE WITNESS:  Can you repeat that,
22 please?
23        (Whereupon, the pending question
24        was read back by the court
        reporter.)
25        THE WITNESS:  No.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE,<br>          Plaintiff<br><br>v.<br><br>MUTUAL OF OMAHA<br>INSURANCE COMPANY,<br>          Defendant | )<br>)<br>)<br>)<br>)<br>)    No. 1:16-cv-11381-GAO<br>)<br>)<br>)<br>) |

## DEFENDANT MUTUAL OF OMAHA INSURANCE COMPANY'S RESPONSES TO PLAINTIFF JOHN DOE'S FIRST SET OF INTERROGATORIES

Defendant Mutual of Omaha Insurance Company responds to Plaintiff's First Set of Interrogatories as follows:

### GENERAL OBJECTIONS

Defendant  Mutual of Omaha Insurance Company objects generally to Plaintiff's First Set of Interrogatories on the following grounds:

A.  Defendant objects to each interrogatory to the extent that it seeks to have Defendant answer on behalf of entities other than itself, or on behalf of agents or employees of other entities. Accordingly, Defendant construes these interrogatories to only refer to the Defendant, and Defendant gives the answers below solely on its behalf.

B. Defendant objects to the extent Plaintiff's interrogatories are overly broad, unduly burdensome, vague, ambiguous, disproportionate to the needs of the case and otherwise beyond the scope of permissible discovery.

C.  Defendant objects to the interrogatories to the extent the information requested is protected from disclosure by the attorney-client privilege, the work product doctrine or any other

2015 of the medical, scientific, or underwriting basis for Mutual's exclusion from long-term care insurance of HIV-negative individuals who take Truvada as prevention for HIV.

Answer:  See response to Interrogatory no. 7.

9. Identify the names, job titles, credentials, and addresses of all individuals whom Mutual consulted with or communicated with in the process of its decision to exclude from long-term care insurance individuals who are HIV-negative and are taking the medication Truvada as prevention for HIV.

Answer:  Objection.  Plaintiff's interrogatory is overly broad, vague and not relevant or proportional to the case.  Without waiving the general or specific objections asserted, Mutual of Omaha responds that Mutual of Omaha communicated its underwriting policies to Reinsurance Group of America, a reinsurer.

10. Please state the basis for Mutual's decision to designate Truvada when taken as prevention for HIV by HIV-negative individuals as an uninsurable medication and grounds for disqualification for receiving long-term care insurance.

Answer:  Mutual of Omaha initially designated Truvada as an uninsurable medication when the drug had been approved for treatment of HIV positive individuals.  The basis for that decision was the fact that HIV positive individuals are likely to have a higher claim experience than HIV negative individuals.  Although Truvada was later approved for use as part of an HIV prophylaxis protocol for individuals at increased risk for acquiring HIV infection, Truvada use does not eliminate the risk of acquiring HIV infection.  Further, studies have indicated a potentially significant incidence of sub-optimal compliance (or non-compliance) with HIV prophylaxis protocol guidelines among protocol participants.

```
1                    UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MASSACHUSETTS
2
     JOHN DOE,                    ) C.A. NO. 1:16-CV-11381-GAO
3                                 )
                  PLAINTIFF,      ) DEPOSITION OF
4                                 ) LISA GING, RN
          VS.                     )
5                                 )
     MUTUAL OF OMAHA              )
6    INSURANCE COMPANY,           )
                                  )
7                 DEFENDANT.      )

8    - - - - - - - - - - - - - -

9                    DEPOSITION OF LISA GING, RN, taken before

10   Morgan M. Catania, RPR, CSR(IA), General Notary

11   Public within and for the State of Nebraska,

12   beginning at 10:11 a.m., on July 19, 2017, at

13   Thomas & Thomas Court Reporters & Certified Legal

14   Video, LLC, 1321 Jones Street, Omaha, Nebraska.

15

16

17

18

19

20

21

22

23

24

25
```

1        A.    -- at the time of underwriting.

2        Q.    Okay.

3              MR. MAGRATTEN:   Ben, I'm going to ask

4    you to just wait -- wait to ask the next question

5    until the witness is finished just so we have a

6    clean transcript.

7              MR. KLEIN:   Thank you.   That's a good

8    reminder, and I will do my best.

9    BY MR. KLEIN:

10       Q.    Now, can you tell me:   What are the

11   reasons that Mutual of Omaha excludes from long-term

12   care insurance all individuals who use Truvada as

13   PrEP?

14       A.    Because of the indications for the drug.

15   Someone has HIV or they are at high risk of

16   acquiring HIV.

17       Q.    Are there any other reasons?

18       A.    No.

19       Q.    All right.   So somebody who is on Truvada

20   as PrEP does not currently have a diagnosis of HIV

21   disease; is that correct?

22       A.    If they have negative HIV testing, that

23   would be --

24       Q.    Yeah.   Well, if they are on PrEP, the

25   purpose is to prevent HIV disease; right?