UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                          )
JOHN DOE,                              )
     Plaintiff,                         )
                                          )
v.                                            )
                                          )   No. 1:16-cv-11381-GAO
MUTUAL OF OMAHA           )
INSURANCE COMPANY,      )
     Defendant.                    )
_____)

**MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL PLAINTIFF'S COMPLIANCE WITH
<u>DISCOVERY ORDER REGARDING INTERROGATORY ANSWERS</u>**

Pursuant to Rules 37(a) and (b) of the Federal Court Rules of Civil Procedure, Defendant Mutual of Omaha Insurance Company ("Mutual of Omaha") moves this Court to order Plaintiff's compliance with this Court's discovery order regarding his answers to interrogatories nos. 11 through 17. [Doc. #61, attached at <u>Exhibit A</u>].

**<u>INTRODUCTION</u>**

Plaintiff alleges that Mutual of Omaha discriminated against him when it denied his application for long term care ("LTC") coverage because he was taking Truvada, a medication to reduce the risk of HIV infection. Mutual of Omaha sought discovery of all facts supporting Plaintiff's allegations of discrimination by Mutual of Omaha. Initially Plaintiff refused to answer, claiming that all such questions were "premature contention" interrogatories and that the questions were "the subject of discovery" so answers should be "deferred." <u>Exhibit B</u> (answers to interrogatories nos. 11 through 17). Mutual of Omaha moved to compel answers to these seven interrogatories. [Doc. #38, 39]. This Court granted Mutual of Omaha's motion. <u>Exhibit A</u> at 6. It cautioned Plaintiff that he "presumably has a Rule 11 basis for his various allegations in

the Complaint" and then ordered him "to answer [the] interrogatories now."  Exhibit A at 6.  Plaintiff could supplement again later if he learned "additional or different information" from discovery.  Id.

On September 13, 2017, Plaintiff provided his supplemental answers.  Exhibit B (supplemental answers nos. 11 through 17).  Although Plaintiff wrote that they are "consistent" with this Court's order, they are not.  Id.  Plaintiff failed to present facts he possessed prior to filing his Complaint in contravention to this Court's discovery order.  Exhibit A at 6 (stating that "presumably [Plaintiff] has a Rule 11 basis for his various allegations in the Complaint" and ordering him "to answer those interrogatories now").  Plaintiff's supplemental answers are still nonresponsive.  He did not present the facts he relied upon to allege discrimination when he filed his Complaint.

Interrogatory no. 11 asked Plaintiff to:

"state each and every fact upon which you rely in alleging, in paragraph 25 of the Complaint, that the Defendant's denial of Plaintiffs application was based on: (a) bias against gay men; (b) negative beliefs about gay male sexuality; (c) stereotypes that gay male sexuality is inherently risky and unhealthy; and (d) false and unscientific beliefs about the contagion of HIV and identify all witnesses with knowledge of the facts stated in response to this interrogatory and all documents pertaining to the facts stated in response to this interrogatory."

Exhibit B.  Plaintiff pointed to deposition testimony (taken more than one year after Plaintiff filed his Complaint) and referenced a yet-to-be-disclosed expert opinion to cobble some basis for allegations made about bias, stereotyping, and adhering to false and unscientific beliefs on the part of Mutual of Omaha.  Exhibit B.  With respect to identifying witnesses who possessed knowledge of the facts that Plaintiff relied on to prepare his Complaint, he identified only Mutual of Omaha witnesses and an undisclosed expert.  Id.  The supplemented answer provides no information about the facts upon which Plaintiff relied in filing his Complaint in the first

instance.  The answer does not comply with this Court's order and must be further supplemented.  Exhibit A.  Moreover, none of Plaintiff's references to deposition testimony actually address Plaintiff's allegations that Mutual of Omaha denied Plaintiff's insurance application based on beliefs that 1) "gay male sexuality is inherently risky and unhealthy", 2) "bias against gay men" or 3) "negative beliefs about gay male sexuality."  The only reference to "gay men" anywhere in this supplemental answer was a statement that "Mutual [of Omaha] does not exclude from long-term care insurance gay men[.]" Exhibit B.[1]  Plaintiff's answer is non-responsive and must be further supplemented.

