# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 16-11381-GAO |
| ) | |
| MUTUAL OF OMAHA INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

ORDER ON DISCOVERY MOTIONS
[Docket Nos. 29, 32, 38, 40]

August 22, 2017

Boal, M.J.

In this action, plaintiff John Doe alleges that defendant Mutual of Omaha Insurance Company ("Mutual") discriminated against him on the basis of his sexual orientation and a perceived disability when it denied his application for long-term care ("LTC") insurance coverage in violation of M.G.L. c. 272, § 98. The parties have filed several discovery motions. Docket Nos. 29, 32, 38, and 40.[1] The Court heard oral argument on August 9, 2017. For the following reasons, the Court orders as follows.

I.      BACKGROUND

On or about November 1, 2014, Doe applied to Mutual for LTC. Complaint ¶ 6. Mutual denied Doe's application initially on February 9, 2015, id. at ¶ 9, and on appeal on April 22, 2015. Id. at ¶ 21. Doe alleges that Mutual denied his LTC insurance application solely because

---

[1] On June 9, 2017, the District Court referred the motions to the undersigned. Docket No. 37.

1

he takes the medication Truvada, which is approved by the Food and Drug Administration ("FDA") to prevent transmission of HIV infection in HIV-negative individuals. Id. at ¶ 1. Mutual has a blanket policy of denying coverage to anyone who takes Truvada, regardless of the reason for the prescription. Id. at ¶ 21. Doe alleges that Mutual's rejection of Doe's application was an unfair and discriminatory classification of risk based on negative attitudes and false beliefs that gay male sexuality is inherently risky and unhealthy, and based on "myths, fears, and unscientific beliefs" about the transmission of HIV. Id. at ¶¶ 1, 25-29.

Doe seeks a permanent injunction (1) enjoining Mutual from categorically excluding from its LTC insurance individuals, including Doe, who take Truvada as prevention for HIV; and (2) ordering that Mutual provide Doe with the LTC that he applied for, without excluding him or treating him differently based on his use of the medication Truvada as pre-exposure prophylaxis, and with the same terms and rates he would have received had his original application been accepted. Complaint, Requests for Relief.

This case was originally filed in state court. Mutual removed it to this Court based on diversity jurisdiction. Docket No. 1. On August 10, 2016, Doe filed a motion to remand to state court on the grounds that the $75,000 amount in controversy requirement of diversity jurisdiction was not satisfied in this case. Docket No. 11. Doe stated that all that he sought was to "enjoin Mutual from denying coverage *a priori*, solely because Doe takes Truvada. If he obtains that relief, he must still meet all of the underwriting requirements that Mutual imposes on any applicant for long-term care insurance." Docket No. 12 at 2.

However, in response to Doe's motion to remand, Mutual admitted that Truvada was the only reason that Doe's application was denied and that, but for his use of Truvada, Mutual would have issued the LTC insurance policy. Docket No. 13 at 4. Specifically, Mutual stated that:

2

> According to both Plaintiff and Mutual of Omaha, Truvada was the only reason the policy application was denied. There is no evidence otherwise. As such, were Plaintiff to prevail in his Complaint, there would be no "other underwriting requirements" to meet and he would be, as he has prayed, entitled to the benefit of the $360,000+ policy.

Id. Therefore, Mutual argued, the amount in controversy was the value of the policy which was in excess of $360,000. Id. at 4-5. The District Court denied Doe's motion to remand the case to state court. Docket No. 22.

Mutual subsequently confirmed, in sworn answers to interrogatories, that if Doe had not been taking Truvada as prevention for HIV, Mutual would have issued to him the LTC insurance policy for which he applied. Docket No. 52 at 34. In addition, Mutual's Rule 30(b)(6) deposition designee, Lisa Ging, RN, testified that Mutual did not issue LTC policies to anyone who took Truvada regardless of the reasons why they took the medication. Docket No. 57-1 at 7.

II. ANALYSIS

    A. Discoverability Of Doe's Medical Records

There are four discovery motions pending before the Court: (1) Doe's motion to quash a subpoena to his primary care physician, Ronald Katz, M.D., and for a protective order as to the scope of discovery into Doe's medical and health information (Docket No. 29); (2) Mutual's motion to compel compliance with the subpoena to Dr. Katz (Docket No. 32); (3) Mutual's motion to compel Doe to answer interrogatories (Docket No. 38); and (4) Mutual's motion to compel Doe to produce certain categories of documents (Docket No. 40). All of the motions raise the same question: whether Doe's medical records and treatment from December 28, 2009 to the present (beyond the records and materials that Mutual obtained and relied upon in evaluating Doe's application for LTC insurance) are discoverable in this action.

Under Rule 26(b), a party may obtain discovery "regarding any nonprivileged matter that

3

is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Factors that must be considered in weighing proportionality include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id. Information within the scope of discovery need not be admissible in evidence to be discoverable. Id.

Mutual argues that Doe's medical treatment information is relevant to the reasonableness of its decision to deny LTC coverage to Doe. Specifically, Mutual notes that Doe has alleged that Truvada is close to 100% effective in preventing HIV transmission. See, e.g., Docket No. 42 at 2. According to Mutual, however, the effectiveness of Truvada in individual cases depends on the patient's adherence to Truvada protocols. Id. If Doe has not strictly complied with those protocols, then "the cornerstone of his case erodes." Id. at 2-3. Mutual argues, therefore, that Doe's medical treatment is relevant to ascertaining Doe's compliance with the Truvada protocol. Id. at 3.

