UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
JOHN DOE,                                                   )
    Plaintiff                                          )
                                                              )
v.                                                                 )
                                                              )    No. 1:16-cv-11381-GAO
MUTUAL OF OMAHA                                  )
INSURANCE COMPANY,                            )
    Defendant                                        )
_____)

**MEMORANDUM IN SUPPORT OF
MUTUAL OF OMAHA INSURANCE COMPANY'S
<u>MOTION TO QUASH THE NOTICE OF DEPOSITION OF ALLEN GREGOIRE</u>**

Per Rule 26(c)(1) Defendant Mutual of Omaha Insurance Company ("Mutual of Omaha") moves to quash the deposition noticed by Plaintiff John Doe to Mutual of Omaha's Director of Underwriting, Allen Gregoire.[1]

**<u>INTRODUCTION</u>**

Plaintiff alleges that Mutual of Omaha discriminated against him when it denied his application for long term care ("LTC") coverage because he was taking Truvada. Mutual of Omaha rejects Plaintiff's unsupported contention and counters that Plaintiff's application was denied in accordance with reasonable underwriting guidelines. So far in discovery Plaintiff has obtained Mutual of Omaha's underwriting guidelines and conducted three Rule 30(b)(6) depositions. Ten of the eleven topics designated for Rule 30(b)(6) examination pertain to Mutual

---

[1] Because Mr. Gregoire is not a "party or an officer, director, or managing agent of a party," Plaintiff technically must serve him with a subpoena to require his attendance. <u>See</u> Wright & Miller, 8A Fed. Prac. & Proc. Civ. § 2107 & n. 2, 3 (3d ed.) ("Rule 30(a) provides that the attendance of witnesses at the taking of a deposition may be compelled by subpoena as provided in Rule 45. Though Rule 30 does not say so expressly, a subpoena is not necessary if the person to be examined is a party or an officer, director, or managing agent of a party."). However, in the interest of resolving the issue without delay and on the merits, Mutual of Omaha has opted not to press this federal procedure requirement in its motion.

{W6342176.2}                                                   1

of Omaha's underwriting guidelines and practices.  See Exhibit A (Amended Notice of Rule 30(b)(6) Deposition of Mutual of Omaha, dated 7/29/17).  In this amended notice, Plaintiff requested Mutual of Omaha to "designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf, regarding the matters specified below which are known or reasonably available to them:"

- The process by which Mutual designated the medication Truvada, including when used as pre-exposure prophylaxis for HIV (hereinafter, "PrEP"), as an uninsurable medication, (Exhibit A, topic #2);
- The reasons, rationales and justification for Mutual's exclusion of individuals who take Truvada as PrEP from its long-term care insurance products, (Id., #3);
- The information, sources, publications or other materials about PrEP and/or HIV that Mutual relied upon in 2015 to deny Doe long-term care insurance, (Id., #4);
- The reasons, rationales and justifications for Mutual's position that individuals who take Truvada as PrEP have an elevated risk with respect to long-term care insurance than other individuals whom Mutual insures, (Id., #5);
- The objectives and goals of underwriting long-term care insurance from 2014-present, (Id., #6);
- The methods and processes by which Mutual assesses the risk of medications, and medical/health impairments, as part of underwriting long-term care insurance during the period 2012 to present, (Id., #7);
- An explanation of the rate classes (for example, "Preferred," "Select," "Class I" and "Class II") indicated in the "Mutual Care Solutions Product & Underwriting Guide" produced by Mutual to Plaintiff (hereinafter, the "Underwriting Guide"), including how those rate designations are applied to various medical impairments listed in the Underwriting Guide from 2014 to present, (Id., #8);
- The steps that Mutual takes to evaluate the health history, medical history and suitability for long-term care insurance of applicants for Mutual's long-term care insurance products from 2014 to present, (Id., #9);
- The methods and processes by which Mutual assesses and determines how to classify together persons of the same or substantially same risk in underwriting long-term care insurance from 2014 to present, (Id., #14);
- The reasons, rationales and justification for Mutual's position that HIV positive individuals are likely to have higher long-term care insurance claims experience than HIV negative individuals, (Id., #15).

In sum, ten of Plaintiff's eleven topics related to underwriting. Plaintiff proceeded with the Rule 30(b)(6) depositions, which spanned two days in July 2017. Mutual of Omaha designated two knowledgeable corporate witnesses to testify on underwriting topics: Lisa Ging, RN, Chief LTC Underwriter; and Michael Wilkins, M.D., Medical Director.

