UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MUTUAL OF OMAHA INSURANCE COMPANY,<br><br>　　　　Defendant. | C.A. No. 1:16-cv-11381-GAO |

TO:　Brooks R. Magratten
　　　Mark A. Pogue
　　　Katharine E. Kohn
　　　Pierce Atwood LLP
　　　72 Pine Street, 5th Floor
　　　Providence, RI 02903

### AMENDED NOTICE OF DEPOSITION OF MUTUAL OF OMAHA INSURANCE COMPANY

Please take notice that on July 19, 2017 at 9:30a.m., counsel for the Plaintiff, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, will take the deposition of defendant Mutual of Omaha Insurance Company ("Mutual") on the topics designated below, at the office of Thomas & Thomas, 1321 Jones St., Omaha, Nebraska, before a court reporter or another officer authorized by law to administer oaths. This oral discovery will continue from day to day until completed. You are invited to attend and cross examine.

Pursuant to Rule 30(b)(6), Mutual shall designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf, regarding the matters specified below which are known or reasonably available to them:

1

(1) The activities Mutual undertook to market, advertise, offer for sale, sell, or solicit customers or applicants for the sale of its long-term care insurance products in Massachusetts during the years 2014 and 2015;

(2) The process by which Mutual designated the medication Truvada, including when used as pre-exposure prophylaxis for HIV (hereinafter, "PrEP"), as an uninsurable medication;

(3) The reasons, rationales and justification for Mutual's exclusion of individuals who take Truvada as PrEP from its long-term care insurance products;

(4) The information, sources, publications or other materials about PrEP and/or HIV that Mutual relied upon in 2015 to deny Doe long-term care insurance;

(5) The reasons, rationales and justifications for Mutual's position that individuals who take Truvada as PrEP have an elevated risk with respect to long-term care insurance than other individuals whom Mutual insures;

(6) The objectives and goals of underwriting long-term care insurance from 2014-present;

(7) The methods and processes by which Mutual assesses the risk of medications, and medical/health impairments, as part of underwriting long-term care insurance during the period 2012 to present;

(8) An explanation of the rate classes (for example, "Preferred," "Select," "Class I" and "Class II") indicated in the "MutualCare Solutions Product & Underwriting Guide" produced by Mutual to Plaintiff (hereinafter, the "Underwriting Guide"), including how those rate designations are applied to various medical impairments listed in the Underwriting Guide from 2014 to present;

(9) The steps that Mutual takes to evaluate the health history, medical history and suitability for long-term care insurance of applicants for Mutual's long-term care insurance products from 2014 to present;

(14) The methods and processes by which Mutual assesses and determines how to classify together persons of the same or substantially same risk in underwriting long-term care insurance from 2014 to present;

(15) The reasons, rationales and justification for Mutual's position that HIV positive individuals are likely to have higher long-term care insurance claims experience than HIV negative individuals.

Dated: June 29, 2017

Respectfully submitted,
JOHN DOE
By his attorneys,

/s/ Bennett H. Klein
Bennett H. Klein
BBO # 550702
GLBTQ Legal Advocates & Defenders
30 Winter St. Suite 800
Boston, MA 02108
617-426-1350
bklein@glad.org

/s/ John P. Ward
John P. Ward
BBO # 515860
Law Offices of John P. Ward

3

584 Castro St., No. 802
San Francisco, CA 94114
johnpward@gmail.com