# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

---

JOHN DOE,           )
     Plaintiff,       )
                )
v.                  )
                )     No. 1:16-cv-11381-GAO
MUTUAL OF OMAHA  )
INSURANCE COMPANY, )
     Defendant.    )
                )

---

## MEMORANDUM IN SUPPORT OF
## MOTION TO COMPEL PLAINTIFF'S COMPLIANCE WITH
## DISCOVERY ORDER REGARDING PLAINTIFF'S DEPOSITION

Pursuant to Rules 37(a) and (b) of the Federal Court Rules of Civil Procedure, Defendant Mutual of Omaha Insurance Company ("Mutual of Omaha") moves this Court to order Plaintiff to respond to several questions put to him at his September 7, 2017 deposition. Mutual of Omaha requests this Court to order Plaintiff's deposition to be reconvened within 20 days of this Court's ruling.

## INTRODUCTION

Plaintiff claims that Mutual of Omaha discriminated against him when it denied his application for long term care ("LTC") coverage because he was taking Truvada to reduce his risk of HIV infection. Accordingly, Mutual of Omaha has been seeking discovery of all facts supporting Plaintiff's allegations of discrimination, his beliefs about the efficacy of Truvada, and his personal experience with this drug. Mutual of Omaha propounded written discovery and noticed Plaintiff's deposition. Plaintiff immediately filed a motion for a protective order seeking to limit the scope of his health information that Mutual of Omaha could discover. [Doc. #29]. This Court issued an order scaling back Plaintiff's broad protective order request, stating that it "allow[ed] some inquiry into the reasons why [Plaintiff] started taking Truvada" along with an

investigation into Plaintiff's "records and materials that Mutual [of Omaha] obtained and relied upon in evaluating [his] application for LTC insurance." <u>Exhibit A</u> at 6 and n.5.  This Court did not otherwise restrict discovery of Plaintiff in any way.  Indeed, with respect to the Plaintiff's assertions of Mutual of Omaha's discrimination, Plaintiff was required to provide a "Rule 11 basis" for these "various allegations in the Complaint."  <u>Id.</u>

On September 7, 2017, Mutual of Omaha began Plaintiff's deposition.  <u>Exhibit B</u> (redacted transcript).  Plaintiff's attorney repeatedly instructed Plaintiff not to answer questions about why Plaintiff started taking Truvada, facts about the efficacy and side effects of Truvada, and the facts underlying Plaintiff's claims about Mutual of Omaha's alleged discrimination, bias, and stereotyping. <u>Exhibit B</u>.

For example, in the following colloquy Plaintiff offered up that his doctor told him information about Truvada when he decided to start taking the drug, but then Plaintiff's counsel refused to allow Plaintiff to explain what his doctor said:

> Q. Why did you start taking Truvada?
> * * * *
> A. To me it was an emotional decision. I was like damn, if this thing can do this, if it can prevent one person from probably getting HIV . . . .
> * * * *
> A. Then I'm there. I read about its efficacy, which is amazing, and I thought even though I'm low risk, why not try it, just to make sure . . . . And I thought, damn, wow, what a great thing this company is doing. <u>And I talked to my doctor, and he said that there were very few side effects, if any, and he said try it</u> . . . .
>
> * * * *
> Q. Your discussion with your doctor, that was Dr. Katz?
> A. Yes.
> Q. Do you understand that Truvada is a medication for individuals who are at high risk of contracting HIV?
> MR. KLEIN: Objection.
> A. I did not.
> * * * * *

> Q. Mr. Field, your last response, or your response a few times ago you testified about your discussions with Dr. Katz. <u>Tell me everything you recall Dr. Katz told you about Truvada?</u>
> MR. KLEIN: <u>Objection. I'm going to instruct him not to answer that.</u>

<u>Exhibit B</u> at 27 – 31 (emphasis added).  Similarly Plaintiff's counsel refused to allow Plaintiff to testify what Dr. Katz told him about Truvada "compliance," "risks," "package literature instructions," "side effects," or "precautions." <u>Exhibit B</u> at 33, 35.   Plaintiff's counsel also refused to allow Plaintiff to answer "why was Dr. Katz prescribing Truvada on this [particular] day for prevention of HIV in your case?"  <u>Exhibit B</u> at 34.  <u>But see</u> <u>Exhibit A</u> ("allow[ing] some inquiry into the reasons why [Plaintiff] started taking Truvada").

