UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE,<br><br>   Plaintiff,<br><br> v.<br><br>MUTUAL OF OMAHA INSURANCE COMPANY,<br><br>   Defendant. | C.A. No. 1:16-cv-11381-GAO |

**MOTION BY DOE AND DOE'S SPOUSE FOR LEAVE TO FILE A REPLY
IN SUPPORT OF THEIR MOTION TO QUASH DEPOSITION SUBPOENA, OR,
IN THE ALTERNATIVE, FOR PROTECTIVE ORDER AS TO SCOPE**

Pursuant to Local Rule 7.1(b)(3), Plaintiff John Doe ("Doe") and Doe's spouse as third-party witness ("Doe's Spouse") move for leave to file the attached short reply in support of their Motion to Quash Deposition Subpoena, or, in the Alternative, for Protective Order as to Scope (Dkt. No. 63, 64; "Motion").

As grounds for this request, Doe and Doe's Spouse state that it is necessary to reply to the opposition to their Motion filed by the Defendant (Dkt. No. 69), in light of certain arguments raised therein that were not foreseen in the Motion, and in particular due to a recent filing by Defendant, which takes a position contrary to Defendant's argument in the opposition to the Motion. Doe and Doe's Spouse could not have addressed Defendant's recent filing (made on September 27, 2017) in their moving brief.

1

WHEREFORE, Defendants respectfully move that the Court grant the motion and allow the filing of the attached reply.

Respectfully submitted,

| | |
|---|---|
| DOE'S SPOUSE<br>By his attorney, | JOHN DOE<br>By his attorneys, |
| /s/ Nicole Kinsley<br>Nicole Kinsley<br>BBO # 682528<br>Foley Hoag LLP<br>Seaport World Trade Center West<br>155 Seaport Boulevard<br>Boston, Massachusetts 02210<br>617-832-1185<br>nkinsley@foleyhoag.com | /s/ Bennett H. Klein<br>Bennett H. Klein<br>BBO # 550702<br>GLBTQ Legal Advocates & Defenders<br>30 Winter St. Suite 800<br>Boston, MA 02108<br>617-426-1350<br>bklein@glad.org<br><br>/s/ John P. Ward<br>John P. Ward<br>BBO # 515860<br>Law Offices of John P. Ward<br>584 Castro St., No. 802<br>San Francisco, CA 94114<br>johnpward@gmail.com |

## CERTIFICATE OF SERVICE

I certify that the within document was electronically filed with the clerk of the court on October 2, 2017, and that it is available for viewing and downloading from the Court's ECF system. Service by electronic means has been effectuated on all counsel of record.

Brooks R. Magratten, BBO# 650393
Pierce Atwood LLP
72 Pine Street, 5th Floor
Providence, RI 02903
(401) 490-3422
bmagratten@pierceatwood.com

Mark A. Pogue, BBO# 550807
Pierce Atwood LLP
72 Pine Street, 5th Floor
Providence, RI 02903
(401) 490-3422
mpogue@pierceatwood.com

Katharine E. Kohn, BBO# 675362
Pierce Atwood LLP
72 Pine Street, 5th Floor
Providence, RI 02903
(401) 490-3422
kkohm@pierceatwood.com

/s/ Bennett H. Klein
Bennett H. Klein

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE, <br><br> Plaintiff, <br><br> v. <br><br> MUTUAL OF OMAHA INSURANCE COMPANY, <br><br> Defendant. | C.A. No. 1:16-cv-11381-GAO |

**REPLY MEMORANDUM OF PLAINTIFF JOHN DOE AND DOE'S SPOUSE IN SUPPORT OF THEIR MOTION TO QUASH DEPOSITION SUBPOENA, OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER AS TO SCOPE**

Mutual's deposition subpoena to Doe's Spouse, which is duplicative, harassing, and intrusive, should be quashed.

