UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE, <br><br> Plaintiff, <br><br> v. <br><br> MUTUAL OF OMAHA INSURANCE COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 1:16-cv-11381-GAO |

**PLAINTIFF JOHN DOE'S OPPOSITION TO DEFENDANT MUTUAL OF OMAHA INSURANCE COMPANY'S MOTION FOR PROTECTIVE ORDER TO QUASH THE DEPOSITION OF ALLEN GREGOIRE**

This Court should deny defendant Mutual of Omaha Insurance Company's ("Mutual") motion to quash the deposition of its Director of Underwriting, Allen Gregoire, because there is no basis under the circumstances here to deny the plaintiff a reasonable opportunity to obtain in discovery answers to some limited follow-up questions he has after the initial deposition in this case. Mutual's position is that: 1) if Plaintiff John Doe ("Doe") has taken a total of one and one-half days of depositions in this case; 2) those depositions included inquiry into Mutual's underwriting practices, which is the central – and, in fact, only – issue in the case; and 3) plaintiff has some areas of inquiry to explore for clarification and additional information; then 4) Doe is completely prohibited from any further exploration of the central issue in the case. That is not a basis to prohibit a deposition.

Mutual states that the deposition of Mr. Gregoire is duplicative, burdensome and unnecessary because it produced witnesses on its underwriting practices in a deposition taken pursuant to Rule 30(b)(6). It is, of course, obvious, and of no great persuasiveness, that ten of

1

eleven of the Rule 30(b)(6) designated topics relate in some fashion to Mutual's underwriting practices. The entire case is about Mutual's underwriting practices, so what else would the topics cover? *See* Mutual's Memorandum, Docket No. 75 at 1 ("Plaintiff's application was denied in accordance with reasonable underwriting guidelines"); Answer, Docket No. 9, Fifth Defense ("Plaintiff's claims are barred because Mutual of Omaha's actions were based on legitimate underwriting business considerations").

Doe has hardly taken burdensome depositions to date. He has taken one 30(b)(6) deposition. The first deposition took place on July 19, 2017, from 9:18 a.m. to 9:57 a.m. and pertained to Mutual's sales and marketing as relevant to whether it "accepts or solicits the patronage of the general public" and is therefore a place of public accommodation under M.G.L. c. 272, § 92A. Next, the deposition of Lisa Ging went from 10:11 a.m. to 4:52 a.m. (with breaks). The deposition of Michael Wilkins, M.D. went from 9:24 a.m. the next morning to 1:14 p.m. Doe has some limited follow-up questions that include clarifying whether Mutual relies on any actuarial data for its underwriting; exploring and understanding the differences, if any, between how Mutual decides that medications are uninsurable as compared to how it decides whether and under what circumstances to insure health conditions; why Mutual does not assess individual risk for HIV; and whether Mutual could create any underwriting criteria for PrEP users, as it does for other health categories. Doe anticipates that Mr. Gregoire's deposition will take two hours or less.

Doe does not intend to ask Mr. Gregoire any questions about Doe's application or individual circumstances. Doe selected Mr. Gregoire as a logical deponent for these follow-up questions because, according to Mutual's supplemental interrogatory answers, he is the only current Mutual underwriting personnel senior to Ms. Ging who was employed by Mutual in 2014

and 2015, the relevant years for this dispute. While he may not have participated in the adoption of the underwriting guidelines that were in effect at the time of Doe's application, he surely understands them. The annual revisions to Mutual's underwriting guidelines are de minimus (e.g., occasionally changing the underwriting criteria for a health condition). Mutual's current underwriting guidelines and practices and the ones in effect at the time of Doe's application are substantially the same and based on the same underwriting principles and practices.

Because of the centrality of the questions Doe has for Mr. Gregoire, and the limited discovery Doe has conducted to this point, there is no basis to prohibit Doe from taking his deposition.

## **CONCLUSION**

For the foregoing reasons, Plaintiff John Doe requests that the Court deny Defendant Mutual of Omaha Insurance Company's Motion for Protective Order to Quash the Deposition of Allen Gregoire.

Respectfully submitted,

JOHN DOE
By his attorneys,


/s/ Bennett H. Klein
Bennett H. Klein
BBO # 550702
GLBTQ Legal Advocates & Defenders
30 Winter St. Suite 800
Boston, MA 02108
617-426-1350
bklein@glad.org

/s/ John P. Ward
John P. Ward
BBO # 515860
Law Offices of John P. Ward
584 Castro St., No. 802
San Francisco, CA 94114
johnpward@gmail.com


**CERTIFICATE OF SERVICE**

I certify that the within document was electronically filed with the clerk of the court on October 3, 2017, and that it is available for viewing and downloading from the Court's ECF system. Service by electronic means has been effectuated on all counsel of record.

Brooks R. Magratten, BBO# 650393
Pierce Atwood LLP
72 Pine Street, 5th Floor
Providence, RI 02903
(401) 490-3422
bmagratten@pierceatwood.com

4

Mark A. Pogue, BBO# 550807
Pierce Atwood LLP
72 Pine Street, 5th Floor
Providence, RI 02903
(401) 490-3422
mpogue@pierceatwood.com

Katharine E. Kohn, BBO# 675362
Pierce Atwood LLP
72 Pine Street, 5th Floor
Providence, RI 02903
(401) 490-3422
kkohm@pierceatwood.com

Nicole Kinsely, BBO # 682528
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, Massachusetts 02210
(617) 832-1185
nkinsley@foleyhoag.com

/s/ Bennett H. Klein
Bennett H. Klein
BBO # 550702
GLBTQ Legal Advocates & Defenders
30 Winter St. Suite 800
Boston, MA 02108
617-426-1350
bklein@glad.org