UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOHN DOE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 1:16-cv-11381-GAO |
| MUTUAL OF OMAHA INSURANCE COMPANY, | ) ) ) ) | **LEAVE TO FILE GRANTED ON OCTOBER 3, 2017 PER DOC. #80** |
| Defendant. | ) ) ) | |

**REPLY MEMORANDUM OF PLAINTIFF JOHN DOE AND DOE'S SPOUSE IN SUPPORT OF THEIR MOTION TO QUASH DEPOSITION SUBPOENA, OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER AS TO SCOPE**

Mutual's deposition subpoena to Doe's Spouse, which is duplicative, harassing, and intrusive, should be quashed.

Application Process

1. Although Mutual asserts that it needs the deposition to inquire into the insurance application process, Mutual concedes that that process is relevant only to the applicability of the Massachusetts Public Accommodations statute. Opp. p. 1. It identifies no element of that process that might be of any import beyond the one Movants discussed in the Motion: the location of applicants, broker, agent, and Mutual itself during that process.

2. Mutual already has this information, and from multiple sources. It acknowledges that the documents produced[1] and the testimony already offered by Doe, the broker, and the agent on this topic are consistent. Opp., p. 4. The broker and agent were not physically in Massachusetts. There is no need to depose Doe's Spouse for a further confirmation. In

---

[1] Since Mutual filed the Opposition, Doe's Spouse has also made a production of documents on this subject.

1

fact, Doe is willing to stipulate to these facts.

3. Mutual does not explain why it would seek out testimony it believes "very well may not be" consistent with what it views as favorable information that it has already elicited from multiple sources. *See* Opp., p. 4.

4. It is similarly unclear and unexplained why Mutual would seek or require "more detailed testimony," Opp., p. 4, on a binary question of locations in or out of Massachusetts.

Doe's Reasons for Taking Truvada

5. Mutual articulates no reason why testimony from Doe's Spouse regarding the reasons Doe takes Truvada would be relevant (and it would not be). It merely claims to be "entitled" to such testimony, Opp. p. 1, under the Court's recent discovery order, Dkt. 61, which does not address any testimony by Doe's Spouse, let alone on this topic.[2]

6. Doe has already offered testimony on this subject. Allowing Mutual to seek any secondhand knowledge it assumes Doe's Spouse "necessarily has," Opp. p. 3, would subject Doe's Spouse to prying questions related to his and Doe's health, activities, and relationship. This harassment and embarrassment would be entirely unnecessary, as none of his answers would have affected Mutual's single basis for denial of the application.

Mutual's Hypocrisy

7. In the Opposition, Mutual asserts that duplication is not grounds to quash if there is potential for even a modicum of added information. Yet it has since sought (Dkt. 74, 75) to quash a deposition subpoena to one of its underwriters, because others have testified about underwriting – a complex, multifaceted topic and the primary issue in this case.

---

[2] As set forth in the Motion, (Dkt. 64, p. 7), Doe and Doe's Spouse understand the Court's order to allow basic evidence on this topic from Doe himself, not a broader inquiry of the understanding others have of Doe's reasons.

8.  Mutual argues that such testimony would be duplicative, and even suggests that deposing the company's underwriter about his work would be an "annoyance, embarrassment, oppression, or undue burden or expense." Dkt. 75, p. 4. How much more so, then, for Mutual to drag into the litigation process the spouse of an individual party, to discuss topics that (a) are fully established and not in dispute, or (b) by their very nature intrude on the most private and personal aspects of their lives and relationship?

Doe and Doe's Spouse respectfully request that the Court quash the deposition subpoena to Doe's Spouse, or, in the alternative, limit any deposition to the logistics of the insurance application process, and specifically prohibit Mutual from inquiring about Doe's health, any aspect of Doe's use of Truvada, and the relationship between Doe and Doe' Spouse.

Respectfully submitted,

| | |
|---|---|
| DOE'S SPOUSE<br>By his attorney, | JOHN DOE<br>By his attorneys, |
| /s/ Nicole Kinsely<br>Nicole Kinsley<br>BBO # 682528<br>Foley Hoag LLP<br>Seaport World Trade Center West<br>155 Seaport Boulevard<br>Boston, Massachusetts 02210<br>617-832-1185<br>nkinsley@foleyhoag.com | /s/ Bennett H. Klein<br>Bennett H. Klein<br>BBO # 550702<br>GLBTQ Legal Advocates & Defenders<br>30 Winter St. Suite 800<br>Boston, MA 02108<br>617-426-1350<br>bklein@glad.org |
| | /s/ John P. Ward<br>John P. Ward<br>BBO # 515860<br>Law Offices of John P. Ward<br>584 Castro St., No. 802<br>San Francisco, CA 94114<br>johnpward@gmail.com |

**CERTIFICATE OF SERVICE**

3

I certify that the within document was electronically filed with the clerk of the court on October 3, 2017, and that it is available for viewing and downloading from the Court's ECF system. Service by electronic means has been effectuated on all counsel of record.

                                                  /s/ Bennett H. Klein
                                                  Bennett H. Klein