UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
JOHN DOE,                           )
    Plaintiff                       )
                                    )
v.                                  )
                                    )   No. 1:16-cv-11381-GAO
MUTUAL OF OMAHA                     )
INSURANCE COMPANY,                  )
    Defendant                       )
_____)

**DEFENDANT MUTUAL OF OMAHA INSURANCE COMPANY'S
OBJECTION TO PLAINTIFF'S MOTION TO COMPEL DEPOSITION
OF DEFENDANT'S MEDICAL DIRECTOR, BRUCE HENRICKS, M.D.,
WITHOUT BEING PRECLUDED FROM FUTURE EXPERT DEPOSITION
AND REQUEST FOR A PROTECTIVE ORDER**

Defendant Mutual of Omaha Insurance Company ("Mutual of Omaha") objects to Plaintiff John Doe's ("Plaintiff") "Motion To Compel Deposition of [Mutual of Omaha's] Medical Director, Bruce Henricks, M.D., Without Being Precluded From Future Expert Deposition." [Doc. # 70,71]. Mutual of Omaha requests a protective order per Fed. R. Civ. Pro. 26(c)(1) to preclude Plaintiff's demand for two depositions of Dr. Henricks.

**INTRODUCTION**

Plaintiff claims Mutual of Omaha discriminated against him, as a gay male, when it denied his application for long term care ("LTC") coverage because he was taking Truvada, a drug to prevent HIV transmission. Mutual of Omaha rejects Plaintiff's unsupported contention and counters that Plaintiff's application was denied in accordance with reasonable underwriting practices. Plaintiff has now thoroughly investigated all facts surrounding Mutual of Omaha's underwriting guidelines – both in written discovery and depositions of three Rule 30(b)(6) witnesses. See Exhibit A (Amended Notice of Rule 30(b)(6) Deposition of Mutual of Omaha, dated 7/29/17). As its Rule 30(b)(6) deposition designees, Mutual of Omaha produced two

knowledgeable corporate witnesses to testify on underwriting topics: Lisa Ging, RN, Chief LTC Underwriter; and Michael Wilkins, M.D., Medical Director.

Plaintiff now wants to depose yet another Mutual of Omaha employee, Dr. Henricks. And because Mutual of Omaha intends to designate Dr. Henricks as a testifying expert, Plaintiff wants to depose him twice – once now for facts and once after Dr. Henricks produces his expert report. Mutual of Omaha has no objection to producing Dr. Henricks for a deposition, but should only be required to do so once.

First, Dr. Henricks possesses no greater <u>factual</u> information or insight as to the underwriting guidelines than Ms. Ging or Dr. Wilkins. Dr. Henricks, as Mutual of Omaha's Medical Director and Vice President, had no direct involvement with Plaintiff's LTC application or its denial. Questioning Dr. Henricks on the same issues and facts already covered in the Rule 30(b)(6) depositions is unduly burdensome and unnecessary.

Second, Plaintiff's stated reason for further discovery is because Dr. Wilkins, one of the Rule 30(b)(6) designees, testified that one reason underwriting guidelines list Truvada as an uninsurable medication is because Truvada is a new drug, just recently indicated for HIV-negative people, and has "unknown potential side-effects[.]" [Doc. #71 at p. 3.] Plaintiff states that he must be able to discover "how Mutual treats the same issue with respect to other new medications or therapies." <u>Id.</u> However, besides a passing statement that his "counsel could not be prepared with information," Plaintiff does not explain why his counsel did not ask Dr. Wilkins about other new medications and unknown side effects at the Rule 30(b)(6) deposition when Dr. Wilkins testified about that very reason.

# ARGUMENT

### A. Plaintiff Should Be Limited to One Deposition of Dr. Hendricks

"While district courts are to interpret liberally the discovery provisions of the Federal Rules of Civil Procedure to encourage the free flow of information among litigants, limits do exist." Estate of Rosado-Rosario v. Falken Tire Corp., 319 F.R.D. 71, 76 (D.P.R. 2016) (citing Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd., 333 F.3d 38, 41 (1st Cir. 2003)). Rule 26(b) requires a court to "limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Id. (citing Fed. R. Civ. P. 26(b)(2)(C)(i)).

