# A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE,<br>    Plaintiff<br><br>v.<br><br>MUTUAL OF OMAHA<br>INSURANCE COMPANY,<br>    Defendant | No. 1:16-cv-11381-GAO |

**REPLY MEMORANDUM OF DEFENDANT
MUTUAL OF OMAHA IN RESPONSE TO
PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION
TO COMPEL PLAINTIFF'S FURTHER DEPOSITION TESTIMONY**

Mutual of Omaha now replies to Doe's Objection [Dkt #84] to Mutual of Omaha's Motion To Compel Further Deposition Testimony from Doe [Dkt # 77].

I. <u>Questions About Truvada</u>

The Court previously ordered that it "will allow some inquiry into the reasons why Doe started taking Truvada." [Dkt #61, footnote 5]. Doe testified at his deposition that he spoke with his physician, Dr. Katz, about the side effects of Truvada and Dr. Katz's recommendation that Doe try Truvada. It is not unreasonable, and not outside of the discovery contemplated in the Court's discovery order, for Mutual of Omaha to probe the details of Mr. Doe's discussions with Dr. Katz about why and whether to take Truvada.

Doe has alleged, in paragraph 15 of his Complaint, that Truvada "virtually eliminates the risk of HIV transmission" and, in paragraph 16, that Truvada "has been hailed…as the scientific breakthrough that can end the HIV epidemic." Mutual of Omaha is entitled to explore the factual bases for Doe's allegations. Accordingly, Doe should be compelled to respond to deposition questions exploring Doe's knowledge of Truvada and his reasons for taking the same.

## II. Questions About Factual Support For Allegations in Doe's Complaint

At bottom, Mutual of Omaha is entitled to discover those facts which support the allegations of bias and discrimination in Doe's Complaint. F.R.Civ.P. 26 (b)(1). Cloaking himself in attorney-client privilege, Doe has refused to respond to many questions addressing the factual foundation of key allegations in his Complaint. See Exhibit B to Mutual of Omaha's Motion, Dkt #77, pp. 49-58.

Defense counsel was clear, in question after question, that Mutual of Omaha was not seeking to discover legal advice provided to Doe, only those facts which support the key allegations of the Complaint. In re Lidoderm Antitrust Litigation, No. 14-md-02521, 2015 WL 7566741 (N.D. Cal. Nov. 25, 2015), lends no support to Doe's position. The issue in Lidoderm concerned discoverability of an email for which the attorney-client privilege had been asserted. The email was inadvertently produced and then clawed back. The court concluded that factual representations in the email were protected because they were communicated in the context of providing legal advice. Unlike Lidoderm, Mutual of Omaha wants to discover the factual basis of Doe's publicly-filed allegations, not those pertaining to an inadvertently produced email.

Nor does Fidelity Management & Records Co. v. Actuate Corp., 275 F.R.D. 63 (D. Mass. 2011), help Doe. Judge Collings noted that while the objecting party raised the work product doctrine, when the examiner limited the inquiry to just facts, the witness complied. Id. at 64. Here, although the questions posed to Doe were limited to "just facts", Doe repeatedly refused to answer, citing the attorney-client privilege.

Finally, SCM Corp. v. Xerox Corp., 70 F.R.D. 508 (D. Conn. 1976), stands only for the proposition that questioning a corporate witness about "particular decisions or actions" is inappropriate where the reasons for the decisions or actions are limited to reliance on protected

legal advice. Id, at 516-17. Doe has chosen make very serious and public allegations against Mutual of Omaha in his Complaint. This Court has already observed that "Doe presumably has a Rule 11 basis for his various allegations in the Complaint." [Dkt #61, p.6]  Mutual of Omaha is now entitled to learn what the Rule 11 basis for those allegations is.

Doe cannot escape inquiry into the good faith basis for his making allegations under Rule 11 by cloaking himself in the attorney-client privilege. Were that the case, then every litigant could avoid Rule 11 inquiry simply by evoking attorney-client privilege.  That is not the law. See, e.g., Cox v. Administrator U.S. Steel & Carnegie, 17 F.3d 1386, 1417 (11th Cir. 1994)("The great weight of authority holds that the attorney-client privilege is waived when a litigant places information protected by it in issue through some affirmative act for his own benefit, and to allow the privilege to protect against disclosure of such information would be manifestly unfair to the opposing party.")(quoting Conkling v. Turner, 883 F.2d 431, 434 (5th Cir. 1989)); Henry v. Champlain Enterprises, Inc., 212 F.R.D. 73, 90 – 92 (N.D.N.Y. 2003)("[T]here is simply nothing wrong with asking facts from a deponent even if those facts may have been communicated to the deponent by counsel.")(citing Bank Brussels Lambert v. Credit Lyonnais, 1995 WL 598971 (S.D.N.Y. Oct. 15, 1995)).

III. Conclusion

For the above reasons, the Court should now direct Doe to appear for a further deposition within 20 days and answer fully the questions highlighted in Exhibit B to Mutual of Omaha's Motion.

Respectfully submitted,
MUTUAL OF OMAHA
INSURANCE COMPANY,
*By its Attorneys,*

October 26, 2017

/s/   *Brooks Magratten*
Brooks Magratten, Esq. BBO#650393
Katharine E. Kohm, Esq. BBO#675362
PIERCE ATWOOD LLP
72 Pine Street, 5th Floor
Providence, RI 02903
(401) 490-3407
bmagratten@pierceatwood.com
kkohm@pierceatwood.com

## CERTIFICATE OF SERVICE

I certify that the within document was electronically filed with the clerk of the court on October 26, 2017, and that it is available for viewing and downloading from the Court's ECF system. Service by electronic means has been effectuated on all counsel of record:

*Counsel for Plaintiff*
Bennett H. Klein, BBO# 550702
GLBTQ Legal Advocates & Defenders
30 Winter St. Suite 800
Boston, MA 02108
617-426-13502
bklein@glad.org

*Counsel for Doe's Spouse*
Nicole Kinsley
Foley Hoag LLP
155 Seaport Blvd.
Boston, MA 02210-2600
617-832-1185
nkinsley@foleyhoag.com

John P. Ward, BBO# 515860
Law Offices of John P. Ward
584 Castro St., No. 802
San Francisco, CA 94114
415-255-4996
johnpward@gmail.com

/s/   *Brooks Magratten*

{W6390637.1}                                       4