**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JOHN DOE,  )<br>    Plaintiff  )<br>  )<br>v.  )<br>  )  No. 1:16-cv-11381-GAO<br>MUTUAL OF OMAHA  )<br>INSURANCE COMPANY,  )<br>    Defendant  )<br>  ) | |

## AMENDED COMPLAINT

### INTRODUCTION

1. This is a Complaint under Massachusetts General Law Chapter 272, § 98 for discrimination in access to a place of public accommodation, specifically coverage for long-term care insurance, on the basis of disability and sexual orientation. Defendant Mutual of Omaha denied Plaintiff John Doe long-term care insurance solely because he takes the medication Truvada, which is approved by the Food and Drug Administration (FDA) to prevent transmission of HIV infection in HIV-negative individuals. This medication, known as PrEP, for pre-exposure prophylaxis, has been hailed as the medical breakthrough that can end the HIV epidemic; scientific evidence demonstrates that it is close to 100 percent effective in preventing HIV transmission. Mutual of Omaha's rejection of Mr. Doe's application for long-term care insurance constituted an unfair and discriminatory classification of risk (i.e., it failed to treat him the same as other persons of the same, or even higher, risk) based on negative attitudes and false beliefs that gay male sexuality is inherently risky and unhealthy and based on myths, fears and unscientific beliefs about the transmission of HIV.

1

## JURISDICTION

2. The Plaintiff, John Doe ("Doe"), filed a complaint for discrimination with the Massachusetts Commission Against Discrimination on September 16, 2015, more than ninety days prior to the filing of this action.

3. The discriminatory act set forth in this Complaint occurred in Boston, Massachusetts.

4. This Court has jurisdiction pursuant to Massachusetts General Law Chapter 151B, § 9.

## STATEMENT OF FACTS

5. Mutual of Omaha is a Nebraska corporation with a corporate headquarters located at Mutual of Omaha Plaza in Omaha, Nebraska 68175.

6. On or about November 1, 2014, Doe applied to Mutual of Omaha for long-term care insurance.

7. The application was submitted jointly with Doe's long-term partner who owns a home the couple shares at 88 Kingston St., Unit 2A, Boston, MA 02111. The Boston address was listed on the application.

8. The application included a medical questionnaire which Doe filled out. A Mutual of Omaha representative also interviewed Doe over the telephone about his medical history. In addition, Doe provided Mutual of Omaha with an authorization to obtain medical records from his primary care physician.

9. By letter dated February 9, 2015 Mutual of Omaha denied Doe application for long-term care insurance by sending a letter of denial to the Boston address.

10. The letter listed as the reason for the denial of coverage that Doe was taking the medication Truvada.

11. Truvada is a medication used to prevent HIV infection in individuals who are not infected with HIV. It is called pre-exposure prophylaxis, or PrEP.

12. Truvada was originally approved by the FDA in 2004 as an antiviral medication to treat individuals diagnosed with HIV disease.

13. On July 16, 2012 the FDA approved Truvada for the additional purpose of PrEP as a way for people who do not have HIV to prevent HIV infection by taking a pill every day.

14. According to the United States Centers for Disease Control and Prevention (CDC), when someone is exposed to HIV through sex or injection drug use, Truvada can work to keep the virus from establishing a permanent infection.

15. Current scientific and medical information, including in authoritative peer reviewed journals, indicates that PrEP reduces the risk of HIV transmission by close to 100 percent. In other words, it virtually eliminates the risk of HIV transmission.

16. The use of Truvada as PrEP has been hailed by public health and medical authorities as the scientific breakthrough that can end the HIV epidemic.

17. Doe is a gay man who is HIV-negative.

18. Mutual of Omaha was aware of Doe's sexual orientation from his application.

19. Doe was prescribed Truvada as PrEP by his primary care physician.

20. By letter to Mutual of Omaha dated March 30, 2015, Doe appealed the denial of long-term care insurance. Doe explained that he was taking Truvada as PrEP, a use approved by the FDA to reduce the risk of HIV infection. Doe also included a letter from his primary care physician dated March 26, 2015 which stated: "John Doe is taking Truvada for HIV prevention. Truvada is an extraordinarily safe and effective medication. He maintains a healthy lifestyle and remains in good health."

21. By letter dated April 22, 2015 mailed to Doe's Boston address, Mutual of Omaha denied Doe's appeal on the basis that: "We do not offer coverage to anyone who takes the medication Truvada, regardless of whether it is prescribed to treat HIV infection, or is used for pre-exposure prophylaxis. This is in accordance with our underwriting guidelines."

22. If Doe had not been taking Truvada, his application for long-term care insurance from Mutual of Omaha would have been accepted.

23. A person who is on Truvada has a dramatically lower risk of acquiring HIV infection than a similarly situated person who is not on Truvada.

24. The individuals who take Truvada as PrEP are predominantly gay men (approximately 80% of PrEP users are gay men), and Mutual of Omaha was aware of this at the time it denied Doe's application.

25. Mutual of Omaha's decision to deny Doe long-term care insurance because he is on PrEP was not based on a sound medical basis or rational underwriting policy, but was instead based on bias against gay men, negative beliefs about gay male sexuality, stereotypes that gay male sexuality is inherently risky and unhealthy, and false and unscientific beliefs about the contagion of HIV.

