UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
JOHN DOE,                                       )
    Plaintiff                              )
                                                )
v.                                              )
                                                )   No. 1:16-cv-11381-GAO
MUTUAL OF OMAHA                                 )
INSURANCE COMPANY,                              )
    Defendant                              )
_____)


**DEFENDANT MUTUAL OF OMAHA INSURANCE COMPANY'S
STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF
ITS MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule. 56.1 Defendant Mutual of Omaha Insurance Company ("Mutual") respectfully submits this Statement of Undisputed Material Facts in support of its Motion for Summary Judgment to dismiss Plaintiff John Doe's ("Plaintiff") Amended Complaint.[1]

**The Parties**

(1)    Mutual is a mutual insurance company organized in Nebraska with a principal place of business in Omaha, Nebraska. Affidavit of Lisa Ging, RN (appended hereto as Exhibit A), ¶ 4.

(2)    Mutual sells Long Term Care ("LTC") insurance policies and other insurance products. (Exhibit A, Ging Affidavit, ¶6).

(3)    Since 1998 Plaintiff Doe has solely owned a home at [address redacted] in North Kingstown, Rhode Island. (Exhibit B, property card); (Exhibit C, Plaintiff Doe Dep. Vol. I, pp. 5:1-6:16).

---

[1] By agreement of the parties, rather than filing any documents under seal, Mutual instead has redacted the names and identifying information about Plaintiff John Doe and John Doe's Partner from all exhibits appended hereto.

{W6462657.3}                                    1

(4)     From 2014 through September 2017, Plaintiff would stay four to five days per week at his North Kingstown (in the village of Saunderstown), Rhode Island residence.  He would stay three to four days per week at the residence of his partner (now spouse) at [address redacted] Boston, Massachusetts.  (Exhibit C, Plaintiff Doe Dep. Vol. I, pp. 5:1-6:16).

(5)     Plaintiff has a Rhode Island driver's license. (Exhibit C, Plaintiff Doe Dep. Vol. I, p. 6:17-20).

(6)     Plaintiff's car is registered in Rhode Island. (Exhibit C, Plaintiff Doe Dep. Vol. I, p. 67:25-68:7).

(7)     Plaintiff votes in Rhode Island at a North Kingstown polling place near his home. (Exhibit C, Plaintiff Doe Dep. Vol. I, p. 6:21-24).

(8)     Plaintiff owns and operates a fitness center in Rhode Island.  His business is incorporated in Rhode Island and with a principal place of business in Pawtucket, Rhode Island. (Exhibit C, Plaintiff Doe Dep. Vol. I, pp. 9:1-11:25; 36:10-13).

(9)     Plaintiff personally manages the fitness center.  (Exhibit C, Plaintiff Doe Dep. Vol. I, p. 36:10-13).

(10)    In 2014 and 2015, Plaintiff filed Rhode Island state tax returns.  For his address he wrote [address redacted] North Kingstown, Rhode Island.  (Exhibit D, Plaintiff Doe Rhode Island Tax Returns).

(11)    In 2014 and 2015, Plaintiff did not file a state tax return in Massachusetts.

(12)    In 2014 and 2015, Plaintiff filed federal income tax returns.  He identified his address as: [address redacted] North Kingstown, Rhode Island.  (Exhibit E, Plaintiff Doe Federal Tax Returns).

(13)     Plaintiff takes a prescription drug, Truvada, which is the subject of his lawsuit and claims of discrimination against Mutual.  Amd. Compl. [Doc. #97] at ¶ 19.

(14)     Plaintiff represented to Mutual that: "Truvada, taken daily, is to be used for pre-exposure prophylaxis (PrEP) in combination with safer sex practices to reduce the risk of sexually-acquired HIV infection in adults at high risk."  (Exhibit A, Ging Affidavit, ¶ 10, tab 2).

(15)     Plaintiff filled his Truvada prescriptions at a CVS store in East Greenwich, Rhode Island.  (Exhibit F, Plaintiff's Responses to Mutual's First Set of Interrogatories at No. 5).

## Plaintiff's Application for LTC Coverage

(16)     In or about May 1, 2014, Plaintiff's then-partner, now spouse ("Doe's Partner"), contacted his financial advisor, J.D. Loden ("Loden"), based in Naples, Florida about obtaining LTC coverage for Plaintiff and Doe's Partner. (Exhibit G, J.D. Loden Dep., pp. 9:25-10:11, 12:4-17, 30:23-32:7).

