# Exhibit F

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE, <br><br> Plaintiff, <br><br> v. <br><br> MUTUAL OF OMAHA INSURANCE COMPANY, <br><br> Defendant. | C.A. No. 1:16-cv-11381-GAO |

**PLAINTIFF JOHN DOE'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

Plaintiff John Doe responds as follows to Defendant's First Set of Interrogatories.

**GENERAL OBJECTIONS**

Plaintiff John Doe objects generally to Defendant's First Set of Interrogatories on the following grounds:

1.  Plaintiff objects to the extent Defendant's interrogatories are overly broad, unduly burdensome, vague, disproportionate to the needs of the case and otherwise beyond the scope of permissible discovery.

2.  Plaintiff objects to the interrogatories to the extent the information requested is protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privilege or discovery immunity. Any inadvertent disclosure of material protected by the attorney-client privilege, the work product doctrine or any other applicable privilege or discovery immunity is not intended and shall not constitute a waiver.

3.  Plaintiff objects to Defendant's "Instructions" and "Definitions" to the extent they seek to require answers, information, identification of documents or persons or things,

1

supplementation or to impose any obligations beyond what is permitted by the Federal Rules of Civil Procedure and any applicable Local Rules of the District of Massachusetts.

**RESPONSES**

1. Identify each and every physician with whom you have treated or consulted since December 2009.

<u>ANSWER:</u> Objection. Interrogatory number one is not germane or relevant to any party's claim or defense, and is therefore outside the scope of discovery permitted by Fed. R. Civ. P. 26(b)(1).

Plaintiff Doe's claim in this case is that Mutual's blanket policy of denying long-term care insurance to any individual who takes the medication Truvada as prophylaxis for HIV is unlawful and violates Massachusetts anti-discrimination law. Mutual's defense is that its blanket policy of denying long-term care insurance to any individual who takes the medication Truvada as prophylaxis for HIV is based on legitimate underwriting considerations and therefore lawful.

The only relevant or germane medical information in this case is the medical information that Mutual obtained from Doe in its underwriting process and relied upon to make the decision at issue in this case. Pursuant to its standard practices of reviewing an applicant's medical history in order to determine eligibility for insurance, Mutual requested and obtained from Doe an authorization to review medical records from his primary care physician. Mutual also conducted a telephone interview on January 9, 2015 in which it asked Doe questions about his medical history. After undertaking those steps, Mutual denied Doe long-term care insurance on February 9, 2015 solely because he takes the medication Truvada, pursuant to its blanket policy of excluding such individuals. Mutual has admitted that if Doe had not been taking the medication Truvada, it would have issued him the long-term care insurance policy for which he applied.

2

Accordingly, Doe's medical history after February 9, 2015 is entirely irrelevant by reason of defendant's clear statement that its denial was based entirely on information acquired before that date and that Doe would have been issued a policy at the time of the denial if Doe had not been taking Truvada.

For these reasons, an inquiry into the names of all of Doe's physicians from 2009 to present has no possible bearing on the claims or defenses of the parties, is far afield from the factual issues involving the lawfulness of Mutual's Truvada exclusion, and is sought for purposes other than discovery in this case.

2. Identify each and every health insurance coverage you have had since December 2009 and, for each, state:

  (a) the name and address of the health insurer;

  (b) the policy or group number under which you were covered; and

  (c) dates of coverage.

ANSWER: Objection. For the reasons stated in the objection to interrogatory number one, information about Doe's health insurance is overly broad and not relevant to the claims or defenses of the parties and is therefore beyond the scope of discovery permitted by Fed R. Civ. P. 26(b)(1).

3. State why you began taking Truvada and identify:

  (a) all persons having knowledge of the facts stated in response to this interrogatory;

  (b) all documents pertaining to the facts stated in response to this interrogatory; and

3

      (c)     the date on which you began taking Truvada.

