# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE,<br>Plaintiff<br><br>v.<br><br>MUTUAL OF OMAHA<br>INSURANCE COMPANY,<br>Defendant | No. 1:16-cv-11381-GAO<br><br>*Leave to file granted on: 6/20/18 [Doc.#119]* |

## DEFENDANT MUTUAL OF OMAHA INSURANCE COMPANY'S REPLY TO PLAINTIFF'S OPPOSITION TO ITS MOTION IN LIMINE TO STRIKE DR. KENNETH MAYER'S REPORT AND OPINIONS IN PART

Defendant Mutual of Omaha Insurance Company ("Mutual of Omaha") replies to Plaintiff John Doe's ("Plaintiff") Objection [Doc. #116] to Mutual of Omaha's Motion in Limine to Strike Dr. Kenneth Mayer's Report and Opinions in Part [Doc. #108, 109].

On February 9, 2015, Mutual of Omaha denied Plaintiff's application for long term care ("LTC") coverage based upon its underwriting guidelines. Two Court orders established that this February 2015 date serves as the outer limit of information that is relevant to this case. [Doc. #61 (precluding discovery of Plaintiff after Feb. 9, 2015)]; [Doc. #103 (discovery is limited to "matters that were contained in the [Plaintiff's] LTC insurance application or in documents upon which Mutual relied in evaluating [Plaintiff]'s application.")]. Portions of Dr. Mayer's report and opinions must therefore be precluded to the extent he relied upon information that came into existence after February 9, 2015.

Plaintiff makes two contentions in his objection: first, that the data relied upon by Dr. Mayer from after February 9, 2015, is relevant to Doe's potential request for "prospective injunctive relief" and second, that Dr. Mayer's opinions should not be precluded because he

1

augmented his reliance on these post-February 9, 2015 studies, with other pre-February 9, 2015 information. [Doc. #116 at 2-3].

Plaintiff's first contention requires this Court to make a series of assumptions and predictions about the future that obfuscate the real issue.  Plaintiff acknowledged that his prayer for the relief requests that "Mutual issue the policy that he applied in 2015 with the same rates and conditions in effect at that time," not a chance for him to reapply for a policy, and for a "<u>permanent</u> injunction enjoining Mutual of Omaha from categorically excluding from its long-term care insurance individuals . . . who take the medication Truvada." [Doc. #116 at 1] (emphasis added).   Plaintiff then states that "[he] has standing to seek a <u>prospective</u> injunction because [1] <u>if the Court were to rule that there was insufficient data about PrEP</u> to invalidate Mutual's categorical exclusion as of 2015, [2] <u>then Doe would have the right to reapply</u> for long-term care insurance.  In that case, he would still be harmed by Mutual's [3] <u>continuing discriminatory refusal</u> to offer an insurance policy solely because an individual takes PrEP." [Doc. #116 at 4] (emphasis added).  Simply put, Plaintiff's claims are based on the 2015 application denial and his request for a permanent injunction pertains only to those facts. Nowhere in his pleadings is a request for the factfinder to examine a set of potential and hypothetical facts that might occur in the future.  And, in any event, this Court has already deemed post-February 2015 information "irrelevant" to this case. [Doc. #61 at 5 ("If, as Doe alleges, that decision was discriminatory, Doe should be put in the position he would have been had Mutual issued the policy at that time. <u>Whether his medical circumstances have changed since then is irrelevant.</u>").  Likewise, evidence of Mutual of Omaha's current underwriting policies regarding Truvada cannot inform nor is relevant to its underwriting policies in 2015, which are the policies at issue here.

With respect to Plaintiff's second contention, Mutual of Omaha provides this Court with a chart presenting Dr. Mayer's seventeen disputed opinions, subject to this motion, and the cited sources for each. (Exhibit 1 - chart).  Paragraphs 11, 12, 16, 27, 28, 29 32, 33, 36, 37, and 39 are based exclusively on post-February 9, 2015 sources.  Id.  The portions of paragraphs 15 and 24 that Mutual requests this Court to preclude are based exclusively on post-February 9, 2015 sources as well. Id.

