UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
JOHN DOE,                          )
    Plaintiff                      )
                                   )
v.                                 )
                                   )   No. 1:16-cv-11381-GAO
MUTUAL OF OMAHA                    )
INSURANCE COMPANY,                 )
    Defendant                      )
_____)

**PLAINTIFF JOHN DOE'S RESPONSE TO DEFENDANT MUTUAL OF OMAHA INSURANCE COMPANY'S
STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF
<u>ITS MOTION FOR SUMMARY JUDGMENT</u>**

Pursuant to Local Rule. 56.1 Plaintiff John Doe submits this response to Defendant Mutual of Omaha's Statement of Undisputed Material Facts in support of its Motion for Summary Judgment to dismiss Plaintiff John Doe's ("Plaintiff") Amended Complaint.

<u>**The Parties**</u>

(1)    Mutual is a mutual insurance company organized in Nebraska with a principal place of business in Omaha, Nebraska. Affidavit of Lisa Ging, RN (appended hereto as <u>Exhibit A</u>), ¶ 4.

**Response:**  Admitted.

(2)    Mutual sells Long Term Care ("LTC") insurance policies and other insurance products. (<u>Exhibit A</u>, Ging Affidavit, ¶6).

**Response:**  Admitted.

(3)    Since 1998 Plaintiff Doe has solely owned a home at [address redacted] in North Kingstown, Rhode Island. (<u>Exhibit B</u>, property card); (<u>Exhibit C</u>, Plaintiff Doe Dep. Vol. I, pp. 5:1-6:16).

1

**Response:** This fact is immaterial to any claim or defense in this case. Doe otherwise admits this fact.

(4)     From 2014 through September 2017, Plaintiff would stay four to five days per week at his North Kingstown (in the village of Saunderstown), Rhode Island residence.  He would stay three to four days per week at the residence of his partner (now spouse) at [address redacted] Boston, Massachusetts.  (Exhibit C, Plaintiff Doe Dep. Vol. I, pp. 5:1-6:16).

**Response:** Admitted.

(5)     Plaintiff has a Rhode Island driver's license. (Exhibit C, Plaintiff Doe Dep. Vol. I, p. 6:17-20).

**Response:** This fact is immaterial to any claim or defense in this case. Doe otherwise admits this fact.

(6)     Plaintiff's car is registered in Rhode Island. (Exhibit C, Plaintiff Doe Dep. Vol. I, p. 67:25-68:7).

**Response:** This fact is immaterial to any claim or defense in this case. Doe otherwise admits this fact with the qualification that the deposition testimony cited indicates that the car is owned by Doe's business, not Doe personally.

(7)     Plaintiff votes in Rhode Island at a North Kingstown polling place near his home. (Exhibit C, Plaintiff Doe Dep. Vol. I, p. 6:21-24).

**Response:**  This fact is immaterial to any claim or defense in this case. Doe otherwise admits this fact.

(8)     Plaintiff owns and operates a fitness center in Rhode Island.  His business is incorporated in Rhode Island and with a principal place of business in Pawtucket, Rhode Island. (Exhibit C, Plaintiff Doe Dep. Vol. I, pp. 9:1-11:25; 36:10-13).

**Response:** This fact is immaterial to any claim or defense in this case. Doe otherwise admits this fact.

(9)  Plaintiff personally manages the fitness center. (Exhibit C, Plaintiff Doe Dep. Vol. I, p. 36:10-13).

**Response:** This fact is immaterial to any claim or defense in this case. The deposition testimony cited states only that Doe "work[s] in a gym," which Doe admits.

(10)  In 2014 and 2015, Plaintiff filed Rhode Island state tax returns. For his address he wrote [address redacted] North Kingstown, Rhode Island. (Exhibit D, Plaintiff Doe Rhode Island Tax Returns).

**Response:** This fact is immaterial to any claim or defense in this case. Doe otherwise admits this fact.

(11)  In 2014 and 2015, Plaintiff did not file a state tax return in Massachusetts.

**Response:** Doe disputes this fact and states that he filed Massachusetts income tax returns in 2014 and 2015. *See* Doe Deposition, Appendix of Exhibits to Doe's Statement of Undisputed Material Facts at A.51 (p. 7) (answering that he filed state returns in Rhode Island and Massachusetts). Doe's counsel acknowledges that in response to defendant's request for documents, he provided Mutual with Doe's federal and Rhode Island returns, but inadvertently neglected to include the Massachusetts returns. By agreement of the parties, Doe appends hereto as Exhibit A redacted copies of the first page of his 2014 and 2015 Massachusetts tax returns.