Plaintiff's supplemental answers to interrogatories nos. 12, 13, 14 and 15 were equally deficient.  They also asked Plaintiff about the facts that he relied upon to craft the specific allegations of discrimination in the Complaint—namely what facts supported that Mutual of Omaha labored under "myths, stereotypes and negative attitudes about the nature and riskiness of [Plaintiff's] sexuality because he is a gay man, and about gay male sexuality in general" and "myths, stereotypes, and unscientific beliefs about the transmission of HIV."  Exhibit B (Interrogatory nos. 12, 13, 14, 15).  Plaintiff simply referred back to his supplemental answer to interrogatory 11 and the list of excerpts from deposition testimony (provided more than one year after the Complaint was filed) and yet-to-be-disclosed expert opinions.  Exhibit B.  Plaintiff failed to present any facts he relied on to prepare discrimination allegations in the Complaint and, in any event, his answers were unresponsive as to how Mutual of Omaha allegedly stereotypes and is biased against gay men and gay male sexuality.

Interrogatory no. 16 asked Plaintiff to provide the facts he relied upon to conclude that Mutual of Omaha "regarded him as disabled" and then discriminated against him on that basis in

---

[1] Mutual of Omaha also deposed Plaintiff.  He refused to answer questions about the factual bases for many of the allegations in the Complaint.

{W6343141.1}                                3

violation of the Massachusetts public accommodations statute.  In answering this question, Plaintiff did not use the word "disabled" once.  Instead he summarized what LTC coverage is for ("receipt of benefits if [the insureds] are unable to care for themselves with respect to those daily activities or cognitive impairment"), presented an incomplete and inaccurate synopsis of deposition testimony about underwriting ("Mutual excludes people who use PrEP from long-term care insurance because of its belief that such individuals are at high risk of acquiring HIV"), and then offered his own opinion that "Mutual believes it can screen out individuals at risk for HIV by using PrEP as a proxy for a rational screening process." Exhibit B.  None of these passages are responsive to question asked -- how was Plaintiff allegedly regarded as disabled by Mutual of Omaha.  Moreover, the witnesses that Plaintiff identified were Mutual of Omaha deposition witnesses -- people whom Plaintiff did not examine before filing the Complaint. Plaintiff did not adequately answer Interrogatory no. 16 because he failed to present any facts he relied on to prepare the disability allegations in the Complaint and in any event did not present any facts suggesting that Mutual of Omaha regarded him as disabled.

Finally, Interrogatory no. 17 asked Plaintiff to present all facts he used to support his allegation that he was discriminated against "based on sexual orientation" in violation of the Massachusetts public accommodations statute.   As his response, Plaintiff simply summarized the generic steps that he concluded Mutual of Omaha takes to sell LTC coverage in Massachusetts and then stated that he was denied coverage. Exhibit B.  These facts could not have provided a Rule 11 basis for claiming discrimination based on sexual orientation.  Plaintiff does not even mention the word "sexual orientation" in his answer.  Plaintiff's supplemental answer is inadequate and does not meet the requirements of this Court's order, Exhibit A, nor is even responsive to the inquiry.

## ARGUMENT

"If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule . . . 37(a), the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2). These "just orders" carry significant consequences. For example, Rule 37(b)(2)(A) lists some available sanctions for not obeying a discovery order including but not limited to: "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence," "striking pleadings in whole or in part," "staying further proceedings until the order is obeyed," "dismissing the action or proceeding in whole or in part" and "rendering a default judgment against the disobedient party." Id. In addition, "the court <u>must order</u> the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Rule 37(b)(2)(C).

In "assessing the appropriateness of a discovery sanction" for the violation of an order, the "court examines '[t]he totality of the circumstances.' <u>Hinds v. Dean</u>, No. CV 15-10073-LTS, 2017 WL 1439661, at *2 (D. Mass. Apr. 21, 2017) (quoting <u>Mulero-Abreu v. Puerto Rico Police Dept.</u>, 675 F.3d 88, 93 (1st Cir. 2012)). "Relevant factors to consider 'include the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness vel non of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions.'" <u>Id.</u> (quoting <u>Vallejo v. Santini-Padilla</u>, 607 F.3d 1, 8 (1st Cir. 2010)). In addition to the powers afforded by Rule 37, federal courts also possess "certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases'" and to sanction for discovery abuses.