Here, however, Doe does not challenge Mutual's decision to deny coverage based on Truvada use as applied to him. Rather, Doe argues that Mutual's blanket policy is discriminatory. Mutual has acknowledged that it denies coverage based on Truvada use regardless of the reason for taking the medication or compliance with medication protocols. See, e.g., Docket No. 52 at 22; Docket No. 57-1 at 7. Indeed, it did so in this case. See Docket No. 60-1 at 1 (February 9, 2015 denial letter) ("We do not offer coverage if you are taking this medication regardless of reason as it is on our uninsurable list of medications."). Whether or not Doe himself strictly adheres to Truvada protocols does not shed any light on the reasonableness

4

of Mutual's blanket policy with respect to Truvada. Rather, the reasonableness of that policy is likely to be determined with reference to expert testimony regarding the effectiveness of Truvada.

Mutual also argues that because Doe is asking the Court to require Mutual to issue him an LTC policy, it is entitled to probe whether there are other medical reasons to deny an LTC policy to Doe. See, e.g., Docket No. 42 at 3. This argument, however, is contrary to Mutual's prior representations to the District Court that it denied coverage solely based on Doe's Truvada use and that "were [Doe] to prevail in his Complaint, there would be no 'other underwriting requirements' to meet and he would be, as he has prayed, entitled to the benefit of the $360,000 + policy." Docket No. 13 at 4; see also Docket No. 52 at 34. Thus, the sole issue in this case is whether Mutual's blanket policy denying coverage to users of Truvada is discriminatory. In light of this fact, Mutual has not satisfactorily explained why it needs to reevaluate Doe's entire medical history since 2009.

Finally, Mutual argues that, to the extent Doe's health circumstances have changed since he first applied for LTC coverage in November 2014, that too is relevant and discoverable given Doe's demand that the Court force Mutual to issue him LTC coverage. See, e.g., Docket No. 42 at 6. The Court disagrees. The issue in this case is whether Mutual discriminated in denying coverage in February and April 2015. If, as Doe alleges, that decision was discriminatory, Doe should be put in the position he would have been had Mutual issued the policy at that time.[2] Whether his medical circumstances have changed since then is irrelevant. See Mutual's Rule

---

[2] At oral argument, Mutual argued that Doe's health records since 2014 were relevant to determining the appropriate premium should Doe prevail and the District Court order issuance of the LTC policy. However, any policy should be subject to the rates, terms, and conditions as would have existed in 2015. Counsel for Doe acknowledged that Doe would have to pay premiums retroactively to 2015.

5

30(b)(6) Deposition Testimony (Docket No. 57-1 at 8) (testifying that Mutual does not monitor insureds after issuance of a policy).[3]

Accordingly, the Court finds that Doe's health records (other than the records and materials that Mutual obtained and relied upon in evaluating Doe's application for LTC insurance) are irrelevant to this action.

### B. Contention Interrogatories

Interrogatories 11-17 ask Doe to state the facts upon which he relies in making certain allegations in the Complaint. Docket No. 39-1 at 9-13. Doe argues that these are contention interrogatories that should be deferred until after discovery is completed. Docket No. 52 at 15-17. However, Doe presumably has a Rule 11 basis for his various allegations in the Complaint. Accordingly, the Court finds that Doe should be required to answer those interrogatories now and may supplement his answers later should discovery reveal additional or different information.[4]

## III. ORDER

For the foregoing reasons, the Court (1) grants in part Doe's motion to quash the subpoena to Dr. Katz and for a protective order (Docket No. 29);[5] (2) denies Mutual's motion to

---

[3] Specifically, Lisa Ging, RN, Chief Underwriter for Mutual, testified that "[u]nderwriting is a snapshot. It's a moment in time, how somebody looks at the time that we underwrite them. Once we issue the policy, I have no control what happens to them. They could be hit by a car." Docket No. 57-1 at 8.

[4] Doe argues that if the Court orders him to answer these interrogatories now, it should in fairness order Mutual to answer similar interrogatories regarding the bases for its affirmative defenses. Docket No. 52 at 17, n. 9. However, there is no motion to compel before the Court regarding Mutual's answers to interrogatories.

[5] Doe's request for a protective order is somewhat broader than the relief the Court grants. Specifically, Doe requests that the Court prohibit Mutual from inquiring at his deposition about all dates Doe has been tested for HIV from 2009 to present and the test results and the reasons Doe began taking Truvada. Docket No. 29 at 2. With respect to HIV testing, the Court will

compel compliance with the subpoena to Dr. Katz (Docket No. 32); (3) grants in part and denies in part Mutual's motion to compel answers to interrogatories (Docket No. 38); and (4) denies Mutual's motion to compel production of documents (Docket No. 40). Mutual may not conduct discovery regarding Doe's medical and health-related information beyond the records and materials that Mutual obtained in evaluating Doe's application and denying LTC coverage to him on February 9, 2015.

          /s/ Jennifer C. Boal
          JENNIFER C. BOAL
          UNITED STATES MAGISTRATE JUDGE

---

allow Mutual to inquire into this subject only to the extent that it did so and/or obtained such records for the purposes of evaluating Doe's application. Mutual, however, is not allowed to inquire about such testing after the date of the February 2015 denial of the application. In addition, the Court will allow some inquiry into the reasons why Doe started taking Truvada. Mutual may not, however, inquire into Doe's compliance with Truvada protocols other than to the extent it sought such information prior to Mutual's denials in 2015.

7