Now Plaintiff is seeking to depose yet another Mutual Omaha employee, Mr. Gregoire, who possesses no greater information or insight as to the underwriting guidelines than Ms. Ging or Dr. Wilkins. Mr. Gregoire became Mutual of Omaha's Director of Underwriting on December 1, 2014, after Mutual of Omaha adopted the underwriting guidelines at issue. And in his position he had no direct involvement with Plaintiff's LTC application or its denial. Questioning Mr. Gregoire on the same issues and facts already covered in the Rule 30(b)(6) deposition is unduly burdensome and unnecessary.

## ARGUMENT

Per Rule 26(c)(1), "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending." Fed. R. Civ. Pro. 26(c)(1). This Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by "forbidding the disclosure or discovery." Fed. R. Civ. Pro. 26(c)(1)(A). "While district courts are to interpret liberally the discovery provisions of the Federal Rules of Civil Procedure to encourage the free flow of information among litigants, limits do exist." Estate of Rosado-Rosario v. Falken Tire Corp., 319 F.R.D. 71, 76 (D.P.R. 2016) (citing Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd., 333 F.3d 38, 41 (1st Cir. 2003)). Rule 26(b) requires a court to "limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that

is more convenient, less burdensome, or less expensive." Id. (citing Fed. R. Civ. P. 26(b)(2)(C)(i)).

Here, good cause exists to quash Mr. Gregoire's deposition notice because the only purpose for deposing him, as the Director of Underwriting, is to inquire about Mutual of Omaha's underwriting guidelines and practices. Plaintiff has already plumbed the depths of Mutual of Omaha's underwriting guidelines and practices in the Rule 30(b)(6) depositions.

Mr. Gregoire knows nothing about this particular Plaintiff or the processing of his application. The only testimony Mr. Gregoire can offer is what Mutual of Omaha has already provided via Ms. Ging and Dr. Wilkins. Where "[Mutual of Omaha] ha[s] already produced … witnesses in response to plaintiffs' initial requests for depositions[,] [r]equiring defendants to incur an additional expense for additional depositions . . . . that will not likely produce much relevant information creates an undue burden upon defendants." Estate of Rosado-Rosario, 319 F.R.D. at 75 (holding that where the defendant "produced deponents who were prepared to, and did, answer [Rule 30(b)(6)] questions in the areas that plaintiffs requested in their deposition notices, defendants have complied with the timely deposition notice . . . and thus, the additional deposition requests for [other witnesses involved in quality assurance and product warnings] lack justification."). Accordingly, given the futility of deposing Mr. Gregoire and the unnecessary expense for Mutual of Omaha, the deposition notice should be quashed.

Alternatively, per Rule 26(c)(1), this Court "may for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. Pro. 26(c)(1)(A). To the extent the Court is to permit the

deposition of Mr. Gregoire to proceed, then all questioning should be limited to topics not previously covered in Plaintiff's Rule 30(b)(6) examinations.

**WHEREFORE**, Defendant Mutual of Omaha Insurance Company respectfully requests this Court:

1. pursuant to Rule 26(c)(1)(A), grant Mutual of Omaha's Motion to quash the deposition notice to Allen Gregoire, <u>or</u>

2. alternatively, pursuant to Rule 26(c)(1)(D), limit the scope of Mr. Gregoire's deposition to topics not already covered in the Rule 30(b)(6) depositions.

                    Respectfully submitted,
                    MUTUAL OF OMAHA
                    INSURANCE COMPANY,
                    By Its Attorneys,

September 27, 2017            */s/    Brooks R. Magratten*
                                          Brooks R. Magratten, Esq. BBO#650393
                                          Katharine Kohm, Esq. BBO#675362
                                          PIERCE ATWOOD LLP
                                          72 Pine Street, 5th Floor
                                          Providence, RI 02903
                                          (401) 490-3422
                                          (401) 588-5166 (fax)
                                          bmagratten@pierceatwood.com

## CERTIFICATE OF SERVICE

I certify that the within document was electronically filed with the clerk of the court on September 27, 2017, and that it is available for viewing and downloading from the Court's ECF system.  Service by electronic means has been effectuated on all counsel of record.

*Counsel for Plaintiff*
Bennett H. Klein, BBO# 550702
GLBTQ Legal Advocates & Defenders
30 Winter St. Suite 800
Boston, MA 02108
617-426-1350
bklein@glad.org

John P. Ward, BBO# 515860
Law Offices of John P. Ward
584 Castro St., No. 802
San Francisco, CA 94114
415-255-4996
johnpward@gmail.com

*Counsel for Doe's Spouse*
Nicole Kinsley
Foley Hoag LLP
155 Seaport Blvd.
Boston, MA 02210-2600
617-832-1185
nkinsley@foleyhoag.com

                                         */s/      Brooks R. Magratten*