Plaintiff's counsel also blocked Plaintiff from stating who knew he was taking Truvada by claiming, incorrectly, that this Court's order stated "the reasons he takes Truvada are irrelevant." <u>Exhibit B</u> at 32.  <u>But see</u> <u>Exhibit A</u> ("allow[ing] some inquiry into the reasons why [Plaintiff] started taking Truvada").

> Q. Who was aware you were taking Truvada during that time period?
> A. I was, and I --
> MR. KLEIN: Objection. One moment. I'm sorry, because I have to be very careful about the scope of the magistrate's order. Brooks, can you tell me, A, how this is relevant, and <u>how it's allowed under the magistrate's order that the reasons he takes Truvada are irrelevant</u>.
> MR. MAGRATTEN: I have the magistrate's order with me. The question stands. Either allow the witness to answer, or tell him not to.
> * * * *
> MR. KLEIN: I'm going to instruct him not to answer that under the magistrate's order.

<u>Exhibit B</u> at 32 (emphasis added).

As for the facts underlying discrimination allegations in Plaintiff's Complaint, Plaintiff's counsel simply blocked them from Plaintiff providing any answer.  For example:

> Q. So, you've made a claim here in Paragraph 25 [of the Complaint] that the <u>denial of your application for insurance was based on bias against gay men</u>. I'm trying to understand <u>what is your good faith basis in law or fact</u> to make that allegation?

MR. KLEIN: Objection. Calls for expert testimony, calls for a legal conclusion, uses terms that are undefined and are legal terms that notwithstanding the fact that someone is an attorney is a matter of a legal issue, and that such information will be responded to in the Answers to Interrogatories.

A. I discussed with my attorney and decided that this was a good faith assertion.

Q. What was a good faith assertion?

A. The wording in Paragraph 25.

Q. Okay. What was the specific bias that you believe that Mutual of Omaha exhibited in denying your application?

MR. KLEIN: Objection. I want to caution you that I don't want you to answer the question if doing so requires you to disclose attorney/client communications between us.

A. I cannot answer that question.

Q. Why not?

A. Because it is privileged discussion with my attorney.

Q. Is your basis for making this allegation Mutual of Omaha was biased against gay men based on facts provided to you by your attorney?

MR. KLEIN: Objection. That calls for attorney/client communications.

A. Again, I can't answer based on privileged information.

Q. I'm not asking you for any legal advice provided to you by your attorney, but I am entitled to know if you received or became aware of any facts from your attorney that became the basis of you making this claim in Paragraph 25?

MR. KLEIN: You can answer that only if you can do so without disclosing attorney community calculations [sic].

A. I believe it was all in attorney/client communications that this was discussed.

Q. I understand you've said that. M y question is in your discussions with your attorneys, and I'm not asking for legal advice, I'm asking did your attorneys give you any facts, make you aware of any facts which became the basis of you making the claim in Paragraph 25 that Mutual of Omaha denied your application for long-term care insurance based on a bias against gay men?

MR. KLEIN: You can answer that question as a yes or no. He asked without disclosing any attorney/client communications.

A. Yes.

Q. What were the facts that your attorneys made you aware of, again, I'm not asking for legal advice, I'm asking you for the facts that your attorneys made you aware of that became the basis for you making this claim in Paragraph 25?

MR. KLEIN: I'm going to object to that question, not only based on it calls for attorney/client communications but also is protected by the Work Product Doctrine.

Exhibit B at 48-51 (emphasis added).  All further inquiry into any of the facts underlying any of

Plaintiff's allegations about discrimination, bias, or stereotyping went the same way:

Q. In your discussions with your attorney does your attorney make you aware of any facts upon which you have relied in making this claim?