Application Process

1. Although Mutual asserts that it needs the deposition to inquire into the insurance application process, Mutual concedes that that process is relevant only to the applicability of the Massachusetts Public Accommodations statute. Opp. p. 1. It identifies no element of that process that might be of any import beyond the one Movants discussed in the Motion: the location of applicants, broker, agent, and Mutual itself during that process.

2. Mutual already has this information, and from multiple sources. It acknowledges that the documents produced[1] and the testimony already offered by Doe, the broker, and the agent on this topic are consistent. Opp., p. 4. The broker and agent were not physically in Massachusetts. There is no need to depose Doe's Spouse for a further confirmation. In

---

[1] Since Mutual filed the Opposition, Doe's Spouse has also made a production of documents on this subject.

1

fact, Doe is willing to stipulate to these facts.

3. Mutual does not explain why it would seek out testimony it believes "very well may not be" consistent with what it views as favorable information that it has already elicited from multiple sources. *See* Opp., p. 4.

4. It is similarly unclear and unexplained why Mutual would seek or require "more detailed testimony," Opp., p. 4, on a binary question of locations in or out of Massachusetts.

Doe's Reasons for Taking Truvada

5. Mutual articulates no reason why testimony from Doe's Spouse regarding the reasons Doe takes Truvada would be relevant (and it would not be). It merely claims to be "entitled" to such testimony, Opp. p. 1, under the Court's recent discovery order, Dkt. 61, which does not address any testimony by Doe's Spouse, let alone on this topic.[2]

6. Doe has already offered testimony on this subject. Allowing Mutual to seek any secondhand knowledge it assumes Doe's Spouse "necessarily has," Opp. p. 3, would subject Doe's Spouse to prying questions related to his and Doe's health, activities, and relationship. This harassment and embarrassment would be entirely unnecessary, as none of his answers would have affected Mutual's single basis for denial of the application.

Mutual's Hypocrisy

7. In the Opposition, Mutual asserts that duplication is not grounds to quash if there is potential for even a modicum of added information. Yet it has since sought (Dkt. 74, 75) to quash a deposition subpoena to one of its underwriters, because others have testified about underwriting – a complex, multifaceted topic and the primary issue in this case.

---

[2] As set forth in the Motion, (Dkt. 64, p. 7), Doe and Doe's Spouse understand the Court's order to allow basic evidence on this topic from Doe himself, not a broader inquiry of the understanding others have of Doe's reasons.

2

8. Mutual argues that such testimony would be duplicative, and even suggests that deposing the company's underwriter about his work would be an "annoyance, embarrassment, oppression, or undue burden or expense." Dkt. 75, p. 4. How much more so, then, for Mutual to drag into the litigation process the spouse of an individual party, to discuss topics that (a) are fully established and not in dispute, or (b) by their very nature intrude on the most private and personal aspects of their lives and relationship?

Doe and Doe's Spouse respectfully request that the Court quash the deposition subpoena to Doe's Spouse, or, in the alternative, limit any deposition to the logistics of the insurance application process, and specifically prohibit Mutual from inquiring about Doe's health, any aspect of Doe's use of Truvada, and the relationship between Doe and Doe' Spouse.

Respectfully submitted,

| DOE'S SPOUSE | JOHN DOE |
| By his attorney, | By his attorneys, |

/s/ Nicole Kinsely
Nicole Kinsley
BBO # 682528
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, Massachusetts 02210
617-832-1185
nkinsley@foleyhoag.com

/s/ Bennett H. Klein
Bennett H. Klein
BBO # 550702
GLBTQ Legal Advocates & Defenders
30 Winter St. Suite 800
Boston, MA 02108
617-426-1350
bklein@glad.org

/s/ John P. Ward
John P. Ward
BBO # 515860
Law Offices of John P. Ward
584 Castro St., No. 802
San Francisco, CA 94114
johnpward@gmail.com

## **CERTIFICATE OF SERVICE**

      I certify that the within document was electronically filed with the clerk of the court on October 2, 2017, and that it is available for viewing and downloading from the Court's ECF system. Service by electronic means has been effectuated on all counsel of record.

                                             /s/ Bennett H. Klein
                                             Bennett H. Klein