Here, Plaintiff seeks to depose Dr. Hendricks twice – as a fact witness and as an expert witness. There is no good reason to allow Plaintiff to convene two, separate depositions, which would be unnecessarily more burdensome and more expensive than a single deposition. Indeed, as Plaintiff pointed out, per this Court's Scheduling Order, Mutual of Omaha's expert report is due on January 31, 2018, and depositions of Mutual of Omaha's experts are due to be complete by March 9, 2018. [Doc. # 66]. Plaintiff has plenty of time to depose Dr. Henricks—over a month—after he completes his report. This Court may reasonably "limit the frequency or extent of discovery" per Rule 26(b) and should do so here.

### B. Plaintiff's Factual Investigation of Dr. Henricks Must Be Limited to Topics Not Already Covered at the Rule 30(b)(6) Deposition of Mutual of Omaha

Per Rule 26(c)(1), "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending." Fed. R. Civ. Pro. 26(c)(1). This Court "may, for good cause, issue an order to protect a party or person from annoyance,

embarrassment, oppression, or undue burden or expense" by "forbidding the disclosure or discovery." Fed. R. Civ. Pro. 26(c)(1)(A).

There is good cause to limit Plaintiff's request to depose Dr. Hendricks as a fact witness. Dr. Henricks knows nothing about this particular Plaintiff or the processing of his application. The only factual testimony Dr. Henricks could potentially offer, as Plaintiff acknowledges, is related to Mutual of Omaha's underwriting guidelines and practices. Plaintiff has already plumbed those depths in the Rule 30(b)(6) depositions of designees Ms. Ging and Dr. Wilkins. Where "[Mutual of Omaha] ha[s] already produced … witnesses in response to plaintiffs' initial requests for depositions[,] [r]equiring defendants to incur an additional expense for additional depositions . . . . that will not likely produce much relevant information creates an undue burden upon defendants." Estate of Rosado-Rosario, 319 F.R.D. at 75 (holding that where the defendant "produced deponents who were prepared to, and did, answer [Rule 30(b)(6)] questions in the areas that plaintiffs requested in their deposition notices, defendants have complied with the timely deposition notice . . . and thus, the additional deposition requests for [other witnesses involved in quality assurance and product warnings] lack justification.").

Accordingly, given the futility of deposing Dr. Henricks on the underwriting guidelines and practices and the unnecessary expense for Mutual of Omaha to allow Plaintiff do so, per Rule 26(c)(1), this Court should limit factual investigation of Dr. Henricks to topics not previously covered in Plaintiff's Rule 30(b)(6) examinations of Mutual of Omaha. Fed. R. Civ. Pro. 26(c)(1)(A).

**WHEREFORE**, Defendant Mutual of Omaha Insurance Company respectfully requests this Court to:

1. deny Plaintiff John Doe's "Motion to Compel Deposition of [Mutual of Omaha's] Medical Director, Bruce Henricks, M.D., Without Being Precluded From Future Expert Deposition" [Doc. #71, 72];

2. order that Bruce Henricks need only appear at a single deposition; and

3. order that to the extent Plaintiff asks Bruce Henricks fact-based questions at his deposition, then, pursuant to Fed. R. Civ. Pro. 26(c)(1)(D), those fact-based questions must be limited to topics not already covered in the Rule 30(b)(6) depositions of Mutual of Omaha.

                                      Respectfully submitted,
                                      MUTUAL OF OMAHA
                                      INSURANCE COMPANY,
                                      *By its Attorneys,*

October 9, 2017                                */s/    Brooks Magratten*
                                      Brooks Magratten, Esq. BBO#650393
                                      Katharine E. Kohm, Esq. BBO#675362
                                      PIERCE ATWOOD LLP
                                      72 Pine Street, 5th Floor
                                      Providence, RI 02903
                                      (401) 490-3407
                                      bmagratten@pierceatwood.com
                                      kkohm@pierceatwood.com

## **CERTIFICATE OF SERVICE**

I certify that the within document was electronically filed with the clerk of the court on October 9, 2017, and that it is available for viewing and downloading from the Court's ECF system. Service by electronic means has been effectuated on all counsel of record:

*Counsel for Plaintiff*
Bennett H. Klein, BBO# 550702
GLBTQ Legal Advocates & Defenders
30 Winter St. Suite 800
Boston, MA 02108
617-426-13502
bklein@glad.org

John P. Ward, BBO# 515860
Law Offices of John P. Ward
584 Castro St., No. 802
San Francisco, CA 94114
415-255-4996
johnpward@gmail.com

*Counsel for Doe's Spouse*
Nicole Kinsley
Foley Hoag LLP
155 Seaport Blvd.
Boston, MA 02210-2600
617-832-1185
nkinsley@foleyhoag.com

    */s/     Katharine E. Kohm*