26. By denying Doe long-term care insurance because he is on PrEP, Mutual of Omaha failed to treat Doe in accordance with an actual and accurate classification of his risk because of myths, stereotypes and negative attitudes about the nature and riskiness of Doe's sexuality because he is a gay man, and about gay male sexuality in general.

27. By denying Doe long-term care insurance because he is on PrEP, Mutual of Omaha engaged in unfair and discriminatory classification of risk by failing to treat Doe the same as

other persons of the same risk, based on myths, fears, and stereotypes about the nature and riskiness of Doe's sexuality because he is a gay man, and about gay male sexuality in general.

28. By denying Doe long-term care insurance because he is on PrEP, Mutual of Omaha failed to treat Doe in accordance with an actual and accurate classification of his risk because of myths, stereotypes, and unscientific beliefs about the transmission of HIV.

29. By denying Doe long-term care insurance because he is on PrEP, Mutual of Omaha engaged in unfair and discriminatory classification of risk by failing to treat Doe the same as other persons of the same risk, based on myths, stereotypes, and unscientific beliefs about the transmission of HIV.

**COUNT I:   DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF M.G.L. C. 272, § 98.**

30. Plaintiff John Doe repeats and realleges each and every fact set forth in paragraphs 1-29 of this Complaint and incorporates them by reference herein.

31. Defendant Mutual of Omaha is a place of public accommodation within the meaning of M.G.L. c. 272, § 92A and the contents and provisions of the long-term care insurance that Doe applied for are subject to the nondiscrimination mandate of M.G.L. c. 272, § 98.

32. Plaintiff Doe is within the protected class of the prohibition on disability discrimination in M.G.L. c. 272, § 98 because defendant Mutual of Omaha regarded him as disabled within the meaning of M.G.L. c. 151B, §1 (17).

33. Plaintiff Doe was otherwise qualified for the long-term care insurance he applied for, but Defendant Mutual of Omaha discriminated against Plaintiff Doe in access to a place of public accommodation based on disability in violation of M.G.L. c. 272, § 98.

**COUNT II: DISCRIMINATION ON THE BASIS OF SEXUAL ORIENTATION IN VIOLATION OF M.G.L. C. 272, § 98 (DISPARATE TREATMENT AND DISPARATE IMPACT).**

34. Plaintiff John Doe repeats and realleges each and every fact set forth in paragraphs 1-29 of this Complaint and incorporates them by reference herein.

35. Plaintiff Doe was otherwise qualified for the long-term care insurance he applied for, but Defendant Mutual of Omaha discriminated against Plaintiff Doe in access to a place of public accommodation based on sexual orientation in violation of M.G. L. c. 272, § 98, including because approximately 80% of PrEP users are gay men and Mutual of Omaha's policy and practice of excluding all people who use PrEP causes a disparate impact on gay men who are disproportionately disadvantaged by such policy and practice without adequate legal justification.

**REQUESTS FOR RELIEF**

WHEREFORE, Plaintiff John Doe requests that the Court:

(1) Enter a permanent injunction enjoining Mutual of Omaha from categorically excluding from its long-term care insurance individuals, including Doe, who take the medication Truvada as prevention for HIV;

(2) Order that Mutual of Omaha provide Plaintiff John Doe with the long-term care insurance that he applied for without excluding him or treating him differently based on his use of the medication Truvada as PrEP, and with the same terms and rates he would have received had his original application been accepted; and

(3) Provide all other relief that is just and proper.

Respectfully submitted,

JOHN DOE
By his at attorneys,

/s/ Bennett H. Klein
Bennett H. Klein
BBO # 550702
GLBTQ Legal Advocates & Defenders
30 Winter St. Suite 800
Boston, MA 02108
617-426-1350
bklein@glad.org

/s/ John P. Ward
John P. Ward
BBO # 515860
Law Offices of John P. Ward
584 Castro St., No. 802
San Francisco, CA 94114
johnpward@gmail.com

**CERTIFICATE OF SERVICE**

I certify that the within document was electronically filed with the clerk of the court on January 19, 2018, and that it is available for viewing and downloading from the Court's ECF system. Service by electronic means has been effectuated on all counsel of record.

Brooks R. Magratten, BBO# 650393
Pierce Atwood LLP
One Financial Plaza, 26th Floor
Providence, RI 02903
(401) 588-5113
bmagratten@pierceatwood.com

Mark A. Pogue, BBO# 550807
Pierce Atwood LLP
One Financial Plaza, 26th Floor
Providence, RI 02903
(401) 490-3422
mpogue@pierceatwood.com

Katharine E. Kohm, BBO# 675362
Pierce Atwood LLP
One Financial Plaza, 26th Floor
Providence, RI 02903
(401) 490-3422
kkohm@pierceatwood.com

Nicole Kinsely, BBO # 682528
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, Massachusetts 02210
(617) 832-1185
nkinsley@foleyhoag.com

/s/ Bennett H. Klein
Bennett H. Klein
BBO # 550702
GLBTQ Legal Advocates & Defenders
30 Winter St. Suite 800
Boston, MA 02108
617-426-1350
bklein@glad.org