(17)     In turn, Loden, in May 2014, contacted Theresa Curreri, located in Red Bank New Jersey, of Ash Brokerage ("Ash"), an independent insurance broker headquartered in Fort Wayne, Indiana, to request quotes for joint LTC coverage for Plaintiff and Doe's Partner. (Exhibit G, J. Loden Dep., pp. 6:25-8:6, 9:1-4, 32:1-7); (Exhibit H, T. Currieri Dep., pp. 6:11-17, 11:22-12:8, 15:22-16:5, 17:20-22).

(18)     Loden asked Ash to identify companies that offer a spousal discount for same-sex couples who are domestic partners.  (Exhibit G, J. Loden Dep., pp. 7:14-20); (Exhibit H, T. Currieri Dep., pp. 36:5-36:16).

(19)     Soon after, Ash responded, from New Jersey, to Loden that Mutual offers the spousal discount to domestic partners for the LTC product that Plaintiff and Doe's Partner wanted.

(Exhibit G, J.D. Loden Dep., pp. 7:14-8:17); (Exhibit H, T. Currieri Dep., pp. 13:6-14:12, 16:1-6, 35:23-36:16).

(20) Loden sent Plaintiff and Doe's Partner an application for LTC coverage. (Exhibit G, J.D. Loden Dep., p. 16:14-24).

(21) Loden advised Doe's Partner that Mutual's decline rate "has been about 50%." (Exhibit I, Doe's Partner Dep., p 32:14-24 & depo. ex. 2 at p. DS000011, attached Exhibit I).

(22) Plaintiff and Doe's Partner signed the application and returned the same to Loden, in Florida, approximately one month later. (Exhibit C, Doe Dep. Vol. I, pp. 18:23-19:23, 20:21-21:5); (Exhibit G, J.D. Loden Dep., pp.17:1-19:9 & depo. exh. F, attached to Exhibit G).

(23) It is "possible" that Plaintiff and Doe's Partner signed the application while in Rhode Island. (Exhibit I, Doe's Partner Dep., p. 25:7-14).

(24) On or about December 17, 2014, Loden, in Florida, submitted to Ash, in Indiana, the joint application from Plaintiff and Doe's Partner. Enclosed with the joint application was a check, dated November 1, 2014, for Plaintiff's initial premium payment. (Exhibit G, J.D. Loden Dep., pp. 19:3-20:12 & depo. exh. F & G, attached to Exhibit G); (Exhibit J, Letter of Dec. 17, 2014 from J.D. Loden to Ash with first application & first premium checks).

(25) This check was drawn from Plaintiff's BankRI account and Plaintiff's address on the check was listed as Plaintiff's home at [address redacted] North Kingstown, Rhode Island 02874. (Exhibit J, Letter of Dec. 17, 2014 from J.D. Loden to Ash with first application & first premium checks).

(26) Because the dates of Plaintiff's and Doe's Partner's signatures were more than one month old at the time of Loden's submittal to Ash, the application was "not valid" and needed to be resubmitted with current signatures and dates. (Exhibit H, T. Currieri Dep., pp. 26:22 – 27:14).

(27)     In late December 2014, Loden, from Florida, sent Plaintiff and Doe's Partner a new signature page for the joint application for LTC coverage.  (Exhibit G, J.D. Loden Dep., pp. 21:16-22:25 & depo. exh. H, attached to Exhibit G); (Exhibit C, Doe Dep. Vol. I, p. 21:11-21).

(28)     Also in late December 2014, Plaintiff and Doe's Partner filled out the new signature page and returned it to Loden with two new checks for the initial premium.  (Exhibit G, J.D. Loden Dep., pp. 24:4-25:3 & exh. I, attached to Exhibit G); (Exhibit C, Doe Dep. Vol. I, pp. 21:6-23:15).

(29)     On or about January 5, 2015, Loden submitted to Ash in Indiana the joint application for Plaintiff and Doe's Partner with current signatures and dates.  (Exhibit G, J.D. Loden Dep., pp. 24:4-25:8 & depo. exh. I, attached to Exhibit G).

(30)     Enclosed with the updated joint application was a new check, dated December 30, 2014, for Plaintiff's initial premium payment. This check was drawn from Plaintiff's BankRI account and Plaintiff's address on the check was listed as Plaintiff's home in North Kingstown, Rhode Island.  (Exhibit G, J.D. Loden Dep., depo. exh. I, attached to Exhibit G).

(31)     On or about January 13, 2015, Ash submitted the new joint application to Mutual in Nebraska. (Exhibit H, T. Curreri Dep., pp. 27:16-28:10); (Exhibit K, Letter of January 13, 2015 from Ash to Mutual).

(32)     A representative from Mutual's underwriting department called Plaintiff in January 2015 to ask further questions about the application.  (Exhibit F, Plaintiff's Responses to Mutual's First Set of Interrogatories at No. 5).  At that time, Plaintiff first disclosed he had taken the drug Truvada. Id.