ANSWER: Objection. Interrogatory number three, and paragraphs (a) and (b), are not germane or relevant to any party's claim or defense, and is therefore outside the scope of discovery permitted by Fed. R. Civ. P. 26(b)(1). Mutual's defense in this case is that it categorically excludes from long-term care insurance every individual who takes the medication Truvada regardless of the reason. That was the basis for its decision to deny long-term care insurance to Doe. Mutual does not inquire about the reasons a person takes Truvada or make underwriting decisions utilizing such information. As such, inquiry into the reasons that Doe began taking Truvada is beyond the scope of discovery permitted by Fed. R. Civ. P. 26(b)(1), unduly intrusive, and calculated to obtain information for purposes other than discovery. Interrogatory number three also seeks information protected by the physician-patient privilege.

Without waiving this specific or any general objection, Doe answers paragraph (c) as follows:

I obtained a prescription for Truvada on November 10, 2014. I began taking Truvada towards the end of November 2014 or the beginning of December 2014.

4.     State who prescribed Truvada for you and why.

ANSWER: Objection. The reasons that Doe was prescribed Truvada are not germane or relevant to the claims or defenses in this case for the reasons and objections set forth in the objection to interrogatory number 3.

Without waiving this specific or any general objection, and subject to them, Doe answers as follows:

4

I was prescribed Truvada by Ronald Katz, M.D. It is a medication used as preexposure prophylaxis for HIV.

5. Identify all pharmacies that have dispensed Truvada to you.

ANSWER: Objection. Interrogatory number five is not germane or relevant to any claim or defense in this case for the reasons and objections set forth in the objections to interrogatory numbers 1-4 above.

Without waiving this specific or any general objection, Doe answers as follows:

CVS, 1285 South County Trail, East Greenwich, RI 02818.

6. Identify each and every time you have been tested for the presence of an HIV infection since December 2009 and for each occasion, state:

    (a) the name and location of the testing facility;

    (b) the test result.

ANSWER: Objection. Interrogatory number six is overly broad, not germane or relevant to any party's claim or defense, calculated to obtain information for purposes other than discovery, and therefore outside the scope of discovery permitted by Fed. R. Civ. P. 26(b)(1).

Plaintiff Doe's claim in this case is that Mutual's blanket policy of denying long-term care insurance to any individual who takes the medication Truvada as prophylaxis for HIV is unlawful and violates Massachusetts anti-discrimination law. Mutual's defense is that its blanket policy of denying long-term care insurance to any individual who takes the medication Truvada as prophylaxis for HIV is based on legitimate underwriting considerations and therefore lawful.

The only relevant or germane medical information in this case is the medical information that Mutual obtained from Doe in its underwriting process and relied upon to make the decision at issue in this case. Pursuant to its standard practices of reviewing an applicant's medical history in order to determine insurability, Mutual requested and obtained from Doe an authorization to review medical records from his primary care physician. Mutual also conducted a telephone interview on January 9, 2015 in which it asked Doe questions about his medical history. After undertaking those steps, Mutual denied Doe long-term care insurance on February 9, 2015 solely because he takes the medication Truvada, pursuant to its blanket policy of excluding such individuals. Mutual has admitted that if Doe had not been taking the medication Truvada, it would have issued him the long-term care insurance policy for which he applied.

For these reasons, an inquiry into the dates that Doe was tested for HIV from December 2009 to present has no possible bearing on the claims or defenses of the parties, is far afield from the factual issues involving the lawfulness of Mutual's Truvada exclusion, is contrary to the public policy and statutes of Massachusetts, including but not limited to G.L. c. 111, Section 70F, is unduly burdensome and intrusive, is overly broad, and is calculated to obtain information for purposes other than discovery in this lawsuit.

7. Identify each and every insurance policy or plan that has provided you with coverage for long term care expenses since December 2009 and state:

    (a) the name of the insurer on plan;

    (b) the number of the policy on plan; and

    (c) all persons with knowledge of the facts stated in response to this interrogatory.

ANSWER: Objection. Interrogatory number seven is overly broad and not germane or relevant to the claims or defenses of the parties in this case.