As for the remaining four paragraphs, 14, 19, 30, 31, for these opinions, Dr. Mayer relies on sources that are primarily dated post-February 9, 2015.  Id. (illustrating that each of these paragraphs relies on numerous sources, the majority of which are dated after February 2015). Moreover, paragraphs 19, 30, and 31 all relied on the "Kaiser study," which Dr. Mayer emphasized was "so important because there is a huge period of follow-up from a large number of individuals . . . [i]n a total real world setting, it was not a clinical trial."  (Doc. #109 at Exhibit B at 42:8-42:12).  The sources for this "so important" "Kaiser study" were all published after February 2015. (Exhibit 1 at para. 29 (summarizing a study of "PrEP at Kaiser Permanente Northern California").

Plaintiff suggests that even if Dr. Mayer did not rely on the information he gained from these numerous post-February 9, 2015 sources, he still can offer the exact same opinion that he formulated with post-February 9, 2015 information.  That position lacks merit.  See Optimum Technologies, Inc. v. Henkel Consumer Adhesives, Inc., 2006 WL 1663357 (N.D. Ga. June 14, 2006) (excluding expert's opinion because he relied on facts excluded from evidence and included damages for multiple claims that had been dismissed); People v. Scott, 123 Cal. Rptr. 2d 253, 254 (Cal. App. 2002) ("[The expert], one of [defendant's] evaluators, told the court that it would be impossible for him to testify because he relied on all that excluded information to

3

reach his opinion: 'If I can't testify to that information, how I employed that reasoning, I would not be able to provide truthful testimony before the Court.' He felt it would be unethical and unprofessional to give a partial explanation for his opinion."); see also Sabal Trail Transmission, LLC v. Real Estate, No. 4:16-CV-097, 2018 WL 2305768, at *7 (M.D. Ga. May 21, 2018) ("Given that the Court has excluded some of the evidence [expert] relied on in reaching her valuation opinion, the Court will permit [expert] to amend her report").

At bottom, it is fundamentally unfair to allow Plaintiff to claim that Mutual of Omaha's February 2015 underwriting policies were incorrect or discriminatory based on information that was not available in February 2015. These portions of Dr. Mayer's report and opinions to be offered at trial should be stricken to the extent they are grounded in facts and data available only after February 2015.

**WHEREFORE** Mutual of Omaha respectfully requests this Court grant its motion in limine [Doc. #108, 109] and:

1. strike paragraphs 11, 12, 14, 15 (in part), 16, 19, 24 (in part), 27, 28, 29, 30, 31, 32, 33, 36, 37, and 39 from Dr. Mayer's expert report (see Doc. #109 at Exhibit C for redactions);

2. preclude Dr. Mayer from testifying at trial about the above paragraphs and the opinions therein; and

3. preclude Plaintiff from citing to or relying on the above paragraphs and the opinions therein in any pleading.

Respectfully submitted,

MUTUAL OF OMAHA
INSURANCE COMPANY,
By Its Attorneys,

June 20, 2018

/s/   Brooks R. Magratten                  
Brooks R. Magratten, Esq. BBO#650393
Katharine Kohm, Esq. BBO#675362
PIERCE ATWOOD LLP
72 Pine Street, 5th Floor
Providence, RI 02903
(401) 490-3422
(401) 588-5166 (fax)
bmagratten@pierceatwood.com
kkohm@pierceatwood.com

### CERTIFICATE OF SERVICE

I certify that the within document was electronically filed with the clerk of the court on June 20, 2018, and that it is available for viewing and downloading from the Court's ECF system. Service by electronic means has been effectuated on all counsel of record.

Bennett H. Klein, BBO# 550702
GLBTQ Legal Advocates & Defenders
30 Winter St. Suite 800
Boston, MA 02108
617-426-1350
bklein@glad.org

John P. Ward, BBO# 515860
Law Offices of John P. Ward
584 Castro St., No. 802
San Francisco, CA 94114
415-255-4996
johnpward@gmail.com

/s/   Katharine E. Kohm