(12)  In 2014 and 2015, Plaintiff filed federal income tax returns. He identified his address as: [address redacted] North Kingstown, Rhode Island. (Exhibit E, Plaintiff Doe Federal Tax Returns).

**Response:**  This fact is immaterial to any claim or defense in this case. Doe otherwise admits this fact.

(13)   Plaintiff takes a prescription drug, Truvada, which is the subject of his lawsuit and claims of discrimination against Mutual.  Amd. Compl. [Doc. #97] at ¶ 19.

**Response:**  Admitted.

(14)   Plaintiff represented to Mutual that: "Truvada, taken daily, is to be used for pre-exposure prophylaxis (PrEP) in combination with safer sex practices to reduce the risk of sexually-acquired HIV infection in adults at high risk."  (Exhibit A, Ging Affidavit, ¶ 10, tab 2).

**Response:** Doe admits that this fact accurately quotes a sentence he wrote in his letter to Mutual appealing its denial of his application for long-term care insurance, but objects to its characterization as a representation.

(15)   Plaintiff filled his Truvada prescriptions at a CVS store in East Greenwich, Rhode Island.  (Exhibit F, Plaintiff's Responses to Mutual's First Set of Interrogatories at No. 5).

**Response:**  This fact is immaterial to any claim or defense in this case. Doe otherwise admits this fact.

### Plaintiff's Application for LTC Coverage

(16)   In or about May 1, 2014, Plaintiff's then-partner, now spouse ("Doe's Partner"), contacted his financial advisor, J.D. Loden ("Loden"), based in Naples, Florida about obtaining LTC coverage for Plaintiff and Doe's Partner. (Exhibit G, J.D. Loden Dep., pp. 9:25-10:11, 12:4-17, 30:23-32:7).

**Response:** Admitted.

(17)   In turn, Loden, in May 2014, contacted Theresa Curreri, located in Red Bank New Jersey, of Ash Brokerage ("Ash"), an independent insurance broker headquartered in Fort Wayne, Indiana, to request quotes for joint LTC coverage for Plaintiff and Doe's Partner. (Exhibit G, J.

Loden Dep., pp. 6:25-8:6, 9:1-4, 32:1-7); (Exhibit H, T. Currieri Dep., pp. 6:11-17, 11:22-12:8, 15:22-16:5, 17:20-22).

**Response:** Admitted.

(18)   Loden asked Ash to identify companies that offer a spousal discount for same-sex couples who are domestic partners. (Exhibit G, J. Loden Dep., pp. 7:14-20); (Exhibit H, T. Currieri Dep., pp. 36:5-36:16).

**Response:** Admitted.

(19)   Soon after, Ash responded, from New Jersey, to Loden that Mutual offers the spousal discount to domestic partners for the LTC product that Plaintiff and Doe's Partner wanted. (Exhibit G, J.D. Loden Dep., pp. 7:14-8:17); (Exhibit H, T. Currieri Dep., pp. 13:6-14:12, 16:1-6, 35:23-36:16).

**Response:** Admitted.

(20)   Loden sent Plaintiff and Doe's Partner an application for LTC coverage. (Exhibit G, J.D. Loden Dep., p. 16:14-24).

**Response:** Doe admits that Loden sent him and his partner the completed application after it was pre-populated with answers provided by Doe and his partner through the "App Ease" process provided by Ash Brokerage. *See* Plaintiff's Statement of Undisputed Facts Nos. 27-37.

(21)   Loden advised Doe's Partner that Mutual's decline rate "has been about 50%." (Exhibit I, Doe's Partner Dep., p 32:14-24 & depo. ex. 2 at p. DS000011, attached Exhibit I).

**Response:** This fact is immaterial to any claim or defense in this case. Doe further notes that the fact asserted does not pertain to him or his knowledge, and the deposition pages cited indicate that Doe's Partner had no recollection of learning this fact.

(22)   Plaintiff and Doe's Partner signed the application and returned the same to Loden, in Florida, approximately one month later.  (Exhibit C, Doe Dep. Vol. I, pp. 18:23-19:23, 20:21-21:5); (Exhibit G, J.D. Loden Dep., pp.17:1-19:9 & depo. exh. F, attached to Exhibit G).

**Response:** This fact is immaterial to any claim or defense in this case. Doe otherwise admits this fact.

(23)   It is "possible" that Plaintiff and Doe's Partner signed the application while in Rhode Island.  (Exhibit I, Doe's Partner Dep., p. 25:7-14).