Hinds v. Dean, No. CV 15-10073-LTS, 2017 WL 1439661, at *2 (D. Mass. Apr. 21, 2017) (citing Goodyear Tire & Rubber Co. v. Haeger, 2017 WL 1377379, at *5 (U.S. Apr. 18, 2017))

Here, Plaintiff supplemented answers to Interrogatories nos. 11, 12, 13, 14, 15, 16, and 17, but failed to comply with an explicit direction of this Court's Order: provide the underlying facts, a "Rule 11 basis," that Plaintiff relied upon to prepare the allegations in the Complaint. Exhibit A at 6.  At this late stage in discovery, Mutual of Omaha is being forced into the prejudicial position of having to defend against Plaintiff's allegations with little explanation of how Plaintiff gets from point A (Plaintiff's application was denied) to point B (Mutual of Omaha discriminated).  See Lynch v. Novant Med. Grp., Inc., No. CIV. 3:08CV340, 2009 WL 2915039, at *6 (W.D.N.C. Sept. 8, 2009) (recounting that "the Defendant's discovery requests seek the most basic information regarding the facts underlying the Plaintiff's claims: they ask the Plaintiff to provide details regarding the facts supporting her claims for discrimination and retaliation and for the identities of persons with knowledge of her allegations," noting that "the discovery deadline . . . is quickly approaching" and "to date . . . the Defendant has not been able to obtain any meaningful discovery from the Plaintiff [and] without the Plaintiff's discovery responses . . . the Defendant has been unable to prepare a defense . . . prepare for trial . . . and [a]dditionally. . . has incurred unnecessary and avoidable costs in the form of attorney's fees for the preparation of the Motion to Compel and the Motion for Sanctions").  In the circumstances present here, a "just order" requires Plaintiff to further supplement his answers within 10 days with information he relied on to prepare the allegations in the Complaint or otherwise state he had no such factual basis.  Fed. R. Civ. Pro. 37(b)(2)(A).  Plaintiff also must amend his supplemental answer to present facts that actually respond to the interrogatories.  Fed. R. Civ. Pro. 37(a).

**WHEREFORE**, Defendant Mutual of Omaha Insurance Company respectfully requests this Court to grant Mutual of Omaha's Motion to Compel Plaintiff's compliance with this Court's discovery order [Doc. #61] and order Plaintiff to further supplement his interrogatory answers to Interrogatories nos. 11, 12, 13, 14, 15, 16, and 17 within 10 days of this Court's ruling.

|  |  |
|---|---|
|  | Respectfully submitted,<br>MUTUAL OF OMAHA<br>INSURANCE COMPANY,<br>*By its Attorneys,* |
| September 27, 2017 | */s/ Brooks Magratten*<br>Brooks R. Magratten, Esq. BBO#650393<br>Katherine Kohm, Esq. BBO#675362<br>PIERCE ATWOOD LLP<br>72 Pine Street, 5th Floor<br>Providence, RI 02903<br>(401) 490-3422<br>(401) 588-5166 (fax)<br>bmagratten@pierceatwood.com |

## CERTIFICATE OF SERVICE

I certify that the within document was electronically filed with the clerk of the court on September 27, 2017, and that it is available for viewing and downloading from the Court's ECF system. Service by electronic means has been effectuated on all counsel of record.

*Counsel for Plaintiff*
Bennett H. Klein, BBO# 550702
GLBTQ Legal Advocates & Defenders
30 Winter St. Suite 800
Boston, MA 02108
617-426-1350
bklein@glad.org

John P. Ward, BBO# 515860
Law Offices of John P. Ward
584 Castro St., No. 802
San Francisco, CA 94114
415-255-4996
johnpward@gmail.com

*Counsel for Doe's Spouse*
Nicole Kinsley
Foley Hoag LLP
155 Seaport Blvd.
Boston, MA 02210-2600
617-832-1185
nkinsley@foleyhoag.com

  */s/ Brooks Magratten*