MR. KLEIN: Objection. You can answer that yes or no as he's asked it as long as you don't disclose attorney/client communication.

A. Yes.
Q. What are those facts?
MR. KLEIN: Objection. Calls for attorney/client privileged communications. You
can answer it if you don't disclose our conversations. And also calls for work product.
A. I can't answer that.

Exhibit B at 52-53; see also Exhibit B at 54-58.  In sum, Mutual of Omaha learned literally

nothing from Plaintiff as to his basis for the litany of allegations in his Complaint that Mutual of

Omaha is biased against gay men, holds negative beliefs about gay male sexuality, harbors

stereotypes that gay male sexuality is inherently risky and unhealthy, and subscribes to false and

unscientific beliefs about the contagion of HIV.

Finally, Plaintiff curiously refused to answer any questions about the relief he is seeking

in this matter.  For example:

Q. As you sit here today, apart from seeking long-term care coverage for yourself, are
you seeking anything else from this lawsuit?
MR. KLEIN: Objection. Calls for a legal conclusion, and the complaint speaks for itself
in the section on remedy requested.
A. Again, I'm not sure what the remedies that have been requested are.

Exhibit B at 60.

## ARGUMENT

### A.  Plaintiff's Deposition Testimony Defies this Court's Discovery Order

"If a party . . . fails to obey an order to provide or permit discovery, including an order

under Rule . . . 37(a), the court where the action is pending may issue further just orders." Fed.

R. Civ. P. 37(b)(2).  These "just orders" carry significant consequences.  For example, Rule

37(b)(2)(A) lists some available sanctions for not obeying a discovery order including but not

limited to: "prohibiting the disobedient party from supporting or opposing designated claims or

defenses, or from introducing designated matters in evidence," "striking pleadings in whole or in

part," "staying further proceedings until the order is obeyed," "dismissing the action or

proceeding in whole or in part" and "rendering a default judgment against the disobedient party."

Id.  In addition, "the court must order the disobedient party, the attorney advising that party, or

both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the

failure was substantially justified or other circumstances make an award of expenses unjust."

Rule 37(b)(2)(C).

In "assessing the appropriateness of a discovery sanction" for the violation of an order,

the "court examines '[t]he totality of the circumstances.' Hinds v. Dean, No. CV 15-10073-LTS,

2017 WL 1439661, at *2 (D. Mass. Apr. 21, 2017) (quoting Mulero-Abreu v. Puerto Rico Police

Dept., 675 F.3d 88, 93 (1st Cir. 2012)).  "Relevant factors to consider 'include the severity of the

violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness vel non

of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the

court, and the adequacy of lesser sanctions.'" Id. (quoting Vallejo v. Santini-Padilla, 607 F.3d 1,

8 (1st Cir. 2010)).  In addition to the powers afforded by Rule 37, federal courts also possess

"certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to

achieve the orderly and expeditious disposition of cases'" and to sanction for discovery abuses.

Hinds v. Dean, No. CV 15-10073-LTS, 2017 WL 1439661, at *2 (D. Mass. Apr. 21, 2017)

(citing Goodyear Tire & Rubber Co. v. Haeger, 2017 WL 1377379, at *5 (U.S. Apr. 18, 2017))

Here, Plaintiff appeared for his deposition but abused this Court's discovery order

expanding its breadth far beyond the ordered boundaries.  Under the plain language of Fed. R.

Civ. Pro. 30(c)(2) counsel may instruct a deponent not to answer "only when necessary to

preserve a privilege, to enforce a limitation ordered by the court[.]" It is inappropriate to instruct

a witness not to answer a question on the basis of relevance.  Bourne v. Arruda, No. 10-CV-393-

LM, 2012 WL 2891110, at *2 (D.N.H. July 16, 2012); see also Crabtree v. Angie's List, Inc., No.