### Mutual's Denial of Plaintiff's Application

(33)   Mutual denied Plaintiff's application for LTC coverage on or about February 9, 2015 because Plaintiff was taking Truvada.  The denial letter was sent to Plaintiff at his partner's condominium in Boston, Massachusetts.  (Exhibit A, Ging Affidavit at ¶8 & Tab 1.)

(34)   The February 9, 2015, letter was drafted by an underwriting consultant who was working out of a California office at the time. (Exhibit A, Ging Affidavit at ¶ 9.)

(35)   Plaintiff's Partner did not thereafter pursue LTC coverage with Mutual or any other insurer for himself.  (Exhibit I, Doe's Partner Dep., p. 22:4-12).

(36)   Plaintiff did not thereafter pursue LTC coverage with any other insurer. (Exhibit C, Doe Dep., Vol. I p. 26:8-25).

(37)   Plaintiff appealed the application denial on or about March 30, 2015. (Exhibit A, Ging Affidavit at ¶10 & Tab 2.)   Mutual responded stating that Plaintiff's application was denied because he was taking Truvada. (Exhibit A, Ging Affidavit at ¶8 & Tab 3.)

(38)   On or about June 1, 2016, Plaintiff filed this action against Mutual claiming two violations of the Massachusetts General Law Chapter 272, § 98 for alleged discrimination to access of a place of public accommodation on the basis of disability and sexual orientation.  Complaint [Doc. 20].   Plaintiff's Complaint was removed to this federal court on or about October 6, 2016. Id.

(39)   Plaintiff and his partner were married in July 2017.  (Exhibit I, Doe Partner's Dep., p. 8:12-17).

(40)   Plaintiff filed his Amended Complaint on January 19, 2018, which claims two violations of the Massachusetts General Law Chapter 272, § 98 for alleged discrimination in access of a place of public accommodation on the basis of disability and sexual orientation.  Amd. Compl.,

[Doc.# 97]. In his Amended Complaint, Plaintiff clarified that his claim on the basis of sexual orientation is alleging both disparate treatment and disparate impact. Id.

(41) Plaintiff claims that "Defendant Mutual of Omaha is a place of public accommodation within the meaning of M.G.L. c. 272, § 92A." Amd. Compl. ¶ 31 [Doc. # 97]; see also (Exhibit L, Plaintiff's Suppl. Answers to Mutual's Interrogatory No. 17).

(42) Plaintiff is an attorney, admitted to practice in the Commonwealth of Massachusetts. (Exhibit C, Doe Dep., Vol. I, p. 48:3-11).

(43) Plaintiff testified at his deposition that he has no facts to support his allegation that Mutual is a place of public accommodation in Massachusetts other than "Truvada is 100% or close to 100% effective and that the use of Truvada is 80% generally used by gay men." (Exhibit C, Doe Dep., Vol. I, pp. 44:6-47:18, Vol. II, pp. 24:23-25:23).

(44) Plaintiff also testified that he has no facts to support that he is disabled as alleged in paragraph 32 of the Amended Complaint. Amd. Compl. ¶ 32 [Doc. #97]; (Exhibit C, Doe Dep., Vol. II, pp. 25:24-26:22); (Exhibit L, Plaintiff's Suppl. Answers to Mutual's Interrogatory No. 16.)

|  | Respectfully submitted,<br>MUTUAL OF OMAHA<br>INSURANCE COMPANY,<br>By Its Attorneys, |
|---|---|
| May 18, 2018 | /s/ Brooks R. Magratten<br>Brooks R. Magratten, Esq. BBO#650393<br>Katharine Kohm, Esq. BBO#675362<br>PIERCE ATWOOD LLP<br>1 Financial Plaza, 26th Floor<br>Providence, RI 02903<br>(401) 490-3422<br>(401) 588-5166 (fax)<br>bmagratten@pierceatwood.com |

**CERTIFICATE OF SERVICE**

    I certify that the within document was electronically filed with the clerk of the court on May 18, 2018, and that it is available for viewing and downloading from the Court's CM/ECF system. Service by electronic means has been effectuated on all counsel of record.

Bennett H. Klein, BBO# 550702
GLBTQ Legal Advocates & Defenders
30 Winter St. Suite 800
Boston, MA 02108
617-426-1350
bklein@glad.org

Nicole Kinsely, BBO #682528
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1185
nkinsely@foleyhoag.com

John P. Ward, BBO# 515860
Law Offices of John P. Ward
584 Castro St., No. 802
San Francisco, CA 94114
415-255-4996
johnpward@gmail.com

                                                  /s/     *Katharine E. Kohm*