Without waiving this specific or any general objection, Doe answers as follows:

None.

8.  State whether you have submitted any applications for long term care coverage to any insurer or plan other than the Defendant since December 2009 and identify:

    (a) the name of the insurer on plan;

    (b) the date of the application; and

    (c) all persons having knowledge of the facts sated in response to this interrogatory.

ANSWER: Objection. Interrogatory number eight is overly broad, and not germane or relevant to the claims or defenses of the parties in this case. Without waiving this specific or any general objection, Doe answers as follows:

I have not.

9.  Explain why you did not list Truvada in Section F of your application to the Defendant for long term care coverage.

ANSWER: Objection. Interrogatory number 9 is not germane or relevant to any claim or defense of the parties in this case.

Without waiving this specific or any general objection, Doe answers as follows:

I had not been prescribed and was not taking Truvada at that time.

7

10. State each and every fact upon which you rely in alleging, in paragraph 15 of the Complaint, that "PrEP reduces the risk of transmission by close to 100 percent," and identify all documents pertaining to the facts stated in response to this interrogatory.

ANSWER: Objection. Interrogatory number 10 calls for expert testimony. Plaintiff will provide such information in connection with the Court's Scheduling Order with respect to expert testimony.

11. State each and every fact upon which you rely in alleging, in paragraph 25 of the Complaint, that the Defendant's denial of Plaintiff's application was based on:

    (a) bias against gay men;

    (b) negative beliefs about gay male sexuality;

    (c) stereotypes that gay male sexuality is inherently risky and unhealthy; and

    (d) false and unscientific beliefs about the contagion of HIV

and identify all witnesses with knowledge of the facts stated in response to this interrogatory and all documents pertaining to the facts stated in response to this interrogatory.

ANSWER: Objection. Interrogatory number 11 calls for information that is in the possession of the defendant and is the subject of discovery in this case. In addition, interrogatory number is a premature contention interrogatory that relates to fact or the application of law to fact that should properly be deferred to a later stage in the litigation pursuant to Fed. R. Civ. P. 33(a)(2).

12. State each and every fact upon which you rely in alleging, in paragraph 26 of the Complaint, that Defendant in denying Plaintiff's application, "failed to treat [Plaintiff] in

8

accordance with an actual and accurate classification of his risk because of myths, stereotypes and negative attitudes about the nature and riskiness of [Plaintiff's] sexuality because he is a gay man, and about gay male sexuality in general" and identify:

    (a)    all persons having knowledge of the facts stated in response to this interrogatory;

    (b)    all documents pertaining to the facts stated in response to this interrogatory.

ANSWER: Objection. Interrogatory number 12 calls for information that is in the possession of the defendant and is the subject of discovery in this case. In addition, interrogatory number 12 is a premature contention interrogatory that relates to fact or the application of law to fact that should properly be deferred to a later stage in the litigation pursuant to Fed. R. Civ. P. 33(a)(2).

13. State each and every fact upon which you rely in alleging, in paragraph 27 of the Complaint, that by denying Plaintiff's application Defendant "engaged in unfair and discriminatory classification of risk by failing to treat [Plaintiff] the same as other persons of the same risk, based on myths, fears and stereotypes about the nature and riskiness of [Plaintiff's] sexuality because he is a gay man, and about gay male sexuality in general" and identify:

    (a)    all persons having knowledge of the facts stated in response to this interrogatory; and

    (b)    all documents pertaining to the facts stated in response to this    interrogatory.

ANSWER: Objection. Interrogatory number 13 calls for information that is in the possession of the defendant and is the subject of discovery in this case. In addition, interrogatory number is a premature contention interrogatory that relates to fact or the application of law to

fact that should properly be deferred to a later stage of discovery in this case pursuant to Fed. R. Civ. P. 33(a)(2).