**Response:** This fact is immaterial to any claim or defense in this case. Doe further objects to this fact as calling for speculation. In the cited deposition transcript, Doe's Partner stated, "I believe I was in Boston," in response to the question about where he signed the application.

(24)   On or about December 17, 2014, Loden, in Florida, submitted to Ash, in Indiana, the joint application from Plaintiff and Doe's Partner.  Enclosed with the joint application was a check, dated November 1, 2014, for Plaintiff's initial premium payment. (Exhibit G, J.D. Loden Dep., pp. 19:3-20:12 & depo. exh. F & G, attached to Exhibit G); (Exhibit J, Letter of Dec. 17, 2014 from J.D. Loden to Ash with first application & first premium checks).

**Response:** This fact is immaterial to any claim or defense in this case. Doe otherwise admits these facts.

(25)   This check was drawn from Plaintiff's BankRI account and Plaintiff's address on the check was listed as Plaintiff's home at [address redacted] North Kingstown, Rhode Island 02874. (Exhibit J, Letter of Dec. 17, 2014 from J.D. Loden to Ash with first application & first premium checks).

**Response:**  This fact is immaterial to any claim or defense in this case. Doe otherwise admits these facts.

(26)   Because the dates of Plaintiff's and Doe's Partner's signatures were more than one month old at the time of Loden's submittal to Ash, the application was "not valid" and needed to be resubmitted with current signatures and dates. (Exhibit H, T. Currieri Dep., pp. 26:22 – 27:14).

**Response:**  This fact is immaterial to any claim or defense in this case. Doe otherwise admits this fact.

(27)   In late December 2014, Loden, from Florida, sent Plaintiff and Doe's Partner a new signature page for the joint application for LTC coverage.  (Exhibit G, J.D. Loden Dep., pp. 21:16-22:25 & depo. exh. H, attached to Exhibit G); (Exhibit C, Doe Dep. Vol. I, p. 21:11-21).

**Response:**  This fact is immaterial to any claim or defense in this case. Doe otherwise admits this fact.

(28)   Also in late December 2014, Plaintiff and Doe's Partner filled out the new signature page and returned it to Loden with two new checks for the initial premium.  (Exhibit G, J.D. Loden Dep., pp. 24:4-25:3 & exh. I, attached to Exhibit G); (Exhibit C, Doe Dep. Vol. I, pp. 21:6-23:15).

**Response:**  This fact is immaterial to any claim or defense in this case. Doe otherwise admits this fact.

(29)   On or about January 5, 2015, Loden submitted to Ash in Indiana the joint application for Plaintiff and Doe's Partner with current signatures and dates.  (Exhibit G, J.D. Loden Dep., pp. 24:4-25:8 & depo. exh. I, attached to Exhibit G).

**Response:**  This fact is immaterial to any claim or defense in this case. Doe otherwise admits this fact.

(30)   Enclosed with the updated joint application was a new check, dated December 30, 2014, for Plaintiff's initial premium payment. This check was drawn from Plaintiff's BankRI account and Plaintiff's address on the check was listed as Plaintiff's home in North Kingstown, Rhode Island.  (Exhibit G, J.D. Loden Dep., depo. exh. I, attached to Exhibit G).

**Response:** This fact is immaterial to any claim or defense in this case. Doe otherwise admits this fact.

(31)   On or about January 13, 2015, Ash submitted the new joint application to Mutual in Nebraska. (Exhibit H, T. Curreri Dep., pp. 27:16-28:10); (Exhibit K, Letter of January 13, 2015 from Ash to Mutual).

**Response:** This fact is immaterial to any claim or defense in this case. Doe otherwise admits this fact.

(32)   A representative from Mutual's underwriting department called Plaintiff in January 2015 to ask further questions about the application. (Exhibit F, Plaintiff's Responses to Mutual's First Set of Interrogatories at No. 5). At that time, Plaintiff first disclosed he had taken the drug Truvada. Id.

**Response:** This fact is immaterial to any claim or defense in this case. Doe otherwise admits this fact.

## Mutual's Denial of Plaintiff's Application

(33)   Mutual denied Plaintiff's application for LTC coverage on or about February 9, 2015 because Plaintiff was taking Truvada. The denial letter was sent to Plaintiff at his partner's condominium in Boston, Massachusetts. (Exhibit A, Ging Affidavit at ¶8 & Tab 1.)