116CV00877SEBMJD, 2017 WL 3720192, at *2 (S.D. Ind. Aug. 28, 2017) ("Rule 30 provides three grounds for instructing a deponent not to answer. <u>Relevance is not one of them</u>."). Moreover, "depositions frequently have been unduly prolonged, if not unfairly frustrated, by lengthy objections and colloquy, often suggesting how the deponent should respond… Directions to a deponent not to answer a question can be even more disruptive than objections" Fed. R. Civ. Pro. 30 at Advisory Committee Notes 1993 (concerning subdivision (d) now moved to subdivision (c)).

This Court's discovery order expressly "allow[ed] some inquiry into the reasons why [Plaintiff] started taking Truvada" along with an investigation into Plaintiff's "records and materials that Mutual [of Omaha] obtained and relied upon in evaluating [his] application for LTC insurance." <u>Exhibit A</u> at 6 and n.5.  And otherwise, this Court did not restrict in any way discovery of Plaintiff's knowledge about Truvada and especially did not preclude inquiry into the factual bases of Plaintiff's assertions of Mutual of Omaha's discrimination.  Plaintiff's counsel's lengthy speaking objections and instructions for Plaintiff not to answer questions about why he started Truvada, information he knows about Truvada, his allegations of discrimination and his damages in this case was inappropriate and not grounded in this Court's order.  <u>Exhibit A.</u>  At this late stage in discovery, Mutual of Omaha is being forced into the prejudicial position of having to defend against Plaintiff's allegations with little explanation of how Plaintiff gets from point A (Plaintiff's application was denied) to point B (Mutual of Omaha discriminated against him).

### B.  Work Product or Attorney Client Privileges Do Not Preclude Discovery of Facts

To the extent Plaintiff's counsel relies on attorney-client privilege or attorney-work-product to justify blocking Mutual of Omaha's discovery of material facts at Plaintiff's

deposition, that reliance is baseless.  With respect to facts and attorney-client privilege, the privilege only applies to facts divulged by a client **to** his attorney in the context of soliciting legal advice.  Where an attorney **tells** a client facts, those are not protected.  See <u>Brinton v. Dep't of State</u>, 636 F.2d 600, 604 (D.C. Cir. 1980) ("[I]t is clear that when an attorney conveys to his client facts acquired from other persons or sources, those facts are not privileged."); <u>United States v. United Shoe Mach. Corp.</u>, 89 F. Supp. 357, 359 (D. Mass. 1950) ("Thus, for example, there is no privilege for so much of a lawyer's letter, report or opinion as relates to a fact gleaned from a witness.").  Plaintiff repeatedly testified that his attorney told him facts upon which he based his allegations of discrimination in the Complaint.  No attorney-client privilege attaches to those facts to prevent their disclosure.

As for work product,  "[t]he underlying purpose of the work product doctrine is to protect the integrity of the adversarial process by creating a zone of privacy for those matters prepared by or for the party or the party's counsel in anticipation of litigation.[ ] <u>The work product doctrine does not protect the underlying facts</u> [.]"  <u>In re: New England Compounding Pharmacy, Inc.</u>, No. MDL 13-2419-RWZ, 2016 WL 6883215, at *4 (D. Mass. July 28, 2016) (M.J. Boal) (emphasis added).  Moreover here, Plaintiff is blocking discovery of the very facts that underpin the entirety of his alleged discrimination claims. (It would be as if in a breach of contract lawsuit, the plaintiff refused to reveal the fact of which contract term it claims was breached.) <u>UnitedHealth Grp. Inc. v. Columbia Cas. Co.</u>, 47 F. Supp. 3d 863, 876 (D. Minn. 2014) ("Needless to say, a party cannot use the . . . work-product doctrine both as a shield and as a sword.  If [plaintiff] wanted to use evidence of its . . . evaluations as evidence in this case— which is what [plaintiff] would be doing were it to offer its . . . statements on that subject—then [plaintiff] had to allow the [defendants] to inquire about those evaluations during discovery.");