    14.    State each and every fact upon which you rely in alleging, in paragraph 28 of the Complaint, that Defendant "failed to treat [Plaintiff] in accordance with the actual and accurate classification of his risk because of myths, stereotypes, and unscientific beliefs about the transmission of HIV" and identify:

    (a)    all persons having knowledge of the facts stated in response to this interrogatory; and

    (b)    all documents pertaining to the facts stated in response to this interrogatory.

ANSWER: Objection. Objection. Interrogatory number 14 calls for information that is in the possession of the defendant and is the subject of discovery in this case. In addition, interrogatory number is a premature contention interrogatory that relates to fact or the application of law to fact that should properly be deferred to a later stage in this litigation pursuant to Fed. R. Civ. P. 33(a)(2).

    15.    State each and every fact upon which you rely in alleging, in paragraph 29 of the Complaint, that Defendant "engaged in unfair and discriminatory classification of risk by failing to treat [Plaintiff] the same as other persons of the same risk, based on myths, stereotypes, and unscientific beliefs about the transmission of HIV" and identify:

    (a)    all persons having knowledge of the facts stated in response to this interrogatory; and

    (b)    all documents pertaining to the facts stated in response to this interrogatory.

ANSWER: Objection. Interrogatory number 15 calls for information that is in the possession of the defendant and is the subject of discovery in this case. In addition, interrogatory number is a premature contention interrogatory that relates to fact or the application of law to fact that should properly be deferred to a later stage in this litigation pursuant to Fed. R. Civ. P. 33(a)(2).

16. State each and every facts upon which you rely in alleging, in paragraph 32, that "Plaintiff… is within the protected class of the prohibition on disability discrimination in M.G.L.c. 272, § 98 because defendant… regarded him as disabled within the meaning of M.G.L.c. 151B, § 1 (17)" and identify:

    (a) all persons having knowledge of the facts stated in response to this interrogatory; and

    (b) all documents pertaining to the facts stated in response to this interrogatory.

ANSWER: Objection. Objection. Interrogatory number 16 calls for information that is in the possession of the defendant and is the subject of discovery in this case. In addition, interrogatory number 16 is a premature contention interrogatory that relates to fact or the application of law to fact that should properly be deferred to a later stage in this litigation pursuant to Fed. R. Civ. P. 33(a)(2).

17. State each and every fact upon which you rely in alleging, in paragraph 35, that the Defendant "discriminated against Plaintiff…in access to a place of public recommendation based on sexual orientation in violation of M.G.L.c. 272, § 98 and identify:

    (a) all persons having knowledge of the facts stated in response to this interrogatory; and

      (b)    all documents pertaining to the facts stated in response to this interrogatory.

ANSWER: Objection. Interrogatory number 17 is overly broad and calls for expert testimony. Interrogatory number 17 also calls for information that is in the possession of the defendant and is the subject of discovery in this case. Further, interrogatory number 17 is a premature contention interrogatory that relates to fact or the application of law to fact that should properly be deferred to a later stage in this litigation pursuant to Fed. R. Civ. P. 33(a)(2).

SIGNED BY JOHN DOE THIS 19TH DAY OF MAY, 2017.

_____
JOHN DOE


As to objections:

_____
Bennett H. Klein (BBO #550702)
GLBTQ Legal Advocates & Defenders
30 Winter Street, Suite 800
Boston, MA 02108
(617) 426-1350
bklein@glad.org

_____
John P. Ward (BBO #515860)
LAW OFFICES OF JOHN P. WARD
584 Castro Street, No. 802
San Francisco, CA 94114
johnpward@gmail.com


Date:  May 19, 2017

13

## CERTIFICATE OF SERVICE

I, Bennett H. Klein, counsel for Plaintiff John Doe, hereby certify that on this 19th day of May, 2017, I served a copy of Plaintiff John Doe's Responses to Defendant's First Set of Interrogatories upon Brooks R. Magratten, counsel for Defendant Mutual of Omaha Insurance Company, by overnight mail to his address, Pierce Atwood LLP, 72 Pine Street, Providence, RI 02902.

_____
Bennett H. Klein