**Response:** Plaintiff admits this fact and notes that it does not contain a complete description of the denial letter.

(34)   The February 9, 2015, letter was drafted by an underwriting consultant who was working out of a California office at the time. (Exhibit A, Ging Affidavit at ¶ 9.)

**Response:** This fact is immaterial to any claim or defense in this case. Doe otherwise admits this fact.

(35)     Plaintiff's Partner did not thereafter pursue LTC coverage with Mutual or any other insurer for himself.  (Exhibit I, Doe's Partner Dep., p. 22:4-12).

**Response:**  This fact is immaterial to any claim or defense in this case. Doe otherwise admits this fact.

(36)     Plaintiff did not thereafter pursue LTC coverage with any other insurer. (Exhibit C, Doe Dep., Vol. I p. 26:8-25).

**Response:**  This fact is immaterial to any claim or defense in this case. Doe otherwise admits this fact.

(37)     Plaintiff appealed the application denial on or about March 30, 2015. (Exhibit A, Ging Affidavit at ¶10 & Tab 2.)   Mutual responded stating that Plaintiff's application was denied because he was taking Truvada. (Exhibit A, Ging Affidavit at ¶8 & Tab 3.)

**Response:** Doe admits these facts and states that they do not contain a complete description of the letter denying Doe's appeal.

(38)     On or about June 1, 2016, Plaintiff filed this action against Mutual claiming two violations of the Massachusetts General Law Chapter 272, § 98 for alleged discrimination to access of a place of public accommodation on the basis of disability and sexual orientation.  Complaint [Doc. 20].   Plaintiff's Complaint was removed to this federal court on or about October 6, 2016. Id.

**Response:**  Paragraph 38 does not assert a fact relevant to any claims or defenses, but rather procedural history. Doe otherwise admits the assertions in paragraph 38.

(39)     Plaintiff and his partner were married in July 2017.  (Exhibit I, Doe Partner's Dep., p. 8:12-17).

**Response:**  Admitted.

(40)     Plaintiff filed his Amended Complaint on January 19, 2018, which claims two violations of the Massachusetts General Law Chapter 272, § 98 for alleged discrimination in access of a place of public accommodation on the basis of disability and sexual orientation.  Amd. Compl., [Doc.# 97].  In his Amended Complaint, Plaintiff clarified that his claim on the basis of sexual orientation is alleging both disparate treatment and disparate impact. Id.

**Response:** Paragraph 40 does not assert a fact relevant to any claims or defenses, but rather procedural history. Doe otherwise admits the assertions in paragraph 40.

(41)     Plaintiff claims that "Defendant Mutual of Omaha is a place of public accommodation within the meaning of M.G.L. c. 272, § 92A." Amd. Compl. ¶ 31 [Doc. # 97]; see also (Exhibit L, Plaintiff's Suppl. Answers to Mutual's Interrogatory No. 17).

**Response:** Paragraph 41 does not assert a fact relevant to any claims or defenses, but states the basis for Doe's legal claims. Doe otherwise admits the assertions in paragraph 41.

(42)     Plaintiff is an attorney, admitted to practice in the Commonwealth of Massachusetts. (Exhibit C, Doe Dep., Vol. I, p. 48:3-11).

**Response:** This fact is immaterial to any claim or defense in this case. Doe otherwise admits this fact.

(43)     Plaintiff testified at his deposition that he has no facts to support his allegation that Mutual is a place of public accommodation in Massachusetts other than "Truvada is 100% or close to 100% effective and that the use of Truvada is 80% generally used by gay men."  (Exhibit C, Doe Dep., Vol. I, pp. 44:6-47:18, Vol. II, pp. 24:23-25:23).

**Response:** Plaintiff objects to the assertion in paragraph 43 because whether Mutual is a "place of public accommodation" under Massachusetts law is a legal term which Doe is not required to know. Doe's counsel properly objected to questions on this subject at his deposition. The facts pertinent to whether Mutual is a "place of public accommodation"

10

were obtained from Mutual's witnesses in discovery and are set forth in Sections A and B of Doe's Statement of Undisputed Material Facts and the legal analysis is provided in Argument Section II(A) of Doe's memorandum in support of his motion for summary judgment.

(44)    Plaintiff also testified that he has no facts to support that he is disabled as alleged in paragraph 32 of the Amended Complaint. Amd. Compl. ¶ 32 [Doc. #97]; (Exhibit C, Doe Dep., Vol. II, pp. 25:24-26:22); (Exhibit L, Plaintiff's Suppl. Answers to Mutual's Interrogatory No. 16.)