<u>Columbia Data Prod., Inc. v. Autonomy Corp.</u>, No. CIV.A. 11-12077-NMG, 2012 WL 6212898, at *18 (D. Mass. Dec. 12, 2012) ("[The plaintiff] cannot use [third-person's] status and work as an independent auditor as a 'sword' against the defendants, while relying on the attorney-client privilege and the work product doctrine as a 'shield' to prevent disclosure of related materials" and facts (citing <u>In re Keeper of Records</u>, 348 F.3d 16, 24 (1st Cir. 2003)). Plaintiff's lawsuit seeks a finding that Mutual of Omaha discriminated against Plaintiff, and according to Plaintiff, has engaged in a campaign of bias and stereotyping against all gay males. Plaintiff made those allegations in no uncertain terms, so now he needs to show his cards in discovery. He cannot be permitted to hide his facts behind a false guise of privilege and then ambush Mutual of Omaha with these "privileged" facts later.

In the circumstances present here, a "just order" requires Plaintiff to appear for a reconvened deposition within 20 days prepared to answer questions about why he started taking Truvada, what he knows about Truvada, what facts he relied on to prepare the allegations in the Complaint (or otherwise state he had no such factual basis), and what he is claiming as his damages or relief. Fed. R. Civ. Pro. 37(b)(1); <u>see also</u> Fed. R. Civ. Pro. 37(a)(3)(B)(i) (court may compel a party to answer questions after she refuses to do so); Fed.R.Civ.P. 30(a)(2)(A)(ii) (court may grant leave for a second deposition).

**WHEREFORE**, Defendant Mutual of Omaha Insurance Company respectfully requests this Court to grant Mutual of Omaha's Motion to Compel Plaintiff's compliance with this Court's discovery order [Doc. #61] and otherwise compel Plaintiff to appear for his deposition and answer the questions within the boundaries of this Court's discovery order within 20 days of this Court's ruling.

Respectfully submitted,
MUTUAL OF OMAHA
INSURANCE COMPANY,
By Its Attorneys,

September 29, 2017

*/s/ Brooks Magratten*
Brooks R. Magratten, Esq. BBO#650393
Katherine Kohm, Esq. BBO#67
PIERCE ATWOOD LLP
72 Pine Street, 5th Floor
Providence, RI 02903
(401) 490-3422
(401) 588-5166 (fax)
bmagratten@pierceatwood.com

## CERTIFICATION OF ATTORNEY

I, Brooks Magratten (BBO #650393), hereby certify that pursuant to Rules 7.1 of the Local Rules of the United States District Court for the District of Massachusetts, I made a good faith effort to confer with Bennett H. Klein, Plaintiff's counsel, to resolve or narrow the discovery impasse at issue in this motion, but was unable to do so.

*/s/      Brooks R. Magratten*

Brooks R. Magratten, Esq. BBO#650393

## <u>CERTIFICATE OF SERVICE</u>

I certify that the within document was electronically filed with the clerk of the court on September 29, 2017, and that it is available for viewing and downloading from the Court's ECF system. Service by electronic means has been effectuated on all counsel of record.

<table>
<tr><td><i>Counsel for Plaintiff</i></td><td><i>Counsel for Doe's Spouse</i></td></tr>
<tr><td>Bennett H. Klein, BBO# 550702</td><td>Nicole Kinsley</td></tr>
<tr><td>GLBTQ Legal Advocates & Defenders</td><td>Foley Hoag LLP</td></tr>
<tr><td>30 Winter St. Suite 800</td><td>155 Seaport Blvd.</td></tr>
<tr><td>Boston, MA 02108</td><td>Boston, MA 02210-2600</td></tr>
<tr><td>617-426-13502</td><td>617-832-1185</td></tr>
<tr><td>bklein@glad.org</td><td>nkinsley@foleyhoag.com</td></tr>
</table>

John P. Ward, BBO# 515860
Law Offices of John P. Ward
584 Castro St., No. 802
San Francisco, CA 94114
415-255-4996
johnpward@gmail.com


      /s/     *Brooks Magratten*