**Response:**  Doe objects to the assertion in paragraph 44 as the question of whether Mutual "regarded" Doe as disabled is not within the lay knowledge of the plaintiff. Doe's counsel properly objected to questions on this subject at his deposition. Further, the "regarded as" inquiry as a matter of law relates not to any fact within Doe's personal knowledge, but rather to the perceptions and beliefs of the defendant Mutual that motivated its decision to deny long-term care insurance to Doe. Doe's legal argument as to why Mutual "regarded" him as disabled is provided in Argument II (C) of his memorandum in support of motion for summary judgment and in opposition to Mutual's motion for summary judgment.

Dated: July 18, 2018

Respectfully submitted,
JOHN DOE
By his attorneys,

/s/ Bennett H. Klein
Bennett H. Klein
BBO # 550702
GLBTQ Legal Advocates & Defenders
18 Tremont Street, Suite 950
Boston, MA 02108
617-426-1350
bklein@glad.org

/s/ John P. Ward
John P. Ward
BBO # 515860
Law Offices of John P. Ward
584 Castro St., No. 802
San Francisco, CA 94114
johnpward@gmail.com

**CERTIFICATE OF SERVICE**

  I certify that the within document was electronically filed with the clerk of the court on July 18, 2018, and that it is available for viewing and downloading from the Court's ECF system. Service by electronic means has been effectuated on all counsel of record.

Brooks R. Magratten, BBO# 650393
Pierce Atwood LLP
One Financial Plaza, 26th Floor
Providence, RI 02903
(401) 588-5113
bmagratten@pierceatwood.com

Mark A. Pogue, BBO# 550807
Pierce Atwood LLP
One Financial Plaza, 26th Floor
Providence, RI 02903
(401) 490-3422
mpogue@pierceatwood.com

Katharine E. Kohm, BBO# 675362
Pierce Atwood LLP
One Financial Plaza, 26th Floor
Providence, RI 02903
(401) 490-3422
kkohm@pierceatwood.com

Nicole Kinsely, BBO # 682528
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, Massachusetts 02210
(617) 832-1185
nkinsley@foleyhoag.com

              /s/ Bennett H. Klein
              Bennett H. Klein
              BBO # 550702
              GLBTQ Legal Advocates & Defenders
              18 Tremont St., Suite 950
              Boston, MA 02108
              617-426-1350
              bklein@glad.org

# Exhibit A



## 2014 Form 1-NR/PY
Massachusetts Nonresident/Part-Year Resident Income Tax Return

For the year January 1-December 31, 2014 or other taxable
Year beginning                    Ending

John                              Doe

                                  SAUNDERSTOWN            RI 02874

Apt. no.

**State Election Campaign Fund:**                                           $1 You        $1 Spouse   TOTAL ▶
Fill in if veteran of U.S. armed forces who served in Operation Enduring Freedom, Iraqi Freedom or Noble Eagle  ▶   You ▶    Spouse
Taxpayer deceased                                                       ▶   You          Spouse
Fill in if under age 18                                                 ▶   You ▶    Spouse
Check one:   X   Nonresident       Filing as both nonresident and part-year resident   ▶   Name/address changed since 2013
             Part-year resident    Nonresident composite                ▶   Fill in if noncustodial parent
  1. **Filing status** (select one only): ▶   X   Single              ▶   Fill in if filing Schedule TDS
                                              Married filing jointly
                                              Married filing separate return
                                              Head of household   ▶    You are a custodial parent who has released claim to exemption for child(ren)



## 2015 Form 1-NR/PY
Massachusetts Nonresident/Part-Year Resident Income Tax Return

For the year January 1–December 31, 2015 or other taxable
Year beginning                Ending

John                          Doe

SAUNDERSTOWN        RI 02874

Apt. no.

**State Election Campaign Fund:**                                         $1 You         $1 Spouse   TOTAL ▶
Fill in if veteran of U.S. armed forces who served in Operation Enduring Freedom, Iraqi Freedom or Noble Eagle ▶   You ▶      Spouse
Taxpayer deceased                                                         You            Spouse
Fill in if under age 18                                              ▶    You ▶          Spouse
Check one:    X  Nonresident        Filing as both nonresident and part-year resident  ▶   Name/address changed since 2014
              Part-year resident    Nonresident composite              ▶   Fill in if noncustodial parent
   1. **Filing status** (select one only): ▶  X  Single                ▶   Fill in if filing Schedule TDS
                                    Married filing jointly
                                    Married filing separate return
                                    Head of household  ▶   You are a custodial parent who has released claim